UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>Defendants. | Case No. 23-cv-10524-DJC<br><br>**CLASS ACTION**<br><br>Honorable Denise J. Casper |

**JOINT STATEMENT REGARDING PROPOSED SCHEDULING ORDER**

Plaintiff Justin Dufoe ("Lead Plaintiff") and defendants DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish (collectively, "Defendants"), through counsel, and pursuant to Fed. R. Civ. Proc. 26(f), Local Rule 16.1, and this Court's Notice of Scheduling Conference (ECF 61), respectfully submit this Joint Statement Regarding Proposed Scheduling Order.

**I.     STATEMENT OF THE PARTIES AS TO LIABILITY AND RELIEF SOUGHT**

A.     **Background:** Lead Plaintiff filed the complaint on March 9, 2023. ECF 1. On June 6, 2023, the Court appointed Mr. Dufoe as Lead Plaintiff and his counsel as Lead and Liaison Counsel. ECF 32. On August 4, 2023, Lead Plaintiff filed the operative amended complaint. ECF 38 ("Complaint"). On September 25, 2023, Defendants moved to dismiss the Complaint (ECF 46-48), which, after briefing, was argued before the Court on December 19, 2023. ECF 55-57. On July 2, 2024, the Court denied Defendants' motion to dismiss. ECF 60.

B.     **Nature of the Action:** Lead Plaintiff alleges the following federal and state securities law violations: (1) the non-fungible tokens ("NFTs") marketed and sold by Defendants are unregistered securities (Causes One and Seven); (2) Defendants have operated an unregistered securities exchange (Cause Three); (3) DraftKings has acted as an unregistered broker-dealer

(Causes Four and Six); and (4) defendants Robins, Park, and Kalish are liable as control persons for DraftKings alleged violations (Causes Two and Five).  Lead Plaintiff seeks, on behalf of himself and a putative class of allegedly similarly situated investors recission, damages arising from transactions on the alleged unregistered exchange, costs, attorneys' fees, interest, and any other relief that the Court deems appropriate.  Defendants deny these allegations and any liability to Plaintiff or the putative class.

**II.      DISCOVERY LIMITATIONS**

Based on the information presently available, the parties do not anticipate changes to the discovery limitations under the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts.  If information becomes available to either party requiring the need for additional discovery beyond what is provided for under the Rules, the parties will meet and confer before proposing any changes to the Court.

**III.     PROPOSED SCHEDULE AND DISCOVERY PLAN**

The parties have met and conferred in good faith and propose the schedule set forth on the next page.

| Event | Deadline |
|---|---|
| Defendants' answer to the amended complaint to be filed | Aug. 15, 2024 |
| Protective Order and Production and ESI Agreement to be filed[1] | Sept. 6, 2024 |
| Fed. R. Civ. P. 26(a)(1) initial disclosures to be served | Sept. 16, 2024 |
| Plaintiff's class certification motion & supporting expert disclosures due | Dec. 20, 2024 |
| Deadline to depose Plaintiff's class certification expert(s)[2] | Jan. 24, 2025 |
| Deadline to seek leave to amend pleadings or add parties | Feb. 7, 2025 |
| Substantial completion of document productions[3] | Feb. 7, 2025 |
| Defendants class certification response and supporting expert disclosures due | Feb. 7, 2025 |
| Deadline to depose Defendants' class certification response expert(s) | Mar. 7, 2025 |
| Plaintiff's class certification reply & reply expert disclosures due | Mar. 21, 2025 |
| Substantial completion of all fact discovery[4] | Aug. 1, 2005 |
| Deadline to disclose remaining experts and serve expert reports (non-class certification issues) | Sept. 26, 2025 |
| Deadline to disclose rebuttal experts and serve expert reports (non-class certification issues) | Nov. 7, 2025 |
| Deadline to serve supplemental Fed. R. Civ. P. 26(a)(1) disclosures | Nov. 14, 2025 |
| All discovery closed | Apr. 13, 2026 |
| Dispositive motions due | Apr. 20, 2026 |
| Dispositive motion responses due | May 22, 2026 |
| Dispositive motion replies due | Jun. 22, 2026 |
| Joint Pretrial Memorandum | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

---

[1] Under the PSLRA, discovery was stayed in this matter pending ruling on the motion to dismiss.

[2] The parties shall work cooperatively on expert deposition scheduling to ensure that all briefing and other deadlines may be met.

[3] The parties agree to respond to written and oral discovery requests in a timely fashion to allow for the orderly completion of litigation events occurring before the deadlines for substantial completion of document production (February 7, 2025) and substantial completion of all fact discovery (August 1, 2025).

[4] *See* n.3.

**IV.    PHASED DISCOVERY**

The parties agree that phased or bifurcated discovery is unnecessary for the efficient and proportional management of discovery given the limitations and schedule proposed above. The parties will endeavor to provide any discovery necessary for class certification commensurate with the schedule above.

**V.    PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

The parties will meet and confer on the exchange of discoverable information stored in electronic format pursuant to Fed. R. Civ. P. 26(b)(2)(B). The parties will submit a Protective Order and Joint Protocol for the Production of Documents and Electronically Stored Information ("Protective Order and Production and ESI Agreement") to the Court upon completion.

**VI.    CLAIMS OF PRIVILEGE OR WORK PRODUCT PROTECTION**

The parties agree that privilege logs describing the documents withheld from production on the grounds of the attorney-client privilege, work product doctrine, or any other applicable privilege or protection shall be produced.

**VII.    SETTLEMENT OFFER**

Lead Plaintiff's counsel is gathering necessary information and will make a written settlement proposal pursuant to Local Rule 16.1(c) as soon as possible.

**VIII.    CONSENT TO TRIAL BY MAGISTRATE**

The parties do not consent to trial before a United States Magistrate Judge.

**IX.    LOCAL RULE 16.1(d)(3) CERTIFICATIONS**

Plaintiff's and Defendants' certifications of compliance with Local Rule 16.1(d) will be filed separately.

## X. ALTERNATIVE DISPUTE RESOLUTION

The parties are conferring on a process for private mediation to run concurrently with the litigation schedule.

Dated: July 22, 2024

Respectfully Submitted,

**BERMAN TABACCO**
*/s/ Patrick T. Egan*
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
1 Liberty Square
Boston, Massachusetts 02109
617.542.8300
pegan@bermantabacco.com
jsaif@bermantabacco.com

*Local Counsel for Lead Plaintiff Dufoe*

**KIRBY McINERNEY LLP**
*/s/ Anthony F. Fata*
Anthony F. Fata (admitted *pro hac vice*)
Kirby McInerney LLP
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606
312.767.5180
afata@kmllp.com

Sarah E. Flohr (admitted *pro hac vice*)
Faisal Q. Haider (admitted *pro hac vice*)
Kirby McInerney LLP
250 Park Avenue, Suite 820
New York City, New York
212.371.6600
sflohr@kmllp.com
fhaider@kmllp.com

*Lead Counsel for Lead Plaintiff Dufoe*

Respectfully Submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**
*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (BBO #558748)
Andrew S. Dulberg (BBO #675405)
60 State Street
Boston, MA 02109
michael.bongiorno@wilmerhale.com
andrew.dulberg@wilmerhale.com
Tel: (617) 526-6000

**SULLIVAN & CROMWELL LLP**
*/s/ Brian T. Frawley*
Brian T. Frawley (admitted *pro hac vice*)
Benjamin R. Walker (admitted *pro hac vice*)
Charles H. Sullivan (admitted *pro hac vice*)
Howard H. Kim (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
frawleyb@sullcrom.com
walkerb@sullcrom.com
sullivanc@sullcrom.com
kimhow@sullcrom.com
Tel: (212) 558-4000

*Counsel for Defendants DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish*

5

**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan (admitted *pro hac vice*)
Hannafan & Hannafan, Ltd.
161 North Clark Street, Suite 1700
Chicago, Illinois 60601
312.527.0055
bth@hannafanlaw.com

**G. DOWD LAW LLC**
George Dowd (admitted *pro hac vice*)
161 North Clark Street, 16th Floor
Chicago, IL 60601
312.854.8300
George.dowd@gdowdlaw.com

*Additional Counsel for Lead Plaintiff Dufoe*

## **CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filings (NEF).

Dated: July 22, 2024

*/s/ Anthony F. Fata*
Anthony F. Fata
