## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JUSTIN DUFOE, on Behalf of Himself
and All Others Similarly Situated,

               Lead Plaintiff,

    v.

DRAFTKINGS INC., JASON D.
ROBINS, JASON K. PARK, and
MATTHEW KALISH,

               Defendants.

Case No. 1:23-cv-10524-DJC

## DEFENDANTS' ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

WILMER CUTLER PICKERING
HALE and DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000

*Attorneys for Defendants*

Dated:  August 15, 2024

Defendants DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Amended Complaint ("Complaint") (ECF No. 38) filed by Plaintiff Justin Dufoe ("Plaintiff").

## ANSWERS TO ALLEGATIONS

Except as otherwise expressly admitted below, Defendants deny each and every allegation in the Complaint and specifically deny that Plaintiff is entitled to the relief sought in his prayer for relief. Defendants deny that allegations appearing in the preamble, headings, subheadings, footnotes, and exhibits of the Complaint constitute allegations requiring a response. To the extent that any response is required to the preamble, headings, subheadings, footnotes, and exhibits of the Complaint, Defendants deny any allegations purportedly set forth therein. When a document (or statements, conclusions, or other material references therefrom) is referenced in the Complaint, it speaks for itself, and Defendants deny any allegations or characterizations inconsistent with the document. Defendants reserve all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

For ease of reference only, Defendants repeat below the structural headings and subheadings of the Complaint. Furthermore, for the sake of clarity, and unless otherwise expressly stated, Defendants use the defined terms and phrases set forth in the Complaint. In so doing, however, Defendants do not concede that any such definitions are proper. All admissions made herein are made as of the date filed. Defendants reserve the right to amend and/or supplement these answers.

## I.    INTRODUCTION

1.    Defendants admit that Plaintiff purports to bring the putative class action described in the first sentence of Paragraph 1. Defendants further admit that certain DraftKings NFTs depicted various professional athletes and images, as alleged in part of the second sentence of

Paragraph 1.  The remaining allegations of Paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of Paragraph 1.

2.     Paragraph 2 merely purports to specify certain statutory provisions relied upon in the Complaint and certain of the remedies sought by Plaintiff for alleged violations of those statutes and, therefore, requires no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 2.

3.     Defendants admit the allegations in the first sentence of Paragraph 3, but deny that the remaining allegations of Paragraph 3 accurately or completely describe DraftKings' business, and respectfully refer the Court to DraftKings' public filings for a full and complete description of its business and product offerings.

4.     Defendants admit that NFTs are a form of digital asset that can be bought, sold, and exchanged, as alleged in the first sentence of Paragraph 4.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 4 and deny them on that basis.  Defendants deny the remaining allegations of Paragraph 4.

5.     Defendants deny the allegations of Paragraph 5, except admit that DraftKings NFTs are not registered as securities.

6.     Defendants deny the allegations of Paragraph 6, except admit that DraftKings NFTs are not registered as securities.

7.     Defendants deny that Jason D. Robins, Jason K. Park and Matthew Kalish used their purported control of DraftKings to avoid scrutiny and facilitate a purported scheme.  The

remaining allegations of Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 7.

8.      The first sentence of Paragraph 8 merely purports to describe the putative class and, therefore, requires no response.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 8, except admit that Plaintiff purports to bring the putative class action described therein.  The second sentence of Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 8, except admit that DraftKings NFTs are not registered as securities.

## II.    PARTIES

9.      Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 9 and deny them on that basis.

10.     Defendants admit the allegations in the first and second sentences of Paragraph 10, but deny that the remaining allegations of Paragraph 10 accurately or completely describe DraftKings' business, and refer the Court to DraftKings' public filings for a full and complete description of its business and product offerings.

11.     Defendants admit that Jason D. Robins is the Chief Executive Officer, Chairman of the Board of Directors, and a co-founder of the Company, as alleged in the first sentence of Paragraph 11.  The second sentence of Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 11.

12.     Defendants admit that Jason K. Park was at one time the Chief Financial Officer of the Company, as alleged in the first sentence of Paragraph 12.   The second sentence of

Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 12.

13.     Defendants admit that Matthew Kalish is the President of DraftKings North America, as alleged in the first sentence of Paragraph 13.  The second sentence of Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 13.

## III.    JURISDICTION AND VENUE

14.     Paragraph 14 merely purports to specify certain statutory provisions relied upon in the Complaint and, therefore, requires no response.  To the extent a response is required, Defendants deny the allegations of Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that DraftKings' headquarters is located in Massachusetts, but deny the remaining allegations of Paragraph 16.

17.      Defendants deny the allegations of Paragraph 17.

## IV.    FACTUAL ALLEGATIONS

### A.    Background

#### i.    Non-Fungible Tokens ("NFTs") Generally

18.     Defendants admit the allegations in the first sentence of Paragraph 18, but lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 18 and deny them on that basis.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny the allegations of Paragraph 20.

ii.        **DraftKings Financial Performance and Efforts to Raise Money**

21.        Defendants deny the allegations in the first sentence of Paragraph 21, further deny that the remaining allegations of Paragraph 21 accurately or completely describe the capital structure of DraftKings, and respectfully refer the Court to DraftKings' public filings for a full and complete statement of its stock or debt sales.

22.        Defendants deny that the allegations of Paragraph 22 accurately or completely describe the financial performance of DraftKings and respectfully refer the Court to DraftKings' public filings for a full and complete statement of its periodic financial results.

23.        Defendants admit that DraftKings stated that as of November 2021 it had projected revenues from the Marketplace of approximately $70 million in 2022, but deny the remaining allegations of Paragraph 23.

24.        Defendants deny the allegations of Paragraph 24.

iii.       **DraftKings NFTs**

25.        Defendants admit the allegations of the first sentence of Paragraph 25, but deny that the remaining allegations of Paragraph 25 accurately or completely describe the Marketplace and respectfully refer the Court to DraftKings' public statements and filings for a full and complete description of the Marketplace.

26.        Defendants admit the allegations of the first sentence of Paragraph 26, but deny that the remaining allegations of Paragraph 26 accurately or completely describe the universe of NFTs sold on the Marketplace and deny them on that basis.

27.        The allegations of Paragraph 27 state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny that the allegations of

Paragraph 27 accurately or completely reflect the contents of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

28. Defendants admit that Paragraph 28 purports to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

29. Defendants admit that Paragraph 29 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

30. Defendants admit that Paragraph 30 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

31. Defendants admit that Paragraph 31 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

32. Defendants admit that Paragraph 32 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

33.     Defendants admit that Paragraph 33 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

34.     Defendants admit that Paragraph 34 purports to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

35.     Defendants admit that Paragraph 35 purports to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

36.     Defendants admit that Paragraph 36 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of that language, further deny the allegations in the first sentence of Paragraph 36, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

37.     Defendants admit that the first sentence of Paragraph 37 purports to quote language from the Legal Notice out of context, but deny Plaintiff's characterization of that language, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.  Defendants deny the remaining allegations of Paragraph 37.

38.     Defendants admit that Paragraph 38 purports to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

39.     Defendants admit that Paragraph 39 purports to quote from certain statements of Defendant Robins during an August 6, 2021 analyst call, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the transcript of that call for its full and complete contents.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 about how the quoted language "appears" to Plaintiff and deny them on that basis.  Defendants deny the remaining allegations of Paragraph 40.

41.     Defendants admit the allegations of Paragraph 41.

42.     Defendants admit that DraftKings NFTs were minted on the Polygon blockchain, but deny the remaining allegations in the first sentence of Paragraph 42.  Defendants also admit that the second sentence of Paragraph 42 purports to quote from a news article out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that article for its full and complete contents.

43.     Paragraph 43 purports to quote from statements of Defendant Robins during an analyst call on February 18, 2022 out of context.  Defendants deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the transcript of that earnings call for a full and complete statement of its contents.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants admit that DraftKings sold gamified NFTs with different rarities that could be used in Reignmakers contests, but deny the remaining allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants admit that DraftKings sold certain NFTs in packs, but deny the remaining allegations of Paragraph 47.

48.     Defendants admit that DraftKings sold certain NFTs in packs with different rarities, but deny the remaining allegations of Paragraph 48.

49.     Defendants admit that Paragraph 49 purports to describe certain Reignmakers NFT packs sold during a single NFL season, but deny the remaining allegations of Paragraph 49.

50.     Defendants admit that DraftKings sold NFTs depicting professional football players, professional mixed martial arts athletes, and professional golfers, but deny the remaining allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants admit that customers could purchase DraftKings NFTs in initial drops or from other customers.  Defendants also admit that the remaining allegations of Paragraph 52 purport to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

53.     Defendants deny the first sentence of Paragraph 53.  Defendants admit that the second sentence of Paragraph 53 purports to quote language from the Legal Notice out of context, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice for its full and complete contents.

54.     Defendants admit that DraftKings sold certain NFTs that could be used in Reignmakers contests, but that deny the remaining allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the websites excerpted in Exhibit 5 for their full and complete contents.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants admit that the holder of the DraftKings NFT could set the price for that NFT on the secondary market, but deny that the allegations of Paragraph 57 accurately or completely reflect the content of the referenced material and respectfully refer the Court to the websites excerpted in Exhibit 5 for their full and complete contents.

58.     Defendants deny the allegations of Paragraph 58, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the websites excerpted in Exhibit 5 for their full and complete contents.

59.     Defendants admit the allegations in the first sentence of Paragraph 59, but deny the remaining allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the documents referenced therein for their full and complete contents.

61.     Defendants admit the allegations of the first sentence of Paragraph 61.  Defendants deny the allegations of the second sentence of Paragraph 61, further deny that the remaining allegations of Paragraph 61 accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the documents referenced therein for their full and complete contents.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 62 and deny them on that basis.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the article reference therein for its full and complete contents.

66.     Paragraph 66 purports to describe or characterize a civil enforcement action filed by the SEC against Binance Holdings Limited and certain of its affiliates to which no response is required.  To the extent a response is required, Defendants deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the publicly available complaint filed in that legal proceeding for its full and complete contents.

67.     Paragraph 67 purports to describe or characterize a civil enforcement action filed by the SEC against Coinbase, Inc. and certain of its affiliates to which no response is required.  To the extent a response is required, Defendants deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the publicly available complaint filed in that legal proceeding for its full and complete contents.

68.     Defendants deny the allegations of Paragraph 68.

**B.      Facts Relevant to the Howey Test**

   **i.      DraftKings Controlled the Centralized Ledger**

69.     Defendants deny the allegations in the first, second, and third sentences of Paragraph 69.  Defendants admit that the fourth and fifth sentences of Paragraph 49 purport to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of the

Legal Notice, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

70.     Defendants deny the allegations of Paragraph 70, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the websites referenced therein and excerpted in Exhibit 5 for their full and complete contents.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 71 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the website referenced therein for its full and complete contents.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 72 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the website referenced therein for its full and complete contents.

73.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 73 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the website referenced therein for its full and complete contents.

74.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 74 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the website referenced therein for its full and complete contents.

75.     Defendants admit that customers on the DraftKings Marketplace are required to establish an account on the DraftKings website, but deny the remaining allegations of Paragraph 75, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

76.     Defendants deny the allegations in the first sentence of Paragraph 76.  Defendants admit that the second and third sentences of Paragraph 49 purport to quote language from the Legal Notice out of context, but deny Plaintiff's characterizations of the Legal Notice, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

77.     Defendants deny the allegations of Paragraph 77, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the website referenced therein for its full and complete contents.

### ii.      The DraftKings NFTs Have No Utility

78.     Defendants deny the allegations of Paragraph 78, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

79.     Defendants deny the allegations of Paragraph 79, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

80.     Defendants deny the allegations of Paragraph 80, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

81.     Defendants admit that Paragraph 81 quotes from the Legal Notice and respectfully refer the Court to the Legal Notice for its full and complete contents.

### iii.     The DraftKings NFTs Are Not "Artwork"

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

84.     Defendants deny the allegations of Paragraph 84.

### iv.     The DraftKings NFTs Are Not "Collectibles"

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 86 and deny them on that basis.

87.     Defendants deny the allegations of Paragraph 87, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

### v.     The DraftKings NFTs Are Securities

88.     The allegations of Paragraph 88 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations in the second sentence of Paragraph 88, but deny the remaining allegations of Paragraph 88, further deny that the remaining allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the treatise quoted in the third sentence of Paragraph 88 for its full and complete contents.

89.     The allegations of Paragraph 89 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 89.

90.     The allegations of Paragraph 90 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 90, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the statutes referenced therein for their full and complete contents.

91.     The allegations of Paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 91 purports to quote from and characterize a Supreme Court decision, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that decision for its full and complete contents.

92.     Defendants deny the allegations of Paragraph 92.

**C.     SEC's Framework For "Investment Contract" Analysis of Digital Assets under Howey**

93.     Defendants deny the allegations of Paragraph 93, further deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the publication referenced therein for its full and complete contents.

94.     Defendants admit that Paragraph 94 purports to quote from and characterize an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents, and aver that the allegations state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

### i.     DraftKings NFT Purchasers Invested Money

97.     The allegations of Paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations in first sentence of Paragraph 98.  The allegations in the second sentence of Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 98.

### ii.     DraftKings NFT Investors Participated in a Common Enterprise

99.     Defendants admit that Paragraph 99 purports to quote from an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    The allegations of Paragraph 102 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    The allegations of Paragraph 104 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 104, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the decision quoted therein and the Legal Notice for its full and complete contents.

105.    The allegations of Paragraph 105 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 105.

### iii.    Like any Investment, DraftKings NFT Investors had a Reasonable Expectation of Profit

106.    Defendants admit that the first sentence of Paragraph 106 purports to quote from an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents.  The allegations in the second sentence of Paragraph 106 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 106.

107.    Defendants admit that Paragraph 107 purports to quote from and characterize an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents.

### iv.    DraftKings' Promotional Efforts

108.    Defendants admit that Paragraph 108 purports to quote from and characterize videos published on YouTube, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to those videos for their full and complete contents.

109.    Defendants admit that Paragraph 109 purports to quote from and characterize a video published on YouTube, but deny Plaintiff's characterizations of the video, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the video for its full and complete contents.

110.    Defendants admit that Paragraph 110 purports to quote from the "Locker Room" section of the DraftKings Marketplace channel on the Discord platform, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the "Locker Room" section of the DraftKings Discord channel for its full and complete contents.

111.    Defendants admit that Paragraph 111 purports to quote from the "Locker Room" section of the DraftKings Marketplace channel on the Discord platform, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the "Locker Room" section of the DraftKings Discord channel for its full and complete contents.

112.    Defendants admit that Paragraph 112 purports to quote from the "Locker Room" section of the DraftKings Marketplace channel on the Discord platform, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the "Locker Room" section of the DraftKings Discord channel for its full and complete contents.

113.    Defendants admit that Paragraph 113 purports to quote from the "Announcements" section of the DraftKings Marketplace channel on the Discord platform, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the "Announcements" section of the DraftKings Discord channel for its full and complete contents.

114.    Defendants admit that Paragraph 114 purports to quote from the "Announcements" section of the DraftKings Marketplace channel on the Discord platform, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully

refer the Court to the "Announcements" section of the DraftKings Discord channel for its full and complete contents.

115.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 115 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the website referenced therein for its full and complete contents.

116.     Defendants admit that Paragraph 116 purports to quote from and characterize the article referenced therein, but deny Plaintiff's characterizations of the article, further deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the article for its full and complete contents.

117.     Defendants admit that Paragraph 117 purports to quote from the article referenced therein, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the article for its full and complete contents.

118.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 118 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the website referenced therein for its full and complete contents.

119.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 119 and deny them on that basis.  Defendants further deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the website referenced therein for its full and complete contents.

120.     Defendants admit that Defendant Kalish and non-party Gary Vaynerchuk hosted the referenced podcast, but deny the remaining allegations of Paragraph 120.

121.    Defendants admit that Paragraph 121 purports to quote from and characterize certain statements made by Defendant Kalish and non-party Gary Vaynerchuk during a podcast episode, but deny Plaintiff's characterizations, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the podcast episode for its full and complete contents.

122.    Defendants admit that Paragraph 122 purports to quote from and characterize certain statements made by Defendant Kalish and non-parties Gary Vaynerchuk and Kevin Rose during a podcast episode, but deny Plaintiff's characterizations, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the podcast episode for its full and complete contents.

123.    Defendants admit that Paragraph 123 purports to quote a post on Twitter, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Twitter post for its full and complete contents.

124.    Defendants admit that Paragraph 124 purports to quote from and characterize certain statements made by Defendant Kalish and non-party Gary Vaynerchuk during a podcast episode, but deny Plaintiff's characterizations, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the podcast episode for its full and complete contents.

125.    Defendants deny the allegations of Paragraph 125.

126.    Defendants admit that Paragraph 126 purports to quote from and characterize a post on Twitter and a website, but deny Plaintiff's characterizations, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Twitter post and website for their full and complete contents.

127.     Defendants admit that Paragraph 127 purports to quote from and characterize certain statements made by Defendant Kalish in a video posted on Twitter, but deny Plaintiff's characterizations, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the video for its full and complete contents.

128.     Defendants deny the allegations in the first sentence of Paragraph 128.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 128 and deny them on that basis.

129.     Defendants admit that individuals can discuss Marketplace NFTs on various Discord channels.  Defendants deny the remaining allegations of Paragraph 129.

130.     Defendants deny the allegations in the first sentence of Paragraph 130.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second and third sentences of Paragraph 130 and deny them on that basis.

131.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 131 and deny them on that basis.

132.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 132 and deny them on that basis.

133.     Defendants deny the allegations in the first sentence of Paragraph 133.  Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 133 and deny them on that basis.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 134 and deny them on that basis.

135.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 135 and deny them on that basis.

136.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 136 and deny them on that basis.

137.     Defendants deny the allegations of Paragraph 137.

> **v.      DraftKings NFT Investors Relied on the Managerial Efforts of DraftKings to Make and Maintain their Profits**

138.     Paragraph 138 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 138.

139.     Defendants admit that Paragraph 139 purports to quote from an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents.

140.     Defendants admit that Paragraph 140 purports to quote from an SEC publication, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that publication for its full and complete contents.

141.     Defendants deny the allegations of Paragraph 141, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

142.     Defendants deny the allegations of Paragraph 142.

> **vi.     DraftKings Uses its Control over the Platform to Prevent Investors from Transferring their NFTs to Other Platforms**

143.     Defendants deny the allegations of Paragraph 143.

144.     Defendants deny the allegations of Paragraph 144, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Legal Notice for its full and complete contents.

**D.     The Class Has Suffered Significant Damages Directly from Defendants' Actions**

145.     Defendants deny the allegations of Paragraph 145.

146.     Defendants deny the allegations of Paragraph 146.

147.     Defendants deny the allegations of Paragraph 147.

148.     Defendants deny the allegations of Paragraph 148.

149.     Defendants deny the allegations of Paragraph 149.

**E.     Class Action Allegations**

150.     Paragraph 150 merely purports to characterize the Complaint to which no response is required.  To the extent any response is required, Defendants deny the allegations of Paragraph 150, except admit that Plaintiff purports to bring the putative class action described therein.

151.     The allegations of Paragraph 151 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 151.

152.     The allegations of Paragraph 152 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 152.

153.     The allegations of Paragraph 153 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 153.

154.     The allegations of Paragraph 154 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 154.

155.     The allegations of Paragraph 155 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 155.

156.     The allegations of Paragraph 156 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 156.

157.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 157 and deny them on that basis.

## V.     CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Sale of Unregistered Securities**
**Violation of §§ 5 and 12(a)(1) of the Securities Act**
**(against the Company and Individual Defendants)**

158.     Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

159.     The allegations of Paragraph 159 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 159.

160.     The allegations of Paragraph 160 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 160, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the statutes referenced therein for their full and complete contents.

161.     The allegations of Paragraph 161 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 161, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Securities Act and the regulations promulgated thereunder for a full and complete statement of their contents.

162.     Defendants admit that Paragraph 162 purports to quote from Section 5(a) of the Securities Act, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that statute for a full and complete statement of its contents.

163.     Defendants admit that the first sentence of Paragraph 163 purports to quote from Section 5(c) of the Securities Act, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to that statute for a full and complete statement of its contents.  The allegations in the second sentence of Paragraph 163 state legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 163.

164.     The allegations of Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 164, further deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to the Supreme Court decision referenced therein for a full and complete statement of its contents.

165.     Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 165 and deny them on that basis.

166.     Defendants admit that Paragraph 166 purports to quote from 15 U.S.C. § 78q-1, but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

167.     The allegations of Paragraph 167 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 167.

168.     The allegations of Paragraph 168 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 168.

169.     The allegations of Paragraph 169 purport to specify the remedies that Plaintiff seeks and, therefore, no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 169, except admit that Plaintiff purports to seek those remedies.

## SECOND CAUSE OF ACTION

**Control Person Liability for Violations of the Securities Act
Violation of § 15 of the Securities Act
(Against Individual Defendants)**

170.     Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

171.     The allegations of Paragraph 171 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 171.

172.     The allegations of Paragraph 172 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 172.

173.     The allegations of Paragraph 173 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 173.

174.     The allegations of Paragraph 174 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 174.

175.     The allegations of Paragraph 175 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 175.

## THIRD CAUSE OF ACTION

**Contracts with an Unregistered Exchange**
**Violation of §§ 5 and 29(b) of the Exchange Act**
**(Against DraftKings)**

176.   Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

177.   Defendants admit that Paragraph 177 purports to quote certain provisions of the Exchange Act, but deny that the allegations accurately or completely reflect the content of the referenced material, and respectfully refer the Court to those provisions for a full and complete statement of their contents.

178.   Defendants admit that Paragraph 178 purports to quote from Exchange Act Rule 3(b)-16(a) and respectfully refer the Court to that rule for a full and complete statement of its contents.

179.   Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 179 and deny them on that basis.

180.   The allegations of Paragraph 180 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 180.

181.   The allegations of Paragraph 181 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 181.

182.   The allegations of Paragraph 182 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 182.

183.   The allegations of Paragraph 183 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 183.

184.    The allegations of Paragraph 184 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 184.

185.    The allegations of Paragraph 185 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 185.

## FOURTH CAUSE OF ACTION

**Unregistered Broker and Dealer**
**Violation of §§ 15(a)(1) and 29(b) of the Exchange Act**
**(Against DraftKings)**

186.    Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

187.    The allegations of Paragraph 187 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 187 purports to quote from 15 U.S.C. § 78o(a)(1), but deny that the allegations accurately or completely reflect the content of the referenced state and respectfully refer the Court to that statute for a full and complete statement of its contents.

188.    The allegations of Paragraph 188 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 188 purports to quote from and characterize 15 U.S.C. § 78(a)(4)(A), but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

189.    The allegations of Paragraph 189 state legal conclusions to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 189 and deny them on that basis.

190.    The allegations of Paragraph 190 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 190.

191.    The allegations of Paragraph 191 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Paragraph 191 purports to quote from a provision of the Exchange Act, but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for its full and complete contents.

192.    The allegations of Paragraph 192 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 192.

193.    The allegations of Paragraph 193 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 193.

194.    The allegations of Paragraph 194 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 194.

195.    The allegations of Paragraph 195 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 195.

196.    The allegations of Paragraph 196 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 196.

## FIFTH CAUSE OF ACTION

**Control Person Violations of the Exchange Act**
**Violation of § 20 of the Exchange Act**
**(Against Individual Defendants)**

197.    Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

198.    The allegations of Paragraph 198 purport to specify a certain statutory provision relied upon in the Complaint and identify the claims alleged and, therefore, require no response. To the extent a response is required, Defendants deny the allegations of Paragraph 198, except admit that Plaintiff purports to rely upon the referenced statute.

199.    The allegations of Paragraph 199 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 199.

200.    The allegations of Paragraph 200 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 200.

201.    The allegations of Paragraph 201 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 201.

202.    The allegations of Paragraph 202 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 202.

## SIXTH CAUSE OF ACTION

**Unregistered Broker and Dealer (State Law)**
**Violation of Mass. Gen. Laws. Ch. 110A § 201(a)**
**(Against DraftKings)**

203.    Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

204.    Defendants admit that Paragraph 204 purports to characterize the contents of the Legal Notice and the Fourth Legal Notice, but deny that the allegations accurately or completely reflect the content of the referenced material and respectfully refer the Court to the Legal Notice and Fourth Legal Notice for their full and complete contents.

205.    Defendants admit that Paragraph 205 purports to quote from Section 201(a) of Chapter 110A of the Massachusetts General Laws, but deny that the allegations accurately or

-30-

completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

206.    Defendants admit that Paragraph 206 purports to quote from Section 401(c) of Chapter 110A of the Massachusetts General Laws, but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

207.    The allegations of Paragraph 207 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 207.

208.    The allegations of Paragraph 208 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 208.

**SEVENTH CAUSE OF ACTION**

**Sale of Unregistered Securities (State Law)**
**Violation of Mass. Gen. Laws. Ch. 110A § 301**
**(Against DraftKings and Individual Defendants)**

209.    Defendants hereby incorporate by reference their answers to each preceding and succeeding paragraph as though fully set forth herein.

210.    Defendants admit that Paragraph 210 purports to quote from Section 301 of Chapter 110A of the Massachusetts General Laws, but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

211.    Defendants admit that Paragraph 211 purports to quote from Section 414(a) of Chapter 110A of the Massachusetts General Laws, but deny that the allegations accurately or completely reflect the content of the referenced statute and respectfully refer the Court to that statute for a full and complete statement of its contents.

212.    The allegations of Paragraph 212 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 212.

213.    The allegations of Paragraph 213 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 213.

## DEFENSES

Defendants assert the following defenses.  Defendants do so without admitting or denying any of the allegations in the Complaint or assuming the burden of proof or persuasion borne by Plaintiff.  Defendants reserve the right to amend and/or supplement their affirmative defenses as information is obtained through discovery or by evidence at trial.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims and members of the putative class's claims are barred in whole or in part because Plaintiff cannot establish the primary liability or control necessary to assert control person liability.

## THIRD DEFENSE

If Plaintiff establishes that any of the DraftKings NFTs identified in the Complaint are a security—which is denied—Plaintiff's claims and the claims of the putative class, will be barred, in whole or in part, because the alleged transactions are exempt from the registration requirements of the Securities Act of 1933 and the regulations promulgated thereunder.

## FOURTH DEFENSE

Defendants are not liable to Plaintiff and members of the putative class to the extent Plaintiff and members of the putative class did not purchase DraftKings NFTs directly from Defendants and have no privity with Defendants.

## FIFTH DEFENSE

Defendants are not liable to Plaintiff and members of the putative class to the extent Plaintiff and members of the putative class knowingly, willingly and voluntarily assumed the risk of any alleged damages of which they now complain.

## SIXTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the terms and conditions to which Plaintiff and members of the putative class agreed when they entered into the alleged transactions.

## SEVENTH DEFENSE

The claims asserted in the Complaint are barred to the extent Plaintiff and the putative class have sustained no legally cognizable damage.

## EIGHTH DEFENSE

The claims asserted in the Complaint, and any damages or other relief sought thereunder, are barred in whole or in part by the doctrine of *in pari delicto*.

## NINTH DEFENSE

Plaintiff lack standing to assert some or all of the claims set forth in the Complaint.

## TENTH DEFENSE

The case should not be certified as a class action because the purported class does not satisfy the requirements of Federal Rule of Civil Procedure 23.

## ADDITIONAL DEFENSES

Defendants assert, and expressly reserve all rights with respect to, all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery.

\*   \*   \*

WHEREFORE, Defendants respectfully request entry of judgment granting the following relief:

A.   Dismissing the Complaint with prejudice and granting judgment in favor of Defendants on all claims; and

B.   Granting such further relief as this Court may deem just and proper.

Dated:   August 15, 2024

Respectfully submitted,

/s/ *Andrew S. Dulberg*
Michael G. Bongiorno (BBO #558748)
Andrew S. Dulberg (BBO #675405)
WILMER CUTLER PICKERING
HALE and DORR LLP
60 State Street
Boston, MA 02109
michael.bongiorno@wilmerhale.com
andrew.dulberg@wilmerhale.com
Tel: (617) 526-6000


Brian T. Frawley (admitted *pro hac vice*)
Benjamin R. Walker (admitted *pro hac vice*)
Charles H. Sullivan (admitted *pro hac vice*)
Howard H. Kim (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
frawleyb@sullcrom.com
walkerb@sullcrom.com
sullivanc@sullcrom.com
kimhow@sullcrom.com
Tel: (212) 558-4000

*Attorneys for Defendants DraftKings Inc.,*
*Jason D. Robins, Jason K. Park, and*
*Matthew Kalish*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew S. Dulberg, counsel for DraftKings, hereby certify that this document has been filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

<u>/s/  *Andrew S. Dulberg*</u>
Andrew S. Dulberg