UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>                            Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Denise J. Casper<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

Lead Plaintiff Justin Dufoe ("Plaintiff") and DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish ("Defendants") (Plaintiff and Defendants together, the "parties") hereby stipulate that this Agreement will govern the conduct of electronic discovery and electronically stored information ("ESI") in this case.

### I. PRESERVATION

The parties have taken and will continue to take reasonable steps to preserve relevant information. The parties will promptly disclose any issues regarding preservation, if they arise.

### II. IDENTIFICATION OF RESPONSIVE ESI

The parties agree that they will meet and confer about the methodology (*e.g.*, keyword or Boolean searching) and implementation thereof (*e.g.*, search terms) to be used to identify and search electronically stored information ("ESI"). Where potentially responsive ESI will be searched through the use of search terms, and after the relevant custodians, sources, and date ranges have been substantially agreed to by the parties, unless waiting for agreement will cause undue delay, the producing party will provide a search term hit list or hit report after global de-duplication for search terms it intends to use (including the number of documents that hit on each term); to the

extent feasible, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list); and the total number of documents that would be returned by using the proposed search term list (with and without families), for any search terms proposed by either party. The producing party will consider in good faith additional search terms proposed by the requesting party and, unless proposed in bad faith, will include potential additions proposed by the requesting party in the search term hit report(s). No party shall use predictive coding/technology-assisted review or artificial intelligence for the purpose of culling the documents to be reviewed or produced without notifying the opposing party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

The parties shall meet and confer in good faith to discuss the custodians and custodial and non-custodial data sources that will be searched for responsive documents, including but not limited to documents that are regularly maintained in a known collection and that may be collected without the use of advanced search methodologies. In doing so, the parties will identify and describe any relevant electronic systems and storage locations, including any document retention policies or practices (*e.g.*, retention schedules or policies, auto-delete functions, routine purging, or mailbox size limits), or other similar policies or practices, likely to impact the existence, accessibility, or ability to collect responsive documents or electronically stored information. The parties will provide information about the proposed custodians' job title and responsibilities (including dates of employment by the applicable party).

The parties shall meet and confer in an effort to conduct discovery in the most efficient and effective manner. Specifically, the parties will attempt in good faith to come to an agreement on search and culling methods used to identify responsive information. If disputes exist at the end of

the meet and confer process, the parties may seek Court intervention in accordance with <u>D. Mass. Local Rule 37.1</u>.

### III. PRODUCTION AND FORMAT OF HARD-COPY DOCUMENTS

Hard-copy documents shall be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN." To the extent practicable, the documents should be logically utilized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept (including attachments) in the usual course of business. A multi-page OCR test for each document should also be provided. The OCR software shall maximize test quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

### IV. PRODUCTION OF ESI

#### A. Re-Productions

Notwithstanding any provisions herein to the contrary, documents that the producing party reproduces in whole or in part from the production files of a historical litigation, arbitration, government inquiry, or other matter may be produced in the same manner and form as originally produced in the historical matter. To the extent that a producing party collected and processed documents prior to the entry of this Order, the producing party shall be required to reprocess or otherwise alter its previous processing specifications or production format to meet the terms of this Order. To the extent the production format is inconsistent with this understanding or is otherwise not reasonably usable, the parties will promptly meet and confer regarding the feasibility of production in an alternative format.

**B.     Format**

Except where otherwise noted in this section, and excepting documents previously produced in a historical matter consistent with paragraph IV.A, the parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images. Spreadsheet and presentation type files, audio and video files, and other files that cannot be rendered in a readable TIFF format shall be produced in native format, unless redacted. Short message communications will be reviewed and produced in 24-hour increments. If any message within a 24-hour period is responsive, then the full conversation during that 24-hour period will be produced, subject to otherwise-authorized redaction or withholding. After the production, the parties will meet and confer if either party believes that additional context, beyond the 24-hour period, is necessary. Documents containing color may be produced in black and white in the first instance. Upon reasonable request by the receiving party, specifically requested documents shall be re-produced as color JPG images or native format. The parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. To the extent practicable and available, TIFFs/JPGs will show any and all text, hidden content, and images that would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of email messages will include the BCC line, and documents will display comments and hidden content. If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, tracking, etc., the parties agree to meet and confer in good faith on production format options.

If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format should be provided, with the exception of PowerPoint presentations. PowerPoint documents should be produced in native format, unless

redacted, along with single-page, 300 DPI TIFF/JPG images which display both the slide and speaker's notes. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be a Concordance-compatible image format (OPT) using common American Standard Code for Information Interchange ("ASCII") characters for field identification that includes one row of information for each image with fields for image Bates number, relevant path to the image, image file name, page number, and document start identifier to designate the first page of a document.

Document level .TXT files should be provided for all ESI produced. The files should be created using extracted full text for ESI or OCRed text if the document has been redacted.

C.  **De-Duplication**

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. The parties agree that an email that includes content in the BCC or other blind copy field shall be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Non-inclusive email threads (*i.e.*, any email whose text and attachments are fully contained within another email in the document population) will not be excluded from review, production, and/or logging unless agreed to by both parties. De-duplication will be done across the entire collection

(global de-duplication) and the CUSTODIAN-ALL field will list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document. Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production. Other than using hash-value global de-duplication and industry-standard de-NISTing of files, the parties shall meet and confer to disclose and discuss any other proposed use of technologies or methodologies that would de-duplicate or reduce the reviewable collection or production.

  D. **Metadata**

Subject to the provisions of paragraph IV.A, all ESI will be produced with an industry-standard delimited, database load file that contains the metadata fields listed in Table 1, to the extent available, practicable, and not unduly burdensome, attached hereto. Notwithstanding the foregoing, nothing herein will require the parties to create or otherwise supply any metadata that is not maintained in the usual course of business or can be created in an automated manner (*e.g.*, bates numbers, or custodian designation).

For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, Google Docs, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

  E. **Embedded Objects**

Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field. The parties agree logos and

other similar non-substantive embeddings (*e.g.*, contentless system files) need not be extracted as separate documents as long as they are displayed in the parent document.

      **F.**      **Attachments**

The parties agree that if any part of an email or its attachments is responsive, the entire email and attachments will be produced, except to the extent any documents must be withheld or redacted on the basis of privilege or sensitive personally identifiable information ("PII"). The parties will meet and confer about whether there is an appropriate basis for redacting or withholding a document for any reason other than attorney-client or work product privilege or PII. The attachments will be produced sequentially after the parent email.

After reasonable inquiry, the parties are not aware of hyperlinks being used to provide access to cloud documents. To the extent new information arises that demonstrates that hyperlinked cloud attachments were used, the parties will promptly meet and confer regarding the collection, review, and production of hyperlinked documents.

      **G.**      **Compressed File Types**

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

      **H.**      **Structured Data**

To the extent a response to discovery requires production of ESI in a database, the parties will meet and confer regarding methods of production. The parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. The parties will meet and confer on a schedule for production of "sample" structured data sets prior to production of the entire data set.

I.   **Encryption**

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

J.   **Redactions**

If documents that the parties have agreed to produce in native format need to be redacted, the parties will implement redactions while ensuring that proper formatting and usability are maintained. Unless previously produced in a historical matter pursuant to paragraph IV.A in this Order, spreadsheets requiring redaction will be redacted using native redaction software and produced in native format.

Dated: September 6, 2024

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| **KIRBY McINERNEY LLP** | **WILMER CUTLER PICKERING** |
| /s/ *Anthony F. Fata* | **HALE AND DORR LLP** |
| Anthony F. Fata (admitted *pro hac vice*) | /s/ *Michael G. Bongiorno* |
| Kirby McInerney LLP | Michael G. Bongiorno (BBO #558748) |
| 211 West Wacker Drive, Suite 550 | Andrew S. Dulberg (BBO #675405) |
| Chicago, IL 60606 | 60 State Street |
| 312.767.5180 | Boston, MA 02109 |
| afata@kmllp.com | michael.bongiorno@wilmerhale.com |
|  | andrew.dulberg@wilmerhale.com |
| Sarah E. Flohr (admitted *pro hac vice*) | Tel: (617) 526-6000 |
| Kirby McInerney LLP |  |
| 250 Park Avenue, Suite 820 | **SULLIVAN & CROMWELL LLP** |
| New York, NY 10177 | /s/ *Brian T. Frawley* |
| 212.371.6600 | Brian T. Frawley (admitted *pro hac vice*) |
| sflohr@kmllp.com | Benjamin R. Walker (admitted *pro hac vice*) |
|  | Charles H. Sullivan (admitted *pro hac vice*) |
| *Lead Counsel for Lead Plaintiff Dufoe* | Howard H. Kim (admitted *pro hac vice*) |
|  | 125 Broad Street |
|  | New York, NY 10004 |
|  | frawleyb@sullcrom.com |

**BERMAN TABACCO**
*/s/ Patrick T. Egan*
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
1 Liberty Square
Boston, MA 02109
617.542.8300
pegan@bermantabacco.com
jsaif@bermantabacco.com

*Local Counsel for Lead Plaintiff Dufoe*

**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan (admitted *pro hac vice*)
Hannafan & Hannafan, Ltd.
161 North Clark Street, Suite 1700
Chicago, IL 60601
312.527.0055
bth@hannafanlaw.com

**G. DOWD LAW LLC**
George T. Dowd (admitted *pro hac vice*)
161 North Clark Street, 16th Floor
Chicago, IL 60601
312.854.8300
george.dowd@gdowd.law

*Additional Counsel for Lead Plaintiff Dufoe*

walkerb@sullcrom.com
sullivanc@sullcrom.com
kimhow@sullcrom.com
Tel: (212) 558-4000

*Counsel for Defendants DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish*

## TABLE 1

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated in each record representing an attachment "child" document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided<br>Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |

| | | |
|---|---|---|
| BCC | John Cain | Blind carbon copy recipient(s) <br>**semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email <br>Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent <br>Native: (empty) |
| TIME_SENT/TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized during conversion. <br>Native: (empty) <br>**This data must be a separate field and cannot be combined with the DATE_SENT field |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. <br>Email: Time zone Native: (empty) |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document <br>**The linked file must be named per the FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty) <br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) <br>Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty) <br>Native: Time the document was created <br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) <br>Native: Date the document was last modified |

| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
|---|---|---|
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

Sample Image Cross-Reference File:

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000004.TIF,Y,,,
IMG0000005,,E:\001\IMG0000005.TIF,Y,,,
IMG0000006,,E:\001\IMG0000006.TIF,,,,
```

## **ORDER**

IT IS SO ORDERED on this <u>11th</u> day of <u>September</u>, 2024.

*Denise J. Casper*
Denise J. Casper
U.S. District Court Judge