# EXHIBIT 1

FOR SETTLEMENT PURPOSES ONLY / SUBJECT TO FRE 408

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>                          Lead Plaintiff,<br><br>           v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br>                          Defendants. | Case No. 1:23-cv-10524-DJC |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated February 26, 2025 ("Stipulation"), is entered into by and among the following parties in the above-captioned action ("Action"): (i) Lead Plaintiff Justin Dufoe ("Lead Plaintiff") on behalf of himself and other members of the Settlement Class[1], and (ii) Defendants DraftKings Inc. ("DraftKings"), Jason D. Robins, Jason K. Park, and Matthew Kalish (collectively, "Defendants," and with Lead Plaintiff, the "Parties"). Subject to the terms and conditions set forth herein and the approval of the Court, this Stipulation and Settlement is intended: (i) to be a full and final disposition and resolution of the Action; (ii) to state all of the terms and conditions of the Stipulation; (iii) to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice each and every one of the Released Plaintiffs' Claims against the Released Defendant Parties; and (iv) to fully, finally, and forever

---

[1] All terms herein with initial capitalization shall, unless defined elsewhere in this Stipulation, have the meanings given to them in Article I, Paragraph 1 of this Stipulation.

compromise, settle, release, resolve, and dismiss with prejudice each and every one of the Released Defendants' Claims against the Released Plaintiff Parties.

WHEREAS:

A.     On March 9, 2023, Lead Plaintiff filed a putative class action complaint in this Action alleging, among other things, violations of federal and Massachusetts securities laws.

B.     On June 6, 2023, the Court entered an order (i) appointing Justin Dufoe as Lead Plaintiff for the Action, and (ii) approving Lead Plaintiff's selection of Kirby McInerney LLP as Lead Counsel and Berman Tabacco as Local Counsel.

C.     On August 4, 2023, Lead Plaintiff filed the Amended Complaint for violation of federal and Massachusetts securities laws ("Amended Complaint") alleging claims (i) against all Defendants for alleged violations of §§ 5 and 12(a)(1) of the Securities Act of 1933 ("Securities Act"), (ii) against DraftKings for alleged violations of §§ 5 and 29(b) of the Securities Exchange Act of 1934 ("Exchange Act"), (iii) against DraftKings for alleged violations of §§ 15(a)(1) and 29(b) of the Exchange Act, (iv) against Robins, Park, and Kalish for "control person" liability under § 15 of the Securities Act and § 20 of the Exchange Act, (v) against DraftKings for alleged violations of Mass. Gen. Laws Ch. 110A § 201(a), and (vi) against all Defendants for alleged violations of Mass. Gen. Laws Ch. 110A § 301. Among other things, the Amended Complaint alleged that non-fungible tokens ("NFTs") purchased, sold, and held on the DraftKings Marketplace (the "DK Marketplace") constitute securities that were not registered in accordance with federal and state law, and that the DK Marketplace is or was a securities exchange and DraftKings acts or acted as a securities broker when transacting in NFTs, neither of which was registered as allegedly required by federal and state law.

D.    On September 25, 2023, Defendants filed a motion to dismiss the Amended Complaint, which was thereafter fully briefed. On July 2, 2024, the Court issued its Memorandum and Order denying the motion to dismiss.

E.    On August 15, 2024, Defendants filed their Answer to the Amended Complaint, after which discovery commenced.

F.    In September and October 2024, counsel for the Parties engaged in early settlement communications and the exchange of information and discovery pertinent to alleged liability and damages issues and defenses to the same.

G.    On October 22, 2024, counsel for the Parties participated in a full-day mediation session before Jed D. Melnick, Esq. and Orna Artal, Esq. of JAMS. Before the mediation, the Parties exchanged mediation statements and exhibits, which addressed issues of both liability and damages. The mediation was successful, and the Parties reached an agreement-in-principle to settle the Action for $10,000,000 in cash, subject to negotiation and execution of mutually agreeable definitive documentation and approval by the Court. On October 23, 2024, the Parties informed the Court of the settlement-in-principle of the Action.

H.    Lead Plaintiff and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class (as defined below), and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of Lead Counsel and other Class Counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiffs' Claims (as defined below) pursuant to the terms and conditions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Settlement Class

will receive under the proposed Settlement; and (b) the significant costs, risks, and delay of continued litigation, trial, and appeal.

I.    The Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action. For purposes of this Settlement only, the Settlement Class is defined in paragraph 1(qq) below. As set forth in paragraph 4 below, the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

J.    Defendants are entering into this Stipulation to avoid the cost, disruption, and uncertainty of further litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever in any other matter, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny any and all allegations of fault, liability, wrongdoing, or damages. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

K.    Each of the Parties recognizes and acknowledges that the Action has been initiated, filed, and prosecuted by Lead Plaintiff and Class Counsel in good faith and defended by Defendants and Defendants' Counsel in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, and subject to the approval of the Court under Federal Rule of Civil Procedure 23(e) and the other

conditions set forth in Article VI, and for good and valuable consideration set forth herein and conferred on Lead Plaintiff and the Settlement Class, the receipt and sufficiency of which is hereby acknowledged, the Action shall be finally and fully settled, compromised, and dismissed, on the merits and with prejudice, and (i) all Released Plaintiffs' Claims as against the Released Defendant Parties shall be finally and fully compromised, settled, released, discharged, and dismissed with prejudice against the Released Defendant Parties, and (ii) the Released Defendants' Claims shall be finally and fully compromised, settled, released, discharged, and dismissed with prejudice against the Released Plaintiff Parties, in the manner set forth herein.

## I.    DEFINITIONS

1.    In addition to the terms defined elsewhere in this Stipulation, the following capitalized terms used in this Stipulation and any exhibits attached hereto and made a part hereof shall have the following meanings:

(a)    "Administration Costs" means all costs, expenses, and fees associated with administering or carrying out the terms of the Settlement, other than the costs of providing notice of the Settlement to the Settlement Class.

(b)    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator for payment from the Net Settlement Fund that is approved by the Court.

(c)    "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-3, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(d)    "Claimant" means a person or entity who submits a Claim Form to the Settlement Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

      (e)      "<u>Claims</u>" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, diminutions in value, costs, debts, expenses, interest, penalties, fines, sanctions, fees, attorneys' fees, expert or consulting fees, actions, potential actions, causes of action, suits, arbitrations, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including known claims and unknown claims, whether direct, individual, class, representative, legal, equitable or of any other type, or in any other capacity, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule.

      (f)      "<u>Class Counsel</u>" means the law firms of Kirby McInerney LLP, Berman Tabacco, Hannafan & Hannafan, Ltd., and G. Dowd Law LLC.

      (g)      "<u>Class Distribution Order</u>" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

      (h)      "<u>Class Period</u>" means the period from August 11, 2021 through and inclusive of the date of entry of the Judgment.

      (i)      "<u>Court</u>" means the United States District Court for the District of Massachusetts.

      (j)      "<u>Defendants' Counsel</u>" means Sullivan & Cromwell LLP and Wilmer Cutler Pickering Hale and Dorr LLP.

(k)      "Effective Date" means the first business day following the date after which all of the events and conditions specified in paragraph 16 of this Stipulation have been met and have occurred or have been mutually waived by written agreement of the Parties.

(l)      "Email Notice" means the notice of the Settlement to be emailed to all Settlement Class Members for whom Defendants can locate an email address through reasonable efforts in connection with the Settlement, in the form attached hereto as Exhibit A-1, and as set forth below.

(m)      "Escrow Account" means an account maintained at Huntington Bank wherein the Settlement Fund shall be deposited and held in escrow under the control of Lead Counsel. The funds deposited into the Escrow Account shall be invested in instruments backed by the full faith and credit of the U.S. Government or agency thereof (or a mutual fund or similar fund that invests solely in such instruments backed by the U.S. Government), or, if the yield on such instruments is negative, in an account fully insured by the U.S. Government or an agency thereof.

(n)      "Escrow Agent" means Huntington Bank.

(o)      "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(p)      "Fee and Expense Award" means any award to Class Counsel of attorneys' fees and Litigation Expenses to be paid from the Settlement Fund and approved by the Court in accordance with the Stipulation, in full satisfaction of all Claims for attorneys' fees and Litigation Expenses, that have been, could be, or could have been asserted by Class Counsel.

(q)      "Final," when referring to the Judgment or any other court order, means the later of (i) if no appeal is filed, the day after the expiration date of the time provided for filing or

noticing any appeal under the applicable Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or order; or (ii) if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on *certiorari* or otherwise, or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of *certiorari* or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant; provided, however, that any appeals or proceedings relating solely to the amount, payment or allocation of the Fee and Expense Award or the Service Award shall have no effect on finality for purposes of determining the Effective Date and shall not otherwise prevent, limit or otherwise affect the Judgment, or prevent, limit, delay or hinder entry of the Judgment.

(r)    "Immediate Family" means an individual's children, stepchildren, and spouse (a "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union).

(s)    "Judgment" means the Order and Final Judgment to be entered by the Court in the Action in all material respects in the form attached as Exhibit B.

(t)    "Lead Counsel" means the law firm of Kirby McInerney LLP.

(u)    "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting, and settling the Action, for which Class Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(v)    "Long-Form Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear, substantially in the form attached hereto as Exhibit A-2, which is to be made available to Settlement Class

Members via Publication Notice and by first-class mail (if requested or Email Notice is undeliverable).

(w)    "Marketplace NFT(s)" means any NFT purchased, acquired, sold, traded, offered for purchase or sale, disposed of, owned, minted, burned, held, used, listed, or otherwise transacted in a DraftKings account at any point in time, including, but not limited to, any NFT purchased, acquired, sold, traded, offered for purchase or sale, disposed of, owned, minted, burned, held, used, listed, or otherwise transacted at any point in time on or through the DK Marketplace, regardless of whether the NFT was created or licensed by a third party or by DraftKings. For the avoidance of doubt, a Marketplace NFT shall include any NFTs purchased, acquired, sold, traded, offered for purchase or sale, disposed of, owned, minted, burned, held, used, listed, or otherwise transacted in connection with Reignmakers.

(x)    "Net Settlement Fund" means the balance remaining in the Settlement Fund after the payment of: (i) any and all Notice Costs; (ii) any and all Administration Costs; (iii) any and all Taxes; (iv) any Fee and Expense Award; (v) any Service Award; and (vi) any other fees, costs or expenses approved by the Court.

(y)    "Notice and Administration Payment" means up to $300,000 from the Settlement Payment to be paid into the Escrow Account to cover initial Notice Costs and Administration Costs.

(z)    "Notice Costs" means all costs, expenses, and fees associated with providing notice of the Settlement to the Settlement Class. Notice Costs are not part of the Fee and Expense Award.

(aa)    "Notices" shall mean, collectively, the Long-Form Notice and the Publication Notice.

-9-

(bb)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Long-Form Notice.

(cc)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(dd)    "Proof of Claim" means a claim submitted in hardcopy or electronic form on a Claim Form that is submitted to the Settlement Administrator.

(ee)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ff)    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Stockholder Class Action, Settlement Hearing, and Right to Appear, substantially in the form attached hereto as Exhibit A-4, to be published as set forth in the Preliminary Approval Order.

(gg)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(hh)    "Released Defendant Parties" means: (i) the Defendants; (ii) the Immediate Family of any Defendant; (iii) Defendants' past or present, associates, members, managers, partners, partnerships, investment funds, subsidiaries, parents, predecessors, and successors; (iv) all entities that control, are controlled by, or are under common control with any Defendant; (v) all officers, directors, employees, agents, advisors, shareholders, and attorneys (including Defendants' Counsel) of any and all of the foregoing persons and entities; (vi) the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any and all of the foregoing persons and entities;

and (vii) any licensors of intellectual property rights or providers of services to DraftKings in connection with DK Marketplace or Marketplace NFTs, including, without limitation, National Football League Players Association, National Football League Players Incorporated, PGA Tour, Inc., Zuffa Marketing, LLC, LFG NFTS, Corp., and Matic Network BVI LTD, in each case in their capacities as such licensors or service providers to DraftKings and only in connection with the purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or any other transaction in any Marketplace NFTs on the DK Marketplace (collectively, "Marketplace Licensors").

(ii)      "Released Defendants' Claims" means any and all Claims, including Unknown Claims (as defined below), that have been or could have been asserted in the Action, or in any court, tribunal, forum, or proceeding, by Defendants or any of their respective successors and assigns against any of the Released Plaintiff Parties, that arise out of the institution, prosecution, settlement, or dismissal of the Action; provided, however, that the Released Defendants' Claims shall not include Claims to enforce the Stipulation or the Judgment.

(jj)      "Released Plaintiff Parties" means: (i) Lead Plaintiff and all other Settlement Class Members; (ii) all Settlement Class Members' past or present, direct affiliates, associates, members, managers, partners, partnerships, investment funds, attorneys (including Class Counsel), subsidiaries, parents, predecessors, and successors; (iii) all officers, directors, employees, and attorneys of any and all of the foregoing persons and entities; and (iv) the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest and assigns of any of the foregoing persons and entities.

(kk)      "Released Plaintiffs' Claims" means (i) any and all Claims asserted by Lead Plaintiff in the Action, and (ii) any and all Claims and Unknown Claims (as defined below) that

Lead Plaintiff or any member of the Settlement Class asserted or could have asserted in the Action or in any other forum against the Released Defendant Parties in connection with, arising out of, or relating with respect to any Marketplace NFTs or any of the facts alleged in the Action, including, but not limited to, any and all Claims arising out of or relating to: (a) any purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or any other transaction in any Marketplace NFTs during the Class Period; (b) any use or ownership of any Marketplace NFTs during the Class Period; (c) the value of, or consideration paid or received in, any Marketplace NFTs purchased, acquired, sold, traded, transferred, disposed of, owned, used, minted, burned, held, listed, or otherwise transacted in during the Class Period; (d) all disclosures, public statements, press releases, advertising, marketing, or solicitation materials, or other statements issued, made available, or disseminated by any of the Released Defendant Parties relating, directly or indirectly, to any Marketplace NFTs; (e) the fees, expenses or costs (including any Fee and Expense Award) incurred in prosecuting, defending, or settling the Action; (f) the Service Award; or (g) any deliberations, negotiations, representations, omissions, or other conduct leading to the execution of this Stipulation and entering into the Settlement.

Notwithstanding the foregoing, the Released Plaintiffs' Claims do not include (i) all claims relating to the enforcement of this Stipulation and the Settlement; (ii) all claims against Marketplace Licensors unrelated to the purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or any other transaction in Marketplace NFTs on the DK Marketplace, including claims alleged in the complaints filed on or before the date of this Stipulation in the actions captioned *Headley v. LFG NFTs, Corp, et al.*, No. 1:24-cv-24613-FAM (S.D. Fla.), *Headley v. LFG NFTs, Corp, et al.*, No. 2024-015525-CA-01 (Fla. Circ. Ct. Miami-Dade Cty.), and *Mullens v. LFG NFTs, Corp.*, No. 23-SC-331C (Cal. Super. Ct. San Diego Cty.),

(iii) the claims alleged derivatively on behalf of DraftKings in *In re DraftKings Inc. Stockholder Derivative Litigation*, Lead Case No. A-23-871543 (Clark Cty., Nev.); and (iv) all claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

(ll)    "Releasees" means the Released Defendant Parties and the Released Plaintiff Parties.

(mm)    "Releases" means the releases set forth in paragraphs 6 and 7 of this Stipulation.

(nn)    "Service Award" means the award sought by Lead Plaintiff and approved by the Court in consideration for his service during the course of the Action. Any such Service Award is separate and apart from any payment that any Authorized Claimant may receive.

(oo)    "Settlement" means the resolution of the Action against Defendants in accordance with the terms and conditions set forth in this Stipulation.

(pp)    "Settlement Administrator" means A.B. Data, Ltd., the settlement administrator selected by Lead Plaintiff to administer the Settlement.

(qq)    "Settlement Class" means all persons or entities who purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in NFTs in a DraftKings account during the Class Period, including, without limitation, Marketplace NFTs. Excluded from the Class are: (i) Defendants; (ii) DraftKings' officers and directors during the Class Period; (iii) the Immediate Family of Defendants and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who are found by the Court to have timely and validly submitted a request for exclusion from the Settlement Class that is accepted by the Court.

-13-

(rr)    "Settlement Class Member" means each person and entity that is a member of the Settlement Class and that does not timely opt out of the Settlement in the manner specified in this Stipulation.

(ss)    "Settlement Fund" means the Settlement Payment plus any interest earned thereon.

(tt)    "Settlement Hearing" means the hearing set by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

(uu)    "Settlement Payment" means the total amount of Ten Million Dollars ($10,000,000) in cash paid in accordance with the terms and conditions of this Stipulation.

(vv)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ww)    "Unknown Claims" means any Released Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Plaintiffs' Claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Defendants' Claims, including those which, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to the Settlement. The Parties acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiffs' Claims and the Released Defendants'

Claims, but that it is the intention of the Parties, and by operation of law the other Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties also acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of the Released Plaintiffs' Claims and the Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

## II.    SETTLEMENT CONSIDERATION

2.    In consideration for, among other things, the full and final release, settlement, and dismissal with prejudice of the Action, and the discharge of all Released Plaintiffs' Claims against the Released Defendant Parties, the Parties have agreed to the following:

(a)    **Settlement Payment:**

i.    No later than two (2) business days after entry of the Preliminary Approval Order, Lead Plaintiff's Counsel shall provide to Defendants' Counsel complete wire transfer information and instructions for the Escrow Account (including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Payment is to be deposited) (the "Wire Transfer Information"). The Settlement Payment (which includes the Notice and Administration Payment) shall be funded solely by DraftKings.

ii.    No later than ten (10) business days following entry of the Preliminary Approval Order, and provided that Defendants' Counsel is in receipt of the Wire Transfer Information, DraftKings shall deposit or cause to be deposited the Notice and Administration Payment into the Escrow Account.

iii.     No later than ten (10) business days following entry of the Judgment by the Court, and provided that Defendants' Counsel is in receipt of the Wire Transfer Information, DraftKings, on behalf of all Defendants, shall deposit or cause to be deposited the balance of the Settlement Payment (*i.e.*, the Settlement Payment less the Notice and Administration Payment) into the Account.

iv.     Apart from payment of the Notice and Administration Payment and the balance of the Settlement Payment and any costs associated with providing the Settlement Class Information as set forth in paragraph 20 hereof and the provision of notice pursuant to CAFA as set forth in paragraph 21 hereof, Defendants and the Released Defendant Parties shall have no obligation to pay or bear any additional amounts, expenses, costs, damages, or fees to any person or entity, including for the benefit of Lead Plaintiff, Settlement Class Members, or Class Counsel, in connection with this Stipulation and Settlement, including, but not limited to, fees, expenses or costs (including any Fee and Expense Award) incurred in prosecuting, defending, or settling the Action; and any Service Award, Taxes, or any costs of notice or settlement administration or otherwise.

(b)     **Investment and Disbursement of the Settlement Fund:**

i.     The Settlement Fund shall be used: (a) to pay all Notice Costs; (b) to pay all Administration Costs; (c) to pay all Taxes; (d) to pay any Fee and Expense Award; (e) to pay any Service Award; (f) to pay any other fees, costs, or expenses approved by the Court; and following the payment of (a) - (f) herein, (g) for subsequent disbursement of the Net Settlement Fund to the Settlement Class Members as provided in the Plan of Allocation.

ii.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendant Party, or any other person or

-16-

entity that paid any portion of the Settlement Payment shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Proofs of Claim submitted or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. No portion of the Settlement Fund will revert to Defendants, unless the Effective Date does not occur, in which case the Settlement Payment remaining after any expended Notice Costs and Administration Costs shall revert to DraftKings.

iii.    Following entry of the Preliminary Approval Order, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice Costs and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of distributing the Email Notice (or printing and mailing the Long-Form Notice and Claim Form), publishing the Publication Notice, and the administrative expenses actually incurred and fees reasonably charged by the Settlement Administrator in connection with providing notice to the Settlement Class and administering the Settlement (including processing the submitted Proofs of Claim).

iv.    The Settlement Fund shall not be disbursed except as provided in the Stipulation or by an order of the Court.

v.    The Settlement Fund shall be deemed and considered to be in *custodial legis* of the Court, and shall remain subject to the exclusive jurisdiction of the Court, until such time as such funds shall be distributed in accordance with the Stipulation and/or further order(s) of the Court.

(c)    **No Liability**: Except as expressly provided in the Stipulation, Defendants, the other Released Defendant Parties, and Defendants' Counsel shall have no responsibility,

obligations, or liability relating to the investment, distribution, allocation, or disbursement of the Settlement Fund and Net Settlement Fund.

## III.    CLASS CERTIFICATION

3.    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, among other things, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, if the Settlement set forth in this Stipulation otherwise fails to become effective, or if the Effective Date otherwise does not occur. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement and, among other things, that if the Settlement set forth in this Stipulation does not receive the Court's approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, if the Settlement set forth in this Stipulation otherwise fails to become effective, or if the Effective Date otherwise does not occur, this Agreement becomes null and void *ab initio*, and this Stipulation or any other settlement-related statement may not be cited for any purpose, including, but not limited to, regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

**IV.    SCOPE OF SETTLEMENT AND RELEASES**

5.    Upon entry of the Judgment, and subject to the occurrence of the Effective Date, Defendants shall be dismissed with prejudice from the Action without the award of any damages, costs, or fees, or the grant of further relief, except for the Settlement Payment and conduct contemplated by this Stipulation and the Settlement.

6.    Upon the Effective Date, Lead Plaintiff and all Settlement Class Members, on behalf of themselves and the Released Plaintiff Parties and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in their capacities as such, and by operation of law and of the Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiffs' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, instigating, or continuing to prosecute, or in any way participating in the commencement or prosecution of, any Released Plaintiffs' Claims, either directly or indirectly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties.

7.    Upon the Effective Date, each of Defendants, on behalf of themselves and their personal representatives, heirs, executors, administrators, successors and assigns, in their capacities as such, and by operation of law and of the Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

8.    The contemplated releases given by the Parties and the Settlement Class Members in this Stipulation extend to Released Claims that the Parties did not know or suspect to exist at

the time of the release, including those which, if known, might have affected the decision to enter

into this Stipulation and the Settlement.

9.      Regarding the Released Claims, the Parties and the Settlement Class Members shall

be deemed to have waived all provisions, rights, and benefits conferred by any law of the United

States, any law of any state, or principle of common law which governs or limits a person's release

of Unknown Claims to the fullest extent permitted by law, and to have relinquished, to the full

extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil

Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY.

10.     The obligations incurred pursuant to this Stipulation and Settlement shall be in full

and final disposition of the Action and the Released Claims. It is the intention of the Parties that

the Settlement eliminate all further risk and liability relating to the Released Claims, and that the

Settlement shall be a final and complete resolution of all disputes asserted or which could be or

could have been asserted with respect to the Released Claims, including any Unknown Claims.

11.     Notwithstanding paragraphs 6 and 7 above, nothing in the Judgment shall bar any

action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## V.      SUBMISSION OF SETTLEMENT TO THE COURT FOR APPROVAL

12.     As soon as practicable after execution of this Stipulation, Lead Plaintiff: (i) shall

apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order,

substantially in the form attached hereto as Exhibit A, providing for, among other things: (a) the

dissemination by email of the Email Notice, substantially in the form attached hereto as Exhibit

A-1; (b) the posting of the Long-Form Notice and Claim Form on the settlement website, substantially in the form of Exhibits A-2 and A-3, respectively; (c) the publication of the Publication Notice, substantially in the form attached hereto as Exhibit A-4; and (d) the scheduling of the Settlement Hearing to consider (1) the proposed Settlement, (2) the request that the Judgment be entered in all material respects in the form attached hereto as Exhibit B, (3) Class Counsel's application for any Fee and Expense Award, (4) any application for a Lead Plaintiff Service Award, and (5) any objections to any of the foregoing; and (ii) take all reasonable and appropriate steps to seek and obtain entry of the Preliminary Approval Order.

13.     Lead Plaintiff shall request at the Settlement Hearing that the Court approve the Settlement and enter the Judgment.

14.     The Parties shall take all reasonable and appropriate steps to obtain Final entry of the Judgment in all material respects in the form attached hereto as Exhibit B.

15.     Notice to the Settlement Class shall be provided in accordance with the Preliminary Approval Order. Class Counsel shall retain the Settlement Administrator to disseminate the Notices and for the disbursement of the Net Settlement Fund to Settlement Class Members. Defendants shall cooperate with Lead Plaintiff in providing the Notices, including, but not limited to, providing the Settlement Class Information in accordance with paragraph 20 hereof.

## VI.    EFFECTIVE DATE; CONDITIONS OF SETTLEMENT

16.     The Effective Date of this Stipulation and the Settlement shall be deemed to occur upon the first business day after all of the following events and conditions have been met or have occurred or have been mutually waived by written agreement of the Parties, which the Parties shall use their best efforts to achieve:

(a)     All Parties have executed the Stipulation;

(b)     the Court has entered the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A;

(c)     the Court has entered the Judgment in all material respects in the form attached hereto as Exhibit B;

(d)     the Action is dismissed with prejudice regarding all Settlement Class Members (including Lead Plaintiff) without the award of any damages, costs, or fees, or the grant of further relief, except for the Settlement Payment and conduct contemplated by this Stipulation and the Settlement;

(e)     the Judgment has become Final;

(f)     the full amount of the Settlement Payment has been paid into the Escrow Account in accordance with the provisions of paragraph 2(a) above;

(g)     Defendants have not exercised any right to terminate the Settlement pursuant to the provisions of this Stipulation (including DraftKings' option to terminate the Settlement pursuant to the Supplemental Agreement described in paragraph 47 hereof); and

(h)     Lead Plaintiff has not exercised any right to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to paragraph 46 hereof).

17.     Upon the occurrence of the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

## VII.    NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Class Counsel shall seek appointment of a Settlement Administrator. The Settlement Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Proofs of Claim, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of

Defendants, nor any other Released Defendant Party, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Settlement Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause a copy of the Email Notice to be emailed to all potential members of the Settlement Class as may be identified through reasonable effort. The Long-Form Notice will be mailed by first-class mail if requested or if Email Notice is undeliverable. Class Counsel shall also cause the Settlement Administrator to: (i) have the Publication Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court; and (ii) post the Long-Form Notice and Claim Form on the settlement website. The Long-Form Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Class Counsel and a Lead Plaintiff Service Award; the date of the Settlement Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Long-Form Notice, Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Settlement Administrator. This in addition to a toll-free help line will be made available to Settlement Class Members to provide them with additional information about the Settlement.

20.     Solely to assist in the dissemination of notice, within fourteen (14) business days of the date of entry of the Preliminary Approval Order, DraftKings shall use reasonable efforts to provide or cause to be provided to Class Counsel and the Settlement Administrator, to the extent known or reasonably knowable or otherwise readily identifiable, the names, contact information (including mailing addresses and email addresses), DraftKings account numbers, DraftKings user names, and DraftKings account and transaction information (relating to Marketplace NFTs) in an electronic format, such as Excel, of DraftKings customers who purchased, sold, or held Marketplace NFTs ("Settlement Class Information"). DraftKings shall provide, or cause to be provided, the Settlement Class Information at no cost to Lead Plaintiff or Class Counsel. The Settlement Class Information shall be deemed "Highly Confidential" pursuant to the Protective Order entered in the Action, and shall be subject to all of the provisions thereof. The sharing of the Settlement Class Information shall be done pursuant to the Protective Order, and as a condition of this Stipulation, Class Counsel shall require the Settlement Administrator to comply with the Protective Order and any applicable law regarding the privacy rights of the Settlement Class Members.

21.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve proper notice as required under Section 1715(b) of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*. ("CAFA"). DraftKings shall be solely responsible for the costs of those CAFA notices. At least seven (7) calendar days before the Settlement Hearing, or as otherwise ordered by the Court, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22.     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Claim Form, substantially in the

form attached hereto as Exhibit A-3, or in electronic form, in accordance with the instructions for the submission of such Proofs of Claim. The Settlement Administrator shall receive Proofs of Claim and determine first, whether the Claim is a valid claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund in accordance with the Plan of Allocation set forth in the Long-Form Notice attached hereto as Exhibit A-2, or in such other plan of allocation as the Court approves. Copies of all requests for exclusion received shall be sent to Defendants' Counsel and to Class Counsel within a reasonable time of receipt by the Settlement Administrator and in any event not less than five (5) days of receipt thereof. Copies of all written retractions of requests for exclusion received shall be sent to Defendants' Counsel and to Class Counsel within a reasonable time of receipt by the Settlement Administrator and in any event not less than three (3) calendar days prior to the Settlement Hearing.

23.     The Plan of Allocation proposed in the Long-Form Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Released Defendant Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Released Defendant Parties, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the

Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claim Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of paragraph 25 below.

25.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in paragraph 24 above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26.     Any Settlement Class Member who does not submit a valid Proof of Claim or whose Proof of Claim is rejected will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Parties with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Stipulation and the Settlement.

27.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Released Defendant Party, shall be permitted to review, contest, or object

to any Proof of Claim, or any decision of the Settlement Administrator or Class Counsel with respect to accepting or rejecting any claim for payment. Class Counsel shall have the right, but not the obligation, to accept untimely Proofs of Claim received prior to the Settlement Hearing or to waive what it deems to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

28.    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Class Counsel, to be described in the Long-Form Notice, and approved by the Court. As detailed in the Plan of Allocation, to participate in the distribution, Authorized Claimants must be entitled to a distribution payment of at least $5.00. If any funds remain in the Net Settlement Fund after the initial distribution, then the remaining balance of the Net Settlement Fund six (6) months after the initial distribution shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $5.00 payment; (ii) second, to pay any additional Notice Costs and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who would receive at least $5.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, the Parties will request distribution of any unclaimed funds to an appropriate cy pres recipient that meets the standards for cy pres recipients under federal law. The cy pres recipients will be identified by Defendants and approved by Lead Plaintiff (which approval shall not be unreasonably withheld), and the Parties will propose the cy pres recipient to the Court for its approval.

29.     After the Effective Date, Class Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to Defendants, for the Class Distribution Order. The Net Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Class Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Award, Service Award, all Notice Costs or Administration Costs, and any other Settlement administration costs have been resolved by the Court and such resolution is Final, and (c) all costs of the Settlement administration have been paid.

30.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Proofs of Claim are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties with respect to any and all of the Released Plaintiffs' Claims.

31.     No person or entity shall have any claim against Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel, or Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of Taxes

(including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.    All proceedings with respect to the administration, processing and determination of Proofs of Claim and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Proofs of Claim, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## VIII.    ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD

33.    Class Counsel will apply to the Court for a collective award of attorneys' fees to Class Counsel to be paid from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Class Counsel's costs and expenses directly related to its representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Class Counsel's application for a Fee and Expense Award is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

34.    The Fee and Expense Award shall be paid to Class Counsel from the Escrow Account following receipt of the balance of the Settlement Payment in the Account in accordance with Paragraph 2(a)(iii) above, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement, the Fee and Expense Award or any part thereof, subject to Class Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund (a) in the amount of the Fee and Expense Award, plus accrued interest at the same net rate as is earned by the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or (b) the difference between the

Fee and Expense Award on the one hand, and any attorneys' fees and expenses ultimately and finally awarded on appeal, further proceedings on remand, or otherwise, on the other hand, if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full, including, for the avoidance of doubt, any plaintiff incentive or service award, no later than thirty (30) days after: (a) receiving Defendants' Counsel's notice of the termination of the Settlement; or (b) any order reducing or reversing the Fee and Expense Award has become Final.

35.     A Fee and Expense Award is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to a Fee and Expense Award. Class Counsel's application for a Fee and Expense Award may be considered separately from the proposed Stipulation. Any disapproval or modification of Class Counsel's application for a Fee and Expense Award by the Court or on appeal shall not affect or delay the Effective Date nor the enforceability of this Stipulation, provide any of the Parties with the right to terminate the Settlement, or affect or delay the binding effect or finality of the Judgement and the release of the Released Plaintiffs' Claims. Final resolution of Class Counsel's application for a Fee and Expense Award shall not be a condition to the dismissal, with prejudice, of the Action as to Defendants or the effectiveness of the releases of the Released Plaintiffs' Claims.

36.     Class Counsel warrants that no portion of any Fee and Expense award shall be paid to Lead Plaintiff or any Settlement Class Member, except as may be approved by the Court, such as in the case of a plaintiff incentive or service award.

37.     Class Counsel shall allocate the Fee and Expense Award amongst Class Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

38.     The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the allocation of the Fee and Expense Award. The Fee and Expense Award shall be payable solely from the Escrow Account. With the sole exception of DraftKings' obligation to cause the Settlement Payment to be paid into the Escrow Account pursuant to paragraph 2 above, Defendants and the other Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees, expenses, or costs

39.     Class Counsel may also petition the Court for a Service Award to Lead Plaintiff in connection with the Action; Defendants take no position on the propriety or amount of any such award. If approved by the Court, the Settlement Administrator will pay the Service Award from the Settlement Fund after the Effective Date. The Service Award is not a measure of damages, but is solely an award for the Lead Plaintiff's service in this case. Other than any Service Award, Class Counsel warrants that no portion of any Fee and Expense Award shall be paid to Lead Plaintiff or any Settlement Class Member, except as may be approved by the Court.

## IX.     TAXES

40.     The Parties agree that the Settlement Fund together with all interest earned on the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-l. The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Article IX, including, if necessary, the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such

Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. DraftKings shall provide, or shall cause to be provided, the statement described in Treas. Reg. § 1.468B-3(e) to Class Counsel within the time period required thereunder.

41.    The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in paragraph 40 hereof) shall be consistent with this Article IX and in all events shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 42 hereof.

42.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for Taxes or the acts or omissions of Class Counsel or its agents (including, without limitation, the Escrow Agent) with respect to Taxes relating to the Settlement Fund.

43.    Subject to paragraph 2(b)(ii) above, in the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice Costs and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other

Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Payment.

44.    Defendants agree to cooperate with Class Counsel, as administrators of the Settlement Fund, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section; provided that there is no additional cost to Defendants.

## X.    TERMINATION OF SETTLEMENT; EFFECT OF TERMINATION, DISAPPROVAL, PARTIAL APPROVAL, OR CANCELLATION

45.    Subject to paragraph 48 hereof, if either (i) the Court finally refuses to enter the Judgment in any material respect or alters the Judgment in any material respect prior to entry, or (ii) the Court enters the Judgment, but on or following appellate review, the Judgment is modified or reversed in any material respect, the Settlement and this Stipulation shall be canceled and terminated unless each of the Parties, within ten (10) business days from receipt of such ruling, agrees in writing to proceed with this Stipulation and the Settlement, including only with such modifications, if any, as to which all other Parties in their sole and absolute discretion for any reason or no reason may agree. However, neither a modification nor a reversal on appeal of the Fee and Expense Award, the Service Award, or the Plan of Allocation, shall be deemed a material modification of the Judgment or this Stipulation.

46.    In addition to the grounds set forth in paragraph 45 above, Lead Plaintiff shall have the right to terminate the Settlement in the event that each of the following has occurred: (i) the Settlement Payment has not been paid as provided for in paragraph 2(a) above; (ii) Lead Plaintiff thereafter provides written notice of the election to terminate to Defendants' Counsel; and (iii) there is a failure to pay the Settlement Payment within fourteen (14) calendar days of such written notice.

47.     In addition to the grounds set forth in paragraph 45 above, Defendants shall have the unilateral right to terminate the Settlement in the event that collective requests for exclusion from the Settlement Class by potential Settlement Class Members meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notices or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Lead Plaintiff and Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

48.     If this Stipulation and Settlement is disapproved, canceled, or terminated pursuant to its terms or the Effective Date otherwise fails to occur, then: (i) the Parties shall be deemed to have reverted to their respective litigation status immediately before October 22, 2024, they shall negotiate a new trial schedule in good faith, and they shall proceed as if the Stipulation and Settlement had not been executed and the related orders had not been entered; (ii) any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; (iii) all of the Parties' respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way; and (iv) the statements made in connection with the negotiations of this Stipulation shall not be deemed to prejudice in any way the positions of any of the Parties with respect to the Action, or to constitute an admission of fact of wrongdoing by any Party, and shall not be used or entitle any Party to recover any fees, costs, or expenses

incurred in connection with the Action, and neither the existence of this Stipulation nor its contents nor any statements made in connection with its negotiation or any settlement communications shall be admissible in evidence in any matter or proceeding or shall be referred to for any purpose in the Action, or in any other litigation or judicial proceeding.

49.    Within five (5) business days after joint written notification is sent by Defendants' Counsel and Class Counsel to the Escrow Agent that this Stipulation has been disapproved, canceled, or terminated pursuant to its terms or the Effective Date has otherwise failed to occur, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any Fee and Expense Award or Service Award, or other amounts received by Class Counsel consistent with Article VIII above), less any Notice Costs and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, shall be returned to DraftKings.

## XI.    STAY PENDING COURT APPROVAL

50.    The Parties hereby agree to a stay of the proceedings in this Action, and that no Party shall initiate any actions asserting any Released Claim, pending the occurrence of the Effective Date. Lead Plaintiff and Defendants agree to use their reasonable commercial efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of, any Settlement Class Member in any other proceedings that challenge the Settlement or otherwise assert or involve the commencement or prosecution of any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any Released Defendant Party.

51.    The Parties will request that, pending final determination of whether the Settlement should be approved, the Court order that Lead Plaintiff and all members of the Settlement Class

are barred and enjoined from commencing or prosecuting any and all of the Released Plaintiffs'

Claims against each and all of the Released Defendant Parties.

## XII.    NO ADMISSION OF LIABILITY

52.    It is expressly understood and agreed that neither this Stipulation and the Settlement

(whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading

to the execution of this Stipulation and the Settlement, nor any proceedings taken pursuant to or in

connection with the Stipulation and/or approval of the Settlement (including any arguments

proffered in connection therewith) shall be deemed or argued to be evidence of or to constitute an

admission or concession by: (a) Defendants or any other Released Defendant Parties as to (i) the

truth of any fact alleged by Lead Plaintiff, (ii) the validity of any claims or other issues raised, or

which might be or might have been raised, in the Action or in any other litigation, (iii) the

deficiency of any defense that has been or could have been asserted in the Action or in any other

litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of

them expressly denies; or (b) Lead Plaintiff that any of their claims are without merit, that any of

Defendants had meritorious defenses, or that damages recoverable from Defendants under the

Complaint would not have exceeded the Settlement Payment.

53.    The Released Defendant Parties may file this Stipulation and/or the Judgment in

any action that has been or may be brought against them in order to support a claim or defense

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment

bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim or in connection with any insurance litigation.

## XIII.   MISCELLANEOUS PROVISIONS

54.    All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, if there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

55.    DraftKings warrants that, as to the payments made or to be made on behalf of Defendants, at the time of entering into this Stipulation and at the time of such payment, DraftKings is not insolvent, nor will the payment required to be made by it render DraftKings insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by DraftKings and not by its counsel.

56.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all Claims and disputes asserted or that could be asserted by Lead Plaintiff and any other Settlement Class Members against the Released Defendant Parties with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed D. Melnick, Esq. and Orna Artal, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. In all events, Lead Plaintiff and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by

any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

57.    The terms and conditions of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

58.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

59.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for a Fee and Expense Award to Class Counsel, a Service Award to Lead Plaintiff, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

60.    Any condition in this Stipulation may be waived by the Party entitled to enforce the condition in a writing signed by that Party or its counsel. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

61.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and this Stipulation and its exhibits and supersede all written or oral communications, agreements, or understandings that may have existed prior to the execution of this Stipulation by the Parties. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto

concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

62.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

63.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

64.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     Subject to paragraph 53 above, any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

66.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

67.     All counsel and all other persons executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

68.     Class Counsel and Defendants' Counsel agree to use reasonable commercial efforts to cooperate fully with one another in seeking Court approval of the Settlement, as embodied in this Stipulation, and to use reasonable commercial efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

69.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt by overnight delivery or email transmission, with confirmation of delivery (in the case of overnight delivery). Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Class Counsel: | Kirby McInerney LLP<br>Attn: Anthony F. Fata<br>211 West Wacker Drive, Suite 550<br>Chicago, Illinois 60606<br>Email: afata@kmllp.com<br><br>Berman Tabacco<br>Attn: Patrick T. Egan<br>1 Liberty Square<br>Boston, Massachusetts 02109<br>Email: pegan@bermantabacco.com |
| If to Defendants or Defendants' Counsel: | Sullivan & Cromwell LLP<br>Attn: Brian T. Frawley<br>125 Broad Street<br>New York, New York 10004<br>Email: frawleyb@sullcrom.com |

70.     Except as otherwise provided herein, each Party shall bear its own costs.

71.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation and the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel agree to keep all non-public settlement negotiations, discussions, drafts, agreements, and proceedings in connection with the Stipulation and the Settlement confidential.

72.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

73.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

IN WITNESS WHEREOF, the Parties, through their undersigned counsel, caused this Stipulation to be executed as of the date first set forth above.

[Signatures on Next Page]

Respectfully submitted,

**KIRBY McINERNEY LLP**
*/s/ Anthony F. Fata*
Anthony F. Fata (admitted *pro hac vice*)
Cormac H. Broeg (admitted *pro hac vice*)
Kirby McInerney LLP
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606
312.767.5180
afata@kmllp.com

Sarah E. Flohr (admitted *pro hac vice*)
Kirby McInerney LLP
250 Park Avenue, Suite 820
New York City, New York 10177
212.371.6600
sflohr@kmllp.com
*Lead Counsel for Lead Plaintiff Dufoe*

**BERMAN TABACCO**
*/s/ Patrick T. Egan*
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
1 Liberty Square
Boston, Massachusetts 02109
617.542.8300
pegan@bermantabacco.com
jsaif@bermantabacco.com
*Local Counsel for Lead Plaintiff Dufoe*

**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan (admitted *pro hac vice*)
Hannafan & Hannafan, Ltd.
161 North Clark Street, Suite 1700
Chicago, Illinois 60601
312.527.0055
bth@hannafanlaw.com

**G. DOWD LAW LLC**
George Dowd (admitted *pro hac vice*)
161 North Clark Street, 16th Floor
Chicago, IL 60601
312.854.8300
george.dowd@gdowd.law
*Additional Counsel for Lead Plaintiff Dufoe*

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**
*/s/ Andrew S. Dulberg*
Andrew S. Dulberg (BBO #675405)
Michael G. Bongiorno (BBO #558748)
60 State Street
Boston, MA 02109
andrew.dulberg@wilmerhale.com
michael.bongiorno@wilmerhale.com
Tel: (617) 526-6000

**SULLIVAN & CROMWELL LLP**
*/s/ Brian T. Frawley*
Brian T. Frawley (admitted *pro hac vice*)
Benjamin R. Walker (admitted *pro hac vice*)
Charles H. Sullivan (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
frawleyb@sullcrom.com
walkerb@sullcrom.com
sullivanc@sullcrom.com
Tel: (212) 558-4000

*Counsel for Defendants DraftKings Inc., Jason D. Robins, Jason K. Park, and Matthew Kalish*

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

---

JUSTIN DUFOE, on Behalf of Himself
and All Others Similarly Situated,

                      Lead Plaintiff,

        v.

DRAFTKINGS INC., JASON D.
ROBINS, JASON K. PARK, and
MATTHEW KALISH,
                      Defendants.

Case No. 1:23-cv-10524-DJC

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE

WHEREAS, a putative securities action is pending in this Court entitled *Justin Dufoe* v. *DraftKings Inc., et al.*, No. 1:23-cv-10524-DJC (D. Mass.) (the "Action");

WHEREAS, Lead Plaintiff Justin Dufoe ("Lead Plaintiff"), on behalf of himself and other members of the Settlement Class, and (ii) Defendants DraftKings Inc. ("DraftKings"), Jason D. Robins, Jason K. Park, and Matthew Kalish (together with DraftKings, "Defendants") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 26, 2025 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement

Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Definitions** – Unless otherwise defined herein, capitalized terms used herein shall have the same meanings given to them in the Stipulation (certain of which are repeated here for ease of reference only).

2.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over Lead Plaintiff, Defendants, and each of the Settlement Class Members.

3.      **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure solely for purposes of effectuating the proposed Settlement: all persons or entities who purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in non-fungible tokens ("NFTs") in a DraftKings account during the Class Period, including, without limitation, Marketplace NFTs. Excluded from the Class are: (i) Defendants; (ii) DraftKings' officers and directors during the Class Period; (iii) the Immediate Family of Defendants and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

4.      **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Class Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

7.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:___ ___.m. at Courtroom 11 of the John Joseph Moakley United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210, for the

following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Class Counsel should be appointed as counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the application by Class Counsel for a Fee and Expense Award should be approved; (f) to determine whether the request for a Service Award to Lead Plaintiff Justin Dufoe should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraphs 9 through 10 of this Order.

8.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

9.     **Retention of Settlement Administrator and Manner of Giving Notice** – Class Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Proofs of Claim as more fully set forth below.

10.     Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a)    beginning not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Email Notice, substantially in the form attached hereto as Exhibit A-1 to be emailed to all potential Settlement Class Members who may be identified through reasonable effort, including those identified by DraftKings; thereafter, the Long-Form Notice will be mailed by first-class mail if requested or if Email Notice is undeliverable;

(b)    by the Notice Date, the Settlement Administrator shall cause copies of the Long-Form Notice and Claim Form, substantially in the forms attached hereto as Exhibits A-2 and A-3, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded and shall maintain a toll-free number, which Settlement Class Members can call with questions about the Settlement;

(c)    not later than ten (10) business days after the Notice Date, the Settlement Administrator shall cause the Publication Notice, substantially in the form attached hereto as Exhibit A-4, to be transmitted once over the PR Newswire; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing, and publication.

11.    **Provision of Settlement Class Information** – Within fourteen (14) business days of the date of entry of this Order, DraftKings shall use reasonable efforts to provide or cause to be provided to Class Counsel and the Settlement Administrator, to the extent known or reasonably knowable or otherwise readily identifiable, the names and contact information (including mailing addresses and email addresses) in an electronic format, such as Excel, of DraftKings customers who purchased, sold, or held Marketplace NFTs ("Settlement Class Information"). The Settlement

Class Information shall be deemed "Highly Confidential" pursuant to the Protective Order that has been entered in the Action, and shall be subject to all of the provisions thereof. The sharing of the Settlement Class Information shall be done pursuant to the Protective Order, and Class Counsel shall require the Settlement Administrator to comply with the Protective Order and any applicable law regarding the privacy rights of the Settlement Class Members.

12.     To the extent that any federal or state law or other legal authority governing the disclosure of personal data permits disclosure of the Settlement Class Information only pursuant to an order of a court ("Personal Data Disclosure Law"), this Order shall constitute compliance with such requirement. Further, to the extent that any Personal Data Disclosure Law requires DraftKings to give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any personal data, the Court finds that there is good cause to excuse such requirement for purposes of disclosing the Settlement Class Information, in view of the protections provided for this information designated under the Protective Order entered in the Action. Additionally, this Order shall constitute an express direction that DraftKings is exempt from obtaining an additional court order, having to notify or obtain consent from any person or entity prior to disclosure of personal data in connection with the Settlement, or having to provide a certification that notice has been waived for good cause.

13.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Email Notice, Long-Form Notice, Claim Form, and Publication Notice, attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the internet distribution via the Settlement Website of the Long-Form Notice and Claim Form and the publication of the Publication Notice in the manner and form set forth in paragraph 10 of this Order: (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated,

under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's application for an award of attorneys' fees and litigation expenses, including their request for an incentive award to Lead Plaintiff, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's application for an award of attorneys' fees and litigation expenses, including their request for an incentive award to Lead Plaintiff, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitute due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Email Notice, Long-Form Notice, and Publication Notice before they are mailed and published, respectively.

14.     **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under Section 1715(b) of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), no later than ten (10) calendar days following the filing of the Stipulation with the Court. DraftKings shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

15.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained

therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim and the subject matter of the Settlement.

16.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation in accordance with the instructions accompanying the Claim Form, or such other documentation or proof as is deemed adequate by Class Counsel or the Settlement Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Settlement Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

17.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Proof of Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from

commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notices. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 15 of this Order.

18.    **Exclusion from the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notices, which shall provide that: (a) any such request for exclusion from the Settlement Class must be signed and mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *DraftKings NFT Settlement*, EXCLUSIONS, c/o A.B. Data, P.O. Box. 173039, Milwaukee, WI 53217; and (b) each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) identify all transactions in Marketplace NFTs by or on behalf of such person or entity during the Settlement Class Period; and (iii) state that such person or entity "requests exclusion from the Settlement Class in *Dufoe* v. *DraftKings Inc.*, No. 1:23-cv-10524-DJC (D. Mass.)." A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

19.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

20.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties, as more fully described in the Stipulation and Notices.

21.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 22 of this Order, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

22.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and Service Award and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for

attorneys' fees, Litigation Expenses, and Service Award should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and litigation expenses, or an incentive award to Lead Plaintiff unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  | |
|---|---|
| Class Counsel: | Kirby McInerney LLP<br>Attn: Anthony F. Fata<br>211 West Wacker Drive, Suite 550<br>Chicago, Illinois 60606<br>Email:  afata@kmllp.com |
| Defendants' Counsel: | Sullivan & Cromwell LLP<br>Attn: Brian T. Frawley<br>125 Broad Street<br>New York, New York 10004<br>Email: frawleyb@sullcrom.com |

23.     Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) identify the case name and docket number, *Dufoe* v. *DraftKings Inc.*, No. 1:23-cv-10524-DJC (D. Mass.); (b) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (c) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documents sufficient to prove membership in the Settlement Class; and (e) be signed by the person or entity requesting exclusion or an authorized representative. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection

must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

24.     Unless the Court otherwise directs, any person who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and litigation expenses, and an incentive award to Lead Plaintiff and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Award, and Service Award, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the Fee and Expense Award, and Service Award in this or any other proceeding.

25.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Settlement Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims, either directly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties.

26.     **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and litigation expenses, including any request for an incentive award to Lead Plaintiff, no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

28.     **Settlement Fund** – The contents of the Settlement Fund held in the Escrow Account shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

29.     **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

30.     **Effectiveness of Judgment** – If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter the Judgment substantially in the form attached to the Stipulation as Exhibit B. The effectiveness of the Judgment shall not be conditioned upon the approval of a Fee and Expense Award or Service Award, either at all or in any particular amount, by the Court.

31.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Order and any related orders entered by the Court shall be treated as vacated, *nunc pro tunc*; the Stipulation shall be null and void and of no force and effect (except as otherwise provided for in the Stipulation); Lead Plaintiff and Defendants shall be deemed to have reverted to their respective litigation status immediately prior

to October 22, 2024; Lead Plaintiff and Defendants shall negotiate a new trial schedule in good faith; Lead Plaintiff and Defendants shall proceed as if the Stipulation had not been executed and the related orders had not been entered; all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice; and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice Costs and Administration Costs actually incurred, paid or payable) shall be returned.

32.    **Retention of Jurisdiction** – The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to the Settlement Class, and the Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

33.    **No Admissions** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) is or shall not be deemed or argued to be evidence of or to constitute any admission or concession by: (a) Defendants or any other Released Defendant Parties as to (i) the truth of any fact alleged by Lead Plaintiff, (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Action or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies; or (b) Lead Plaintiff that any of their claims are without merit, that any of Defendants had

meritorious defenses, or that damages recoverable from Defendants under the Complaint would not have exceeded the amount of the Settlement Payment.

34.    **Other Proceedings** – The Released Defendant Parties may file this Order and/or the Stipulation in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in connection with any insurance litigation.

35.    **Headings** – The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

36.    **Extensions** – The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Settlement Class Members.

SO ORDERED this _____ day of _____, 2025.


_____
The Honorable Denise J. Casper
United States District Judge

# EXHIBIT A-1

**EXHIBIT A-1**

**Claim Identification Number:**
**PIN:**

**Visit www.draftkingsnftsettlement.com for copies of the Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear and the Proof of Claim and Release Form**

**TO: ALL PERSONS WHO PURCHASED, SOLD, HELD, OR OTHERWISE TRANSACTED DRAFTKINGS NFTS FROM AUGUST 11, 2021 THROUGH THE PRESENT, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Massachusetts, that a hearing will be held on [DATE], at [TIME] before the Honorable Denise J. Casper, United States District Judge of the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210, for the purpose of determining: (1) whether the proposed Settlement of the claims in *Dufoe v. DraftKings*, No. 1:23-cv-10524 (D. Mass.) (the "Action") for consideration including the sum of $10,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether the application of Class Counsel for an award of attorneys' fees of up to one-third plus interest of the Settlement Amount, reimbursement of expenses of not more than $100,000, and a service payment to Lead Plaintiff of not more than $50,000 should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated February 26, 2025 (the "Stipulation"). The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

If you purchased, sold, held, or otherwise transacted DraftKings NFTs from August 11, 2021 through present, both dates inclusive, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership of DraftKings NFTs. If you need assistance obtaining a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form ("Claim Form"), you may write, call, or contact the Claims Administrator: DraftKings NFT Settlement, c/o A.B. Data, P.O. Box 173039, Milwaukee, WI 53217; Phone: 877-833-9186; Email: info@draftkingsnftsettlement.com. You can also download copies of the Notice and submit your Claim Form online at www.draftkingsnftsettlement.com. If you are a member of the Settlement Class, to share in the distribution of the Net Settlement Fund, you must submit a Claim Form electronically or postmarked no later than [DATE], to the Claims Administrator, establishing that you are entitled to a share in the recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than [DATE], in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Stipulation.

Any objection to the Settlement, Plan of Allocation, or Class Counsel's request for a fee and expense award or Lead Plaintiff service award must be in the manner and form explained in the detailed notice and received no later than [DATE], by each of the following:

| Clerk of the Court<br>United States District Court<br>District of Massachusetts<br>1 Courthouse Way<br>Boston, MA 02210 | Kirby McInerney LLP<br>Attn: Anthony F. Fata<br>211 W. Wacker Dr., Suite 550<br>Chicago, IL 60606<br><br>**Plaintiff's Lead Counsel** | Sullivan & Cromwell LLP<br>Attn: Brian T. Frawley<br>125 Broad St.<br>New York, NY 10004<br><br>**Counsel for Defendants** |
|---|---|---|

If you have any questions about the Settlement, please contact the Claims Administrator:
DraftKings NFT Settlement
c/o A.B. Data
P.O. Box 173039
Milwaukee, WI 53217
Toll Free Number: (877) 833-9186
Email: info@draftkingsnftsettlement.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

# EXHIBIT A-2

**EXHIBIT A-2**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JUSTIN DUFOE, on Behalf of Himself
and All Others Similarly Situated,

                        Lead Plaintiff,

        v.

DRAFTKINGS INC., JASON D.
ROBINS, JASON K. PARK, and
MATTHEW KALISH,
                        Defendants.

Case No. 1:23-cv-10524-DJC

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"), if, during the period from August 11, 2021 through and inclusive of the date of entry of the Judgment (the "Settlement Class Period"), you purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in non-fungible tokens ("NFTs") in a DraftKings Inc. ("DraftKings" or the "Company") account, including, but without limitation, DraftKings Marketplace ("DK Marketplace") NFTs, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Justin Dufoe ("Lead Plaintiff") on behalf of himself and the Settlement Class (as defined in ¶ 14 below), have reached a proposed Settlement of the Action for $10,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

These rights and options – **and the deadline to exercise them** – are explained in this Notice.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 26, 2025 (the "Stipulation"), which is available at www.draftkingsnftsettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE, VIA EMAIL, OR POSTMARKED NO LATER THAN [DATE].** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 23 below) that you have against Released Defendant Parties (defined in ¶ 24 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [DATE].** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Released Defendant Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [DATE].** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for a Fee and Expense Award, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the request for a Fee and Expense Award unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING CURRENTLY SCHEDULED FOR [DATE] AT __:__.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [DATE].** | Filing a written objection and notice of intention to appear by [DATE] allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for a Fee and Expense Award. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

The Court overseeing this case still has to decide whether the approve the Settlement.

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may: (1) see the Settlement Agreement available at www.draftkingsnftsettlement.com; (2) contact Class Counsel representing the Class Members (contact information listed under Paragraph 61 below); (3) access the Court docket in the case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

| WHAT THIS NOTICE CONTAINS |
|---|

**Page**

What This Notice Contains ................................................................................................ 3

Why Did I Receive This Notice? ....................................................................................... 4

What Is This Case About? ................................................................................................. 4

How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Settlement Class? ....................................................................... 6

What Are Lead Plaintiff's Reasons For The Settlement? ................................................. 6

What Might Happen If There Were No Settlement? ......................................................... 7

How Are Settlement Class Members Affected By The Action And The Settlement? ...... 7

How Do I Participate In The Settlement?
What Do I Need To Do? .................................................................................................... 9

How Much Will My Payment Be? .................................................................................... 10

Proposed Plan Of Allocation ........................................................................................... 11

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid? ..................................................................................... 13

What If I Do Not Want To Be A Member Of The Settlement Class?
How Do I Exclude Myself? .............................................................................................. 13

When And Where Will The Court Decide Whether To Approve The Settlement?
Do I Have To Come To The Hearing?
May I Speak At The Hearing If I Do Not Like The Settlement? ...................................... 14

Can I See The Court File?
Whom Should I Contact If I Have Questions? ................................................................. 15

## WHY DID I RECEIVE THIS NOTICE?

1.   The Court directed that this Notice be mailed to you because you may have purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in DraftKings NFTs during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator, selected by Lead Plaintiff and approved by the Court, will make payments pursuant to the Settlement after any objections and appeals are resolved.

2.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for a Fee and Expense Award and the Service Award (the "Settlement Hearing"). *See* paragraph 51 below for details about the Settlement Hearing, including the date and location of the hearing.

3.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

4.   A class action complaint was filed in the Court on March 9, 2023, styled *Dufoe et al. v. DraftKings Inc. et al.*, No. 1:23-cv-10524 (D. Mass.).

5.   By Order dated June 6, 2023, Dufoe was appointed Lead Plaintiff, and its selection of Kirby McInerney LLP to serve as Lead Counsel and Berman Tabacco to serve as Local Counsel was approved by the Court. Together, Kirby McInerney LLP, Berman Tabacco, Hannafan & Hannafan Ltd., and G. Dowd Law LLC serve as Class Counsel.

6.   On August 4, 2023, Lead Plaintiff filed the Amended Complaint for violation of federal and Massachusetts securities laws alleging claims (i) against all Defendants for alleged violations of §§ 5 and 12(a)(1) of the Securities Act of 1933 ("Securities Act"), (ii) against DraftKings for alleged violations of §§ 5 and 29(b) of the Securities Exchange Act of 1934 ("Exchange Act"), (iii) against DraftKings for alleged violations of §§ 15(a)(1) and 29(b) of the Exchange Act, (iv) against Robins, Park, and Kalish for "control person" liability under § 15 of the Securities Act and § 20 of the Exchange Act, (v) against DraftKings for alleged violations of Mass. Gen. Laws Ch. 110A § 201(a), and (vi) against all Defendants for alleged violations of Mass. Gen. Laws Ch. 110A § 301. Among other things, the Amended Complaint alleged that NFTs purchased, sold, and held on the DraftKings Marketplace constitute securities that were not registered in accordance with federal and state law, and that the DK Marketplace is or was a securities exchange and DraftKings

acts or acted as a securities broker when transacting in NFTs, neither of which were registered as allegedly required by federal and state law.

7.   On September 25, 2023, Defendants filed a motion to dismiss the Amended Complaint, which was thereafter fully briefed. On July 2, 2024, the Court issued its Memorandum and Order denying the motion to dismiss. On August 15, 2024, Defendants filed their Answer to the Amended Complaint, after which discovery commenced.

8.   In September and October 2024, counsel for the Parties engaged in early settlement communications and the exchange of information and discovery pertinent to alleged liability and damages issues and defenses to the same.

9.   On October 22, 2024, counsel for the Parties participated in a full-day mediation session before Jed D. Melnick, Esq. and Orna Artal, Esq. of JAMS. Before the mediation, the Parties exchanged mediation statements and exhibits, which addressed issues of both liability and damages. The mediation was successful, and the Parties reached an agreement-in-principle to settle the Action for $10,000,000 in cash, subject to negotiation and execution of mutually agreeable definitive documentation and approval by the Court. On October 23, 2024, the Parties informed the Court of the settlement-in-principle of the Action.

10. Lead Plaintiff and Lead Plaintiff's Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of Lead Counsel and other Class Counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiffs' Claims (as defined below) pursuant to the terms and conditions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant costs, risks, and delay of continued litigation, trial, and appeal.

11. The Parties agree that certification of a class, for settlement purposes only, is appropriate in the Action. For purposes of this Settlement only, the Settlement Class is defined in paragraph 14. The Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

12. Defendants are entering into this Stipulation to avoid the cost, disruption, and uncertainty of further litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever in any other matter, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny any and all allegations of fault, liability, wrongdoing, or damages. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit

13. On [DATE], the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**QUESTIONS? CALL (877) 883-9186 OR VISIT
WWW.DRAFTKINGSNFTSETTLEMENT.COM**

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

14. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons or entities who purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in NFTs in a DraftKings account from August 11, 2021 through and inclusive of the date of entry of the Judgment, including, without limitation, Marketplace NFTs.

Excluded from the Settlement Class are: (i) Defendants; (ii) DraftKings' officers and directors during the Class Period; (iii) the Immediate Family of Defendants and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who are found by the Court to have timely and validly submitted a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What if I Do Not Want to Be a Member of the Settlement Class? How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN ONLINE OR POSTMARKED NO LATER THAN [DATE].**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

15. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants argued and would have continued to argue that DraftKings is not a broker or dealer, that DraftKings NFTs are not securities, and that the Marketplace is not an exchange and therefore DraftKings is not subject to federal or state securities laws. Additionally, Defendants would continue to argue that Lead Plaintiff and the Class: (i) lack standing to challenge NFTs that were not purchased at a loss; (ii) allege claims that are in substantial part untimely; (iii) have no viable securities act claim for secondary market transactions; and (iv) alleged claims for damages are limited. Additionally, Lead Plaintiff would have to prevail at several stages—class certification, motions for summary judgment, trial, and if prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

16. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Class Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely

$10,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after the motion to dismiss, summary judgment, trial, and appeals, possibly years in the future.

17. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

18. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the claims asserted against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at the class certification, summary judgment, trial, or appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|:---:|

19. As a Settlement Class Member, you are represented by Lead Plaintiff and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

20. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What if I Do Not Want to Be a Member of the Settlement Class?  How Do I Exclude Myself?"

21. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for a Fee and Expense Award and a Service Award, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

22. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (as defined in ¶ 23 below) against the Released Defendant Parties (as defined in ¶ 24 below), and shall forever be barred and enjoined from

prosecuting any or all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

23. "Released Plaintiffs' Claims" means (i) any and all Claims asserted by Lead Plaintiff in the Action, and (ii) any and all Claims and Unknown Claims (as defined below) that Lead Plaintiff or any member of the Settlement Class asserted or could have asserted in the Action or in any other forum against the Released Defendant Parties in connection with, arising out of, or relating with respect to any Marketplace NFTs or any of the facts alleged in the Action, including, but not limited to, any and all Claims arising out of or relating to: (a) any purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or any other transaction in any Marketplace NFTs during the Class Period; (b) any use or ownership of any Marketplace NFTs during the Class Period; (c) the value of, or consideration paid or received in, any Marketplace NFTs purchased, acquired, sold, traded, transferred, disposed of, owned, used, minted, burned, held, listed, or otherwise transacted in during the Class Period; (d) all disclosures, public statements, press releases, advertising, marketing, or solicitation materials, or other statements issued, made available, or disseminated by any of the Released Defendant Parties relating, directly or indirectly, to any Marketplace NFTs; (e) the fees, expenses or costs (including any Fee and Expense Award) incurred in prosecuting, defending, or settling the Action; (f) the Service Award; or (g) any deliberations, negotiations, representations, omissions, or other conduct leading to the execution of this Stipulation and entering into the Settlement.

Notwithstanding the foregoing, the Released Plaintiffs' Claims do not include (i) all claims relating to the enforcement of this Stipulation and the Settlement; (ii) all claims against Marketplace Licensors unrelated to the purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or any other transaction in Marketplace NFTs on the DK Marketplace, including claims alleged in the complaints filed on or before the date of this Stipulation in the actions captioned *Headley v. LFG NFTs, Corp, et al.*, No. 1:24-cv-24613-FAM (S.D. Fla.), *Headley v. LFG NFTs, Corp, et al.*, No. 2024-015525-CA-01 (Fla. Circ. Ct. Miami-Dade Cty.), and *Mullens v. LFG NFTs, Corp.*, No. 23-SC-331C (Cal. Super. Ct. San Diego Cty.), (iii) the claims alleged derivatively on behalf of DraftKings in *In re DraftKings Inc. Stockholder Derivative Litigation*, Lead Case No. A-23-871543 (Clark Cty., Nev.); and (iv) all claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

24. "Released Defendant Parties" means: (i) the Defendants; (ii) the Immediate Family of any Defendant; (iii) Defendants' past or present, associates, members, managers, partners, partnerships, investment funds, subsidiaries, parents, predecessors, and successors; (iv) all entities that control, are controlled by, or are under common control with any Defendant; (v) all officers, directors, employees, agents, advisors, shareholders, and attorneys (including Defendants' Counsel) of any and all of the foregoing persons and entities; (vi) the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any and all of the foregoing persons and entities; and (vii) any licensors of intellectual property rights or providers of services to DraftKings in connection with DK Marketplace or Marketplace NFTs, including, without limitation, National Football League Players Association, National Football League Players Incorporated, PGA Tour, Inc., Zuffa Marketing, LLC, LFG NFTS, Corp., and Matic Network BVI LTD, in each case in their capacities as such licensors or service providers to DraftKings and only in connection with the purchase, acquisition, sale, trade, transfer, disposition of, owning, use, minting, burning, holding, listing, or

any other transaction in any Marketplace NFTs on the DK Marketplace (collectively, "Marketplace Licensors").

25. "Unknown Claims" means any Released Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Plaintiffs' Claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Defendants' Claims, including those which, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to the Settlement. The Parties acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of the Parties, and by operation of law the other Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties also acknowledge, and the other Settlement Class Members by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of the Released Plaintiffs' Claims and the Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

26. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and each of the other Released Defendant Parties, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in ¶ 27 below) against Lead Plaintiff and other Released Plaintiff Parties (as defined in ¶ 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

27. "Released Defendants' Claims" means any and all Claims, including Unknown Claims (as defined below), that have been or could have been asserted in the Action, or in any court, tribunal, forum, or proceeding, by Defendants or any of their respective successors and assigns against any of the Released Plaintiff Parties, that arise out of the institution, prosecution, settlement, or dismissal of the Action; provided, however, that the Released Defendants' Claims shall not include Claims to enforce the Stipulation or the Judgment.

28. "Released Plaintiff Parties" means: (i) Lead Plaintiff and all other Settlement Class Members; (ii) all Settlement Class Members' past or present, direct affiliates, associates, members, managers, partners, partnerships, investment funds, attorneys (including Class Counsel), subsidiaries, parents, predecessors, and successors; (iii) all officers, directors, employees, and attorneys of any and all of the foregoing persons and entities; and (iv) the legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest and assigns of any of the foregoing persons and entities.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |

29. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the Claim Form with adequate

supporting documentation: **(i) online using the electronic version of the Claim Form hosted at www.draftkingsnftsettlement.com no later than [DATE]; (ii) by email to info@draftkingsnftsettlement.com no later than [DATE]; or (iii) by first-class mail to *DraftKings NFT Settlement*, c/o A.B. Data, P.O. Box. 173039, Milwaukee, WI 53217 so that it is received no later than [DATE].** A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.draftkingsnftsettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 883-9186. Please retain all records of your ownership of and transactions in DraftKings NFTs, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| :---: |

30. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

31. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid ten million dollars ($10,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (a) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court including Service Awards) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

32. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

33. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

34. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

35. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online, by email, or by mail postmarked on or before [DATE] shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class

Member releases the Released Plaintiffs' Claims (as defined in ¶ 23 above) against Released Defendant Parties (as defined in ¶ 24 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Defendant Parties whether or not such Settlement Class Member submits a Claim Form.

36. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

37. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

38. Only Settlement Class Members, *i.e.*, persons and entities who purchased, acquired, sold, disposed of, owned, held or used DraftKings NFTs during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

### PROPOSED PLAN OF ALLOCATION

39. The Plan of Allocation set forth below is the plan for the distribution of the Net Settlement Fund that is being proposed by Lead Plaintiff and Class Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at www.draftkingsnftsettlement.com.

40. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of Defendants' alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

41. Based on the formulas set forth below, an "Individual Recognized Loss" or "IR" and a "Pro Rata Share of the Net Settlement Fund" or "PR" shall be calculated by the Claims Administrator for each individual Class Member's recognized loss during the Class Period. Solely to assist in the dissemination of notice, DraftKings shall use reasonable efforts to provide Class Counsel and the Settlement Administrator with information necessary to determine each Class Member's IR and PR, including each known Class Member's name, contact information, and account and transaction information. Each Class Member identified in DraftKings' records will be sent their estimated distribution amount in advance of distribution so they are able to review the amount and make any necessary inquiries prior to Class Counsel's request for an Order allowing Distribution of the Net Settlement Fund.

42. First, the IR shall be calculated by adding the individual Claimants': (i) "Primary Market Payments" or "PP," which is the aggregate amount the Class Member paid for all purchases of all NFTs from DraftKings in the primary market or "drops;" and (ii) "Secondary Market Payments" or "SP," which is the aggregate amount the Class Member paid for all purchases of NFTs in the

secondary market or the "Marketplace." The Claims Administrator will then subtract any: (a) "Secondary Market Receipts" or "SR," which is the aggregate amount received by the Class Member for all sales of NFTs in the secondary market; (b) "Closure Receipts" or "CP," which is the aggregate amount the Class Member received from DraftKings in connection with its Marketplace shutdown offer; and/or (c) "Prize Receipts" or "PR," which is the amount the Class Member received from DraftKings in prize contests.

$$IR = [PP + SP] - [SR + CR + PR]\,{}^2$$

43. Next, to determine the Class Member's PR, the Claims Administrator will divide the IR (i.e., that particular Class Member's recognized loss) by the "Aggregate Recognized Loss" or "AR," (i.e., all Class Member's recognized losses combined) with the resulting percentage multiplied against the "Net Settlement Fund" or "NF" (i.e., the balance remaining in the Settlement Fund after the payment of: (i) any and all Notice Costs; (ii) any and all Administration Costs; (iii) any and all Taxes; (iv) any Fee and Expense Award; (v) any Service Award; and (vi) any other fees, costs, or expenses approved by the Court).

$$PR = [IR/AR] \times NF$$

44. To participate in the distribution, Authorized Claimants must be entitled to a distribution payment of at least $5.00. If any funds remain in the Net Settlement Fund after the initial distribution, then the remaining balance of the Net Settlement Fund six (6) months after the initial distribution shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who will receive at least a $5.00 payment; (ii) second, to pay any additional Notice Costs and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who would receive at least $5.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be contributed to a cy pres recipient agreed on between the Parties and approved by the Court.

45. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Class Counsel, Lead Plaintiff's consulting expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or the agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders from the Court. Lead Plaintiff, Defendants, their respective counsel, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

---

[2] Should the resulting IR be a negative number, the Class Member's IR would be adjusted to $0 and the Class Member would not be eligible for a distribution from the Settlement Fund.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

46. Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor has Class Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed one-third of the Settlement Fund. At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $100,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class in an amount not to exceed $50,000. The Court will determine the amount of any Fee and Expense Award. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

47. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *DraftKings NFT Settlement*, EXCLUSIONS, c/o A.B. Data, P.O. Box. 173039, Milwaukee, WI 53217. The exclusion request must be *received* no later than [DATE]. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Dufoe v. DraftKings, et al.*, No. 1:23-cv-10524 (D. Mass.)"; (c) identify and state the DraftKings NFTs that the person requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from August 11, 2021 through and inclusive of the date of entry of the Judgment), as well as the dates and prices of each such purchase/acquisition and/or sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

48. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have a pending proceeding, or later file another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Parties.

49. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

50. Defendants have the right to terminate the Settlement in the event that collective requests for exclusion from the Settlement Class by Settlement Class Members meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff, in accordance with the terms of that agreement.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT? |
|---|

51. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

52. The Settlement Hearing is currently scheduled to be held on [DATE] at ___ : ___ _.m., before the Honorable Denise J. Casper at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for Fee and Expense Award and a Service Award, and/or any other matter related to the Settlement, at or after the Settlement Hearing without further notice to the members of the Settlement Class. The Court also reserves the right to hold the Settlement Hearing telephonically or via videoconference.

53. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Class Counsel's motion for a Fee and Expense Award and a Service Award. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below on or before [DATE]. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before [DATE].

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| United States District Court District of Massachusetts Clerk of the Court 1 Courthouse Way Boston, MA 02210 | **Kirby McInerney LLP** Anthony F. Fata, Esq. 211 West Wacker Dr,, Suite 550 Chicago, IL 60606 | **Sullivan & Cromwell LLP** Brian T. Frawley, Esq. 125 Broad Street New York, NY 10004 |

54. Any objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the DraftKings NFTs that the person requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, from August 11, 2021 through and inclusive of the date of entry of the Judgment), as well as the dates and prices of each such purchase/acquisition and/or sale. You may not object to the Settlement, the Plan of Allocation, or Class Counsel's motion for Fee and Expense Award or a Service Award if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

55. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

56. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for a Fee and Expense Award or a Service Award, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before [DATE]**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

57. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 52 above so that the notice is *received* **on or before [DATE]**.

58. The Settlement Hearing may be adjourned by the Court, or held telephonically or via videoconference, without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date, time, and location on the settlement website www.draftkingsnftsettlement.com, or with Lead Counsel.

59. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for a Fee and Expense Award or a Service Award. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

60. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.draftkingsnftsettlement.com.

61. All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *DraftKings NFT Settlement* | and/or | **Kirby McInerney LLP** |
| c/o A.B. Data | | Anthony F. Fata, Esq. |
| P.O. Box 173039 | | 211 West Wacker Dr,, Suite 550 |
| Milwaukee, WI 53217 | | Chicago, IL 60606 |
| www.draftkingsnftsettlement.com | | (312) 767-5180 |
| info@draftkingsnftsettlement.com | | afata@kmllp.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

By Order of the Court
United States District Court
District of Massachusetts

# EXHIBIT A-3

Exhibit A-3

## PROOF OF CLAIM AND RELEASE FORM

IF YOU PURCHASED, SOLD, HELD, OR OTHERWISE TRANSACTED IN NFTS IN A DRAFTKINGS ACCOUNT FROM AUGUST 11, 2021 THROUGH AND INCLUSIVE OF THE DATE OF ENTRY OF THE JUDGMENT (THE "SETTLEMENT CLASS PERIOD"), INCLUDING, WITHOUT LIMITATION, MARKETPLACE NFTS, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: (i) DEFENDANTS; (ii) DRAFTKINGS' OFFICERS AND DIRECTORS DURING THE CLASS PERIOD; (iii) THE IMMEDIATE FAMILY OF DEFENDANTS AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS; AND (iv) ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO ARE FOUND BY THE COURT TO HAVE TIMELY AND VALIDLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS THAT IS ACCEPTED BY THE COURT).

IF YOU ARE A SETTLEMENT CLASS MEMBER, IN ORDER TO SHARE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, **YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") ONLINE USING THE ELECTRONIC VERSION OF THIS CLAIM FORM HOSTED AT WWW.DRAFTKINGSNFTSETTLEMENT.COM, SUBMIT IT VIA EMAIL TO INFO@DRAFTKINGSNFTSETTLEMENT.COM, OR MAIL IT BY FIRST-CLASS MAIL TO P.O. BOX 173039, MILWAUKEE, WI 53217. IF SUBMITTED ONLINE OR VIA EMAIL, IT MUST BE SUBMITTED NO LATER THAN [DATE]. IF SUBMITTED BY FIRST CLASS MAIL, IT MUST BE POSTMARKED NO LATER THAN [DATE].**

YOUR FAILURE TO SUBMIT YOUR CLAIM BY [DATE], WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE SETTLEMENT (INCLUDING ITS RELEASE OF CLAIMS), THE COURT'S ORDER, AND FINAL JUDGMENT UNLESS YOU EXCLUDE YOURSELF. SUBMISSION OF A CLAIM FORM DOES NOT GUARANTEE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

### CLAIMANT'S STATEMENT

1. I (We) purchased or acquired DraftKings NFTs during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase DraftKings NFTs during the Settlement Class Period).

2. By submitting this Proof of Claim and Release Form, I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency

1

and Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; and that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents).

3.  I (We) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form ("Claim Form"). I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4.  I (We) have provided the identification number assigned by the Claims Administrator.

5.  I (We) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to calculate your Recognized Loss efficiently and reliably. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information).

6.  Upon occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise, and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers, and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, hers, or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Defendant Parties" or "Released Plaintiff Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated February 26, 2025 ("Stipulation").

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers, and assigns (or, if

I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, hers, or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Defendant Parties or Released Plaintiff Parties.

8. I (We) acknowledge that "Released Defendant Parties" and "Released Plaintiff Parties" have the meanings laid out in the Stipulation.

9. I (We) acknowledge that "Released Claims" has the meaning laid out in the Stipulation.

10. I (We) acknowledge that "Unknown Claims" has the meaning laid out in the Stipulation.

11. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

## I.    CLAIMANT INFORMATION

Beneficial Owner Name:

Address1 (street name and number)

Address2 (apartment, unit or box number)

City            State       Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)        Telephone Number (work)

Email address:

Social Security Number (for individuals):            Taxpayer Identification Number (for estates, trusts, corporations, etc.)
                                     OR

Identification Number Assigned by Claims Administrator:

3

## II.    FORM OF PAYMENT

Settlement payments may be sent to you digitally via email. Please provide a current, valid email address and mobile phone number on your Claim Form. If the email address or mobile phone number you include with your submission becomes invalid for any reason, it is your responsibility to provide accurate contact information to the Settlement Administrator to receive a payment. When you receive the email and/or mobile phone text notifying you of your Settlement payment, you will be provided with a number of digital payment options, such as PayPal or a virtual debit card, to immediately receive your Settlement payment. At that time, you will also have the option to request a paper check.

## III.    CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or acquisitions of DraftKings NFTs during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

**NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT, AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____

(Signature)

_____

4

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)
Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED BY
[DATE] TO RECEIVE CASH BENEFITS FROM THIS SETTLEMENT.**

A Claim Form shall be deemed to have been submitted when it is actually received by the Claims Administrator. The Claims Administrator will acknowledge receipt of your Claim Form by emailing confirmation if the claim was submitted electronically or mailing confirmation if the claim was submitted by first-class mail. Your claim is not deemed filed until you receive such an acknowledgement.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change in email address or mailing address.

# EXHIBIT A-4

EXHIBIT A-4

*Have you purchased, sold, or held DraftKings NFTs?*

**If you purchased, sold, held, or otherwise transacted in DraftKings NFTs at any point from August 11, 2021 through and inclusive of the date of entry of the judgment, you should read this Notice of Class Action Settlement as it may impact your legal rights.**

*A court authorized this notice. This is not a solicitation.*

**You must file a Claim Form by [DATE] to receive cash benefits from this Settlement. To file a Claim, please visit the website, www.draftkingsnftsettlement.com.**

A Settlement has been reached with DraftKings Inc. and certain of its officers ("DraftKings") in *Dufoe v. DraftKings*, No. 1:23-cv-10524 (D. Mass.), a class action lawsuit (the "Action") alleging that NFTs purchased, sold, held, or otherwise transacted on the DraftKings Marketplace constitute securities that were not registered in accordance with federal and state law. The Action also alleges that the DraftKings Marketplace is a securities exchange and DraftKings acts as a securities broker when transacting in NFTs, neither of which were registered as required by federal and state law. DraftKings denies all allegations of wrongdoing.

Your options are: (1) stay in the class and submit a claim; (2) ask to be excluded from the class (opt out); or (3) object to the Settlement.

The Court has appointed Class Counsel to represent you and will decide whether to approve the Settlement at a Final Approval Hearing currently scheduled for [DATE]. That date is subject to change without further notice. A current date of the Final Approval Hearing can be found on the Settlement Website.

Class Counsel may ask the Court for an award of attorneys' fees up to one-third of the $10 million Settlement Amount, and costs not to exceed $100,000, as well as a Service Award not to exceed $50,000 for Lead Plaintiff. The Court will determine the amounts to be paid, which will come from the Settlement Amount.

To learn more about your options or to contact Class Counsel, you may visit the Settlement Website at www.draftkingsnftsettlement.com or call (877) 883-9186. The deadline to file a claim, opt out, or object is [DATE].

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE REGARDING THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JUSTIN DUFOE, on Behalf of Himself
and All Others Similarly Situated,

               Lead Plaintiff,

    v.

DRAFTKINGS INC., JASON D.
ROBINS, JASON K. PARK, and
MATTHEW KALISH,

               Defendants.

Case No. 1:23-cv-10524-DJC

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a putative securities action is pending in this Court entitled *Justin Dufoe* v. *DraftKings Inc., et al.*, No. 1:23-cv-10524-DJC (the "Action");

WHEREAS, Lead Plaintiff Justin Dufoe ("Lead Plaintiff") on behalf of himself and other members of the Settlement Class, and (ii) Defendants DraftKings Inc. ("DraftKings"), Jason D. Robins, Jason K. Park, and Matthew Kalish (together with DraftKings, "Defendants") have entered into a Stipulation and Agreement of Settlement dated February 26, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and (ii) would likely be able to

certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Definitions** – Capitalized terms not defined in this Order and Final Judgment have the meaning set forth in the Stipulation (certain of which are repeated here for ease of reference only).

2.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

3.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 26, 2025; and (b) the Email

Notice, Long-Form Notice, and the Publication Notice, both of which were filed with the Court on February 26, 2025.

4.      **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in non-fungible tokens ("NFTs") in an account at DraftKings during the Class Period, including, without limitation, Marketplace NFTs.   Excluded from the Class are: (i) Defendants; (ii) DraftKings' officers and directors during the Class Period; (iii) the Immediate Family of Defendants and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest.   Also excluded from the Settlement Class are those persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

5.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

6.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class, and appoints the law firms of Kirby McInerney LLP, Berman Tabacco, Hannafan & Hannafan, Ltd., and G. Dowd Law LLC as Class Counsel for the Settlement Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7.      **Sufficiency of Notice** – The form, manner, and content of the Email Notice, Long-Form Notice, and Publication Notice were the best notice practicable under the circumstances, notice was provided to the Settlement Class in accordance with the Preliminary Approval Order, and that the notice in all respects satisfied due process, provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1), the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, Massachusetts law, and all other applicable law and rules.

8.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*, to the extent applicable to the Action, have been satisfied.

9.      Lead Plaintiff shall be paid a $XXXXX Service Award from the Settlement Fund in accordance with the terms of the Stipulation.

10.     Class Counsel shall be paid $XXXXX in attorneys' fees and $XXXX in Litigation Expenses in accordance with the terms of the Stipulation.

11.     The Settlement Administrator, A.B. Data, Ltd., shall be paid $XXXXX in Notice Costs and Administration Costs in accordance with the terms of the Stipulation. The Settlement Administrator shall disburse the Settlement Fund in accordance with the terms of the Stipulation and this Order and Final Judgment.

12.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

13.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

14.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Schedule 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

15.     **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto (certain of which are repeated herein), are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 16 below, upon the Effective Date of the Settlement, Lead Plaintiff and all Settlement Class Members, on behalf of themselves and the Released Plaintiff Parties and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in their capacities as such, and by operation of law and of this Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiffs' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, instigating, or continuing to prosecute, or in any way participating in the commencement or prosecution of, any Released Plaintiffs' Claims, either directly or indirectly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties.

(b)     Without further action by anyone, and subject to paragraph 16 below, upon the Effective Date of the Settlement, each of Defendants, on behalf of themselves and their personal representatives, heirs, executors, administrators, successors and assigns, in their capacities as such, and by operation of law and of this Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

16.     Notwithstanding paragraphs 15(a) through (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

17.    **Express Release of Unknown Claims** – Regarding the Released Claims, the Parties and the Settlement Class Members shall be deemed to have waived all provisions, rights, and benefits conferred by any law of the United States, any law of any state, or principle of common law which governs or limits a person's release of Unknown Claims to the fullest extent permitted by law, and to have relinquished, to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.    "Unknown Claims" means any Released Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Plaintiffs' Claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Defendants' Claims, including those which, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to the Settlement. The Parties have acknowledged, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of the Parties, and by operation of law the other Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties also have acknowledged, and the other

Settlement Class Members by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of the Released Plaintiffs' Claims and the Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

19.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

20.     **Bar Order** – Upon the Effective Date, Lead Plaintiff and all Settlement Class Members, on behalf of themselves and the Released Plaintiff Parties and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in their capacities as such, and by operation of law and of this Judgment, shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiffs' Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting, instigating, or continuing to prosecute, or in any way participating in the commencement or prosecution of, any Released Plaintiffs' Claims, either directly or indirectly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties. Upon the Effective Date, each of Defendants, on behalf of themselves and their personal representatives, heirs, executors, administrators, successors and assigns, in their capacities as such, and by operation of law and of this Judgment, shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

21.    **Order and Final Judgment Not Conditioned on Fee and Expense Award or Service Award** – No proceedings or court order with respect to (i) the award of attorneys' fees and expenses to Class Counsel or (ii) any incentive or service award to Lead Plaintiff shall in any way disturb or affect this Judgment (including precluding this Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment.

22.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Order and Final Judgment and any related orders entered by the Court shall be treated as vacated, *nunc pro tunc*; the amount of any fees and expenses awarded to Class Counsel shall be refunded to the Settlement Fund within ten (10) business days after such termination; the Settlement Fund and all interest earned thereon— less all Notice Costs and Administration Costs paid, incurred, or due consistent with the Stipulation—shall be returned to DraftKings within fifteen (15) business days; the Stipulation shall be null and void and of no force and effect (except as otherwise provided for in the Stipulation); Lead Plaintiff and Defendants shall be deemed to have reverted to their respective litigation status immediately prior to October 22, 2024; Lead Plaintiff and Defendants shall negotiate a new trial

schedule in good faith; Lead Plaintiff and Defendants shall proceed as if the Stipulation had not been executed and the related orders had not been entered; and all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in any way.

24. **Settlement Class Members Bound by Settlement** – All Settlement Class Members shall be and are deemed bound by the Stipulation and this Order and Final Judgment. This Order and Final Judgment, including the release of all Released Claims against the Released Plaintiff Parties and the Released Defendant Parties, shall have *res judicata*, collateral estoppel, and all other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings maintained by, or on behalf of, Lead Plaintiff or any Settlement Class Members, as well as their respective legal representatives, heirs, executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest and assigns, and anyone claims through or no behalf of any of them.

25. **No Admissions** – Neither this Order and Final Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be deemed or argued to be evidence of or to constitute an admission or concession by: (a) Defendants or any other Released Defendant Parties as to (i) the truth of any fact alleged by Lead Plaintiff, (ii) the validity of any claims or other issues raised, or which might be or might have been raised, in the Action or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies;

or (b) Lead Plaintiff that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable from Defendants under the Complaint would not have exceeded the amount of the Settlement Payment. The Released Defendant Parties may file the Stipulation and/or this Order and Final Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

26.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of Court is expressly directed to immediately enter this final judgment in this Action.

27.    **Retention of Jurisdiction** – The Court retains jurisdiction over the Parties, including Class Members, for the purposes of construing, enforcing, and administering this Order and the Judgment, as well as the Stipulation itself.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Denise J. Casper
United States District Judge

**Schedule 1**

[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]