Brad Wyatt
38 Glazier St
Boylston, MA 01505
(508) 400-7007

FILED
IN CLERK'S OFFICE

2025 JUL 14 PM 12: 28

DISTRICT COURT
DISTRICT OF MASS.

July 8th, 2025

To: **The Honorable Judge Denise J. Casper**
United States District Court for the District of Massachusetts
1 Courthouse Way,
Boston, Massachusetts 02210

Re: **Formal Objection to Proposed Plan of Allocation for Draftkings NFT Settlement**

JUSTIN DEFOE, on behalf of Himself
and All Others Similarly Situated, Lead Plaintiff,

v.

DRAFTKINGS INC., JASON D. ROBINS,
JASON K. PARK, and MATTHEW KALISH, Defendants.
**Case No. 1:23-cv-10524-DJC**

To the Honorable Judge Casper,

As a Draftkings NFT Settlement class member, and former top ten holder of NFL Draftkings Reignmaker NFTs, regarding the "Plan of Allocation" of the proposed Settlement of Class Action, **I object**.

As shown on Page 12 of the "Plan of Allocation". $IR = [(PP + SP) - (SR + CR + PR)]$, the allocation formula outlined does not provide a fair solution for class members that have suffered harm.

"IR": Individual Recognized Loss
"PP": Primary Market Payments
"SP": Secondary Market Payments
"SR": Secondary Market Receipts
"CR": Closure Receipts
"PR": Prize Receipts.

Including these Prize Receipts does not offset the economic harm suffered by class members as the proposed settlement regarding the purchase and sale of NFT securities on Draftkings Marketplace is unrelated to potential realized or unrealized prize receipts from playing in Draftkings Fantasy Sport skill based contests.

Additionally, Draftkings frequently assigned arbitrary and often exaggerated Fair Market Values to prize packages won in these skill based fantasy contests. In the Secondary Market, those prize packages would not meet or exceed their Draftkings estimated value. Including these estimated values in the Plan of Allocation is unfair reduction of each class action participants' NFT owners' Individual Recognized Loss (IR)

As a class action participant, utilizing Prize Receipt (PR) to reduce some class action members recovery strays away from the original purpose of the Draftkings NFT security fraud settlement to make users whole.

Acknowledging the challenges in determining exact losses from current NFT holdings and valuations when the DraftKings Marketplace closed, I propose a revised formula that excludes Prize Receipts from the Individual Recognized Loss calculation:

Proposed Revised Formula:
**IR = [PP + SP] - [SR + CR]**

This revised formula better adheres to securities law principles and promotes a more equitable distribution of damages among class members.

Given the current inclusion of Prize Receipts in the Plan of Allocation, **I respectfully object** to the proposed plan and urge the Court to revise the formula by excluding Prize Receipts (PR) from the Individual Recognized Loss (IR) calculation.

Thank You,

*[signature: Bradford P. Wyatt    7/8/25]*

Brad Wyatt

Settlement Class Member Confirmation Number **11392REF14058**

DraftKings' account transaction data that was provided by the Defense, DraftKings:

Primary Market Payments (PP) = $49,530.06
Secondary Market Payments (SP) = $412,135.89
Secondary Market Receipts (SR) = $168,105.26
Closure Receipts (CR) = $77,682.37
Prize Receipts (PR) = $252,726.50

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025 a true copy of the above document was served via First Class Mail and electronically upon:

United States District Court
District of Massachusetts
Clerk of the Court
1 Courthouse Way
Boston, MA 02210

Kirby McInerney, LLP
Anthony F. Fata, Esq.
211 West Wacker Dr. Suite 550
Chicago, IL 60606
afata@kmllp.com

Sullivan & Cromwell, LLP
Brian T. Frawley, Esq.
125 Broad Street
New York, NY 10004
frawleyb@sullcrom.com

_____
Paul M. Novak, Esq.