**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>            Lead Plaintiff,<br><br>    v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br>            Defendants. | Case No. 1:23-cv-10524-DJC |

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, a putative securities action is pending in this Court entitled *Justin Dufoe* v. *DraftKings Inc., et al*., No. 1:23-cv-10524-DJC (the "Action");

WHEREAS, Lead Plaintiff Justin Dufoe ("Lead Plaintiff") on behalf of himself and other members of the Settlement Class, and (ii) Defendants DraftKings Inc. ("DraftKings"), Jason D. Robins, Jason K. Park, and Matthew Kalish (together with DraftKings, "Defendants") have entered into a Stipulation and Agreement of Settlement dated February 26, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated February 28, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and (ii) would likely be able to

certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed

Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class

Members with the opportunity either to exclude themselves from the Settlement Class or to object

to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 30, 2025 (the "Settlement Hearing") to

consider, among other things: (a) whether the terms and conditions of the Settlement are fair,

reasonable, and adequate to the Settlement Class, and should therefore be approved; and

(b) whether a judgment should be entered dismissing the Action with prejudice as against the

Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and

proceedings held herein in connection with the Settlement, all oral and written comments received

regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Definitions** – Capitalized terms not defined in this Order and Final Judgment have

the meaning set forth in the Stipulation (certain of which are repeated here for ease of reference

only).

2.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and

all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and

each of the Settlement Class Members.

3.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes

a part hereof: (a) the Stipulation filed with the Court on February 26, 2025; and (b) the Email

Notice, Long-Form Notice, and the Publication Notice, both of which were filed with the Court on February 26, 2025.

4.    **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased, acquired, sold, disposed of, owned, held, used, or otherwise transacted in non-fungible tokens ("NFTs") in an account at DraftKings during the Class Period, including, without limitation, Marketplace NFTs. Excluded from the Class are: (i) Defendants; (ii) DraftKings' officers and directors during the Class Period; (iii) the Immediate Family of Defendants and their legal representatives, heirs, successors, or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those persons who are found by the Court to have timely and validly requested exclusion from the Settlement Class.

5.    **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

6.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class, and appoints the law firms of Kirby McInerney LLP, Berman Tabacco, Hannafan & Hannafan, Ltd., and G. Dowd Law LLC as Class Counsel for the Settlement Class. Lead Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7.      **Sufficiency of Notice** – The form, manner, and content of the Email Notice, Long-Form Notice, and Publication Notice were the best notice practicable under the circumstances, notice was provided to the Settlement Class in accordance with the Preliminary Approval Order, and that the Notice Program in all respects satisfied due process, provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1), the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, Massachusetts law, and all other applicable law and rules.

8.      **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*, to the extent applicable to the Action, have been satisfied.

9.      Lead Plaintiff shall be paid a $50,000 Service Award from the Settlement Fund in accordance with the terms of the Stipulation.

10.      Class Counsel shall be paid $3,333,333 in attorneys' fees and $52,792.07 in Litigation Expenses in accordance with the terms of the Stipulation.

11.     The Settlement Administrator, A.B. Data, Ltd., shall be paid Notice Costs and Administration Costs in accordance with the terms of the Stipulation not exceeding $180,000. The Settlement Administrator shall disburse the Settlement Fund in accordance with the terms of the Stipulation and this Order and Final Judgment.

12.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The objections of Cory Siemon (ECF No. 93), Keith Downing (ECF No. 94), and Brad Wyatt (ECF No. 100) to the Settlement and Plan of Allocation are denied. 

13.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

14.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Schedule 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

15.     **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto (certain of which

are repeated herein), are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 16 below, upon the Effective Date of the Settlement, Lead Plaintiff and all Settlement Class Members, on behalf of themselves and the Released Plaintiff Parties and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in their capacities as such, and by operation of law and of this Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiffs' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, instigating, or continuing to prosecute, or in any way participating in the commencement or prosecution of, any Released Plaintiffs' Claims, either directly or indirectly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties.

(b)     Without further action by anyone, and subject to paragraph 16 below, upon the Effective Date of the Settlement, each of Defendants, on behalf of themselves and their personal representatives, heirs, executors, administrators, successors and assigns, in their capacities as such, and by operation of law and of this Judgment, shall thereupon be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendants' Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

16.     Notwithstanding paragraphs 15(a) through (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

17.     **Express Release of Unknown Claims** – Regarding the Released Claims, the Parties and the Settlement Class Members shall be deemed to have waived all provisions, rights, and benefits conferred by any law of the United States, any law of any state, or principle of common law which governs or limits a person's release of Unknown Claims to the fullest extent permitted by law, and to have relinquished, to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

18.     "Unknown Claims" means any Released Plaintiffs' Claims that the Released Plaintiff Parties do not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Plaintiffs' Claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, its, or their favor at the time of the release of the Released Defendants' Claims, including those which, if known by him, her, it, or them, might have affected his, her, its, or their decision(s) with respect to the Settlement. The Parties have acknowledged, and the other Settlement Class Members by operation of law are deemed to acknowledge, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiffs' Claims and the Released Defendants' Claims, but that it is the intention of the Parties, and by operation of law the other Settlement Class Members, to completely, fully, finally, and forever extinguish any and all Released Plaintiffs'

Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties also have acknowledged, and the other Settlement Class Members by operation of law are deemed to acknowledge, that the inclusion of "Unknown Claims" in the definition of the Released Plaintiffs' Claims and the Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

19.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

20.     **Bar Order** – Upon the Effective Date, Lead Plaintiff and all Settlement Class Members, on behalf of themselves and the Released Plaintiff Parties and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in their capacities as such, and by operation of law and of this Judgment, shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiffs' Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting, instigating, or continuing to prosecute, or in any way participating in the commencement or prosecution of, any Released Plaintiffs' Claims, either directly or indirectly, representatively, derivatively, or in any other capacity, against any and all of the Released Defendant Parties. Upon the Effective Date, each of Defendants, on behalf of themselves and their personal representatives, heirs, executors, administrators, successors, and assigns, in their capacities as such, and by operation of law and of this Judgment, shall be deemed to have fully, finally, and forever released, settled, and discharged the Released Plaintiff Parties

from and with respect to every one of the Released Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

21.    **Order and Final Judgment Not Conditioned on Fee and Expense Award or Service Award** – No proceedings or court order with respect to (i) the award of attorneys' fees and expenses to Class Counsel or (ii) any incentive or service award to Lead Plaintiff shall in any way disturb or affect this Judgment (including precluding this Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment.

22.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date otherwise fails to occur, this Order and Final Judgment and any related orders entered by the Court shall be treated as vacated, *nunc pro tunc*; the amount of any fees and expenses awarded to Class Counsel shall be refunded to the Settlement Fund within ten (10) business days after such termination; the Settlement Fund and all interest earned thereon— less all Notice Costs and Administration Costs paid, incurred, or due consistent with the Stipulation—shall be returned to DraftKings within fifteen (15) business days; the Stipulation shall

be null and void and of no force and effect (except as otherwise provided for in the Stipulation);

Lead Plaintiff and Defendants shall be deemed to have reverted to their respective litigation status

immediately prior to October 22, 2024; Lead Plaintiff and Defendants shall negotiate a new trial

schedule in good faith; Lead Plaintiff and Defendants shall proceed as if the Stipulation had not

been executed and the related orders had not been entered; and all of their respective claims and

defenses as to any issue in the Action shall be preserved without prejudice in any way.

24. **Settlement Class Members Bound by Settlement** – All Settlement Class

Members shall be and are deemed bound by the Stipulation and this Order and Final Judgment.

This Order and Final Judgment, including the release of all Released Claims against the Released

Plaintiff Parties and the Released Defendant Parties, shall have *res judicata*, collateral estoppel,

and all other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings

maintained by, or on behalf of, Lead Plaintiff or any Settlement Class Members, as well as their

respective legal representatives, heirs, executors, administrators, predecessors, successors,

predecessors-in-interest, successors-in-interest, and assigns, and any claims through or on behalf

of any of them.

25. **No Admissions** – Neither this Order and Final Judgment, the Stipulation (whether

or not consummated), including the exhibits thereto and the Plan of Allocation contained therein

(or any other plan of allocation that may be approved by the Court), the negotiations leading to the

execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the

Stipulation and/or approval of the Settlement (including any arguments proffered in connection

therewith) shall be deemed or argued to be evidence of or to constitute an admission or concession

by: (a) Defendants or any other Released Defendant Parties as to (i) the truth of any fact alleged

by Lead Plaintiff, (ii) the validity of any claims or other issues raised, or which might be or might

have been raised, in the Action or in any other litigation, (iii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or (iv) any wrongdoing, fault, or liability of any kind by any of them, which each of them expressly denies; or (b) Lead Plaintiff that (i) any of their claims are without merit, (ii) any of Defendants had meritorious defenses, or (iii) damages recoverable from Defendants under the Complaint would not have exceeded the amount of the Settlement Payment. The Released Defendant Parties may file the Stipulation and/or this Order and Final Judgment in any action that has been or may be brought against them in order to support a claim or defense based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

26.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of Court is expressly directed to immediately enter this final judgment in this Action.

27.    **Retention of Jurisdiction** – The Court retains jurisdiction over the Parties, including Class Members, for the purposes of construing, enforcing, and administering this Order and the Judgment, as well as the Stipulation itself.

SO ORDERED this 30th day of July , 2025.

_____
The Honorable Denise J. Casper
United States District Judge

-11-

**Schedule 1**

Dennis Bent

Anthony Colarusso

Jonathon K. Dock

Brett Healy

Todd Krummel

J. David Kyle

Jack Leonard

Brian Napier