UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

**LEAD PLAINTIFF'S CONSOLIDATED RESPONSE TO LATE CLAIMANTS' *PRO SE* MOTIONS FOR EQUITABLE TOLLING AND TO ACCEPT LATE FILED CLAIMS**

Court-appointed Lead Plaintiff[1] Justin Dufoe, individually and on behalf of the Settlement Class, hereby responds to the *pro se* motions for equitable tolling and acceptance of late filed claims filed by Jerrod Burbank ("Burbank Motion," ECF No. 108), Steve Rodems ("Rodems Motion," ECF No. 109), Steven McKosky ("McKosky Motion," ECF No. 110), Eric Chan ("Chan Motion," ECF No. 111), Michael Syme ("Syme Motion," ECF No. 112), Jakub Kornafel (Kornafel Motion," ECF No. 113), Michael Camizzi ("Camizzi Motion," ECF No. 114), and Alex Lowen ("Lowen Motion," ECF No. 115) (collectively, the "Motions") pursuant to Federal Rule of Civil Procedure 23(e) and § 59 of the Settlement Agreement.[2]

---

[1] Unless otherwise indicated, defined terms shall have the definitions set forth in the Stipulation of Settlement ("Settlement" or "Settlement Agreement"), which was filed on February 26, 2025 (ECF No. 87-2). Citations to the Settlement Agreement are abbreviated as "§ ___."

[2] "The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for . . . the distribution of the Net Settlement Fund to Settlement Class Members."

1

After a full and robust notice program that sent notice to well over one million potential settlement class members, Mr. Burbank, Mr. Rodems, Mr. McKosky, Mr. Chan, Mr. Syme, Mr. Kornafel, Mr. Camizzi, and Mr. Lowen (the "Movants") seek permission to allow their settlement claims, which were received after the July 21, 2025, claim deadline and after the July 30, 2025, Settlement Hearing to be accepted by the Court.

Pursuant to the Settlement Agreement, neither Class Counsel nor the Settlement Administrator can accept late claims filed after the Settlement Hearing held on July 30, 2025, and such requests fall solely within the power and discretion of this Court. *See* § 32.[3]

For the reasons discussed in Lead Plaintiff's Response to Late Claimant David Kipe's *Pro Se* Motion for Equitable Tolling and Acceptance of Late Filed Claim ("Kipe Response," ECF No. 116), Lead Plaintiff and Class Counsel do not take a position on whether this Court should exercise its equitable powers to toll the period of time for Movants' late-filed claims or accept other late claims filed in this case after the July 30, 2025 Settlement Hearing. The Kipe Response details the scope of the notice program and provides the law applicable to the pending requests. It also notes information provided to Class Counsel, such as the existence of the Discord channel. Kipe Response at 6-7. This Consolidated Response incorporates by reference the Kipe Response and informs the Court of facts specific to each of Movants' late claims.

## I.   BACKGROUND

As reported in the Kipe Response, as of October 31, 2025, A.B. Data received 80 late claims submitted after the July 30, 2025, Settlement Hearing that totaled $1,537,641.79 in

---

[3] Pursuant to the Settlement Agreement, Defendants have no interest in the relief sought by this Motion. *See* § 27 ("No Defendant . . . shall be permitted to review, contest, or object to any Proof of Claim, or any decision of the Settlement Administrator or Class Counsel with respect to accepting or rejecting any claim for payment.").

2

recognized losses. Declaration of Kathleen M. Brauns Regarding Late Claims Received (ECF No. 116-1) ("Brauns Late Claims Decl.") ¶ 14. As of November 5, 2025, A.B. Data has received no additional late claims. Supplemental Declaration of Kathleen M. Brauns Regarding Late Claims Received ("Suppl. Late Claims Decl.") ¶ 3. All claimants who submitted late claims with recognized losses had been sent an Email Notice using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Brauns Late Claims Decl. ¶ 15. If only timely claims and late claims received on or before the Settlement Hearing of July 30, 2025, are accepted, these Settlement Class Members would recover 65.4% of their individual recognized loss. *Id*. ¶ 16. If Mr. Kipe's, Movants', and no other late claims received after July 30, 2025, are accepted the estimated recovery percentage for each Settlement Class Member would decrease to 59.67%. Suppl. Late Claims Decl. ¶ 6. If all late claims received after July 30, 2025, are accepted the estimated recovery percentage for each Settlement Class Member would decrease to 56.4%. Brauns Late Claims Decl. ¶ 17.

As of November 5, 2025, A.B. Data has received one additional request to accept a late claim since October 31, 2025. Suppl. Late Claims Decl. ¶ 4. A.B. Data is reviewing the statements submitted by the 27 claimants who received an Untimely Claim Notice or filed a claim after October 7, 2025, and who have subsequently requested that the untimeliness of their claims should be excused. *Id*. ¶ 5.

## II.  MOVANTS' CLAIMS

### A.  Jerrod Burbank's Late Claim

On April 1, 2025, A.B. Data caused the Email Notice to be emailed to Jerrod Burbank using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. *Id*. ¶

3

7. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 8, 2025, A.B. Data received a Claim Form submitted by Mr. Burbank. *Id*. ¶ 8. Mr. Burbank listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Burbank. *Id*. ¶ 9. Mr. Burbank responded to this Untimely Claim Notice on October 13, 2025. *Id*. A.B. Data has calculated Mr. Burbank's individual recognized loss to be $65,518.86. *Id*. ¶ 10.

On October 23, 2025, Mr. Burbank filed the Burbank Motion stating he did not receive direct notice of the Settlement by mail or email. The Burbank Motion is identical in its form and legal argument to that of Mr. Kipe's. *See* David Kipe's *Pro Se* Motion for Equitable Tolling and Acceptance of Late Filed Claim (ECF No. 107) ("Kipe Motion"). Like the Kipe Motion, the Burbank Motion includes a citation to *In re Cent. States Health & Life Co. of Omaha*, 504 F.3d 869 (9th Cir. 2007), a case for which Class Counsel has not found a corresponding citation. *See* Burbank Motion at 2. Mr. Burbank argues he did not have actual notice of the filing deadline, that his late claim would not prejudice the timely filed claims, that he acted diligently upon notice, and that acceptance promotes the interests of fairness and due process. *Id*. Mr. Burbank states in his Declaration that he first learned of the Settlement from another claimant on August 8, 2025, and submitted a claim on that same date. *Id*. at 3.

    **B.**    **Steve Rodems's Late Claim**

On March 29, 2025, A.B. Data caused the Email Notice to be emailed to Steve Rodems using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order.

4

Suppl. Late Claims Decl. ¶ 11. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 11, 2025, A.B. Data received a Claim Form submitted by Mr. Rodems. *Id*. ¶ 12. Mr. Rodems listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Rodems. *Id*. ¶ 13. Mr. Rodems responded to this Untimely Claim Notice on October, 13, 2025. *Id*. A.B. Data has calculated Mr. Rodems's individual recognized loss to be $52,501.78. *Id*. ¶ 14.

On October 23, 2025, Mr. Rodems filed the Rodems Motion stating his late-filed claim should be accepted because he did not receive actual notice of the Settlement. Citing the excusable neglect factors recognized by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), Mr. Rodems argues that his late claim should be accepted because no prejudice would result from the "*de minimis*" adjustments to the other Settlement Class Members' claims; his "minimal delay" had no material effect on the Settlement; he lacked actual notice of the Settlement; and he acted in good faith. Rodems Motion at 2-3. Mr. Rodems states in his Declaration attached as Exhibit A to his Motion (ECF No. 109-2) that he first learned of the Settlement from communications with other claimants on Discord on August 8, 2025.

C.  **Steven McKosky's Late Claim**

On March 31, 2025, A.B. Data caused the Email Notice to be emailed to Steven McKosky using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 15. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 4, 2025, A.B. Data received a Claim Form submitted by Mr. McKosky. *Id*. ¶ 16. Mr. McKosky listed his email address as the same email address used by A.B. Data to send the

5

original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. McKosky. *Id*. ¶ 17. Mr. McKosky responded to this Untimely Claim Notice on October 19, 2025. *Id*. A.B. Data has calculated Mr. McKosky's individual recognized loss to be $22,293.33. *Id*. ¶ 18.

On October 24, 2025, Mr. McKosky filed the McKosky Motion stating he did not receive direct notice of the Settlement by mail or email. The McKosky Motion is identical in its form and legal arguments to the Kipe Motion and Burbank Motion. Mr. McKosky states in his Declaration that he first learned of the Settlement on August 2, 2025. McKosky Motion at 3.

### D.     Eric Chan's Late Claim

On March 31, 2025, A.B. Data caused the Email Notice to be emailed to Eric Chan using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 19. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 11, 2025, A.B. Data received a Claim Form submitted by Mr. Chan. *Id*. ¶ 20. Mr. Chan listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Chan. *Id*. ¶ 21. Mr. Chan responded to this Untimely Claim Notice on October 14, 2025. *Id*. A.B. Data has calculated Mr. Chan's individual recognized loss to be $111,909.56. *Id*. ¶ 22.

On October 24, 2025, Mr. Chan filed the Chan Motion stating he learned of the Settlement after the filing deadline and had not received notice of the Settlement by mail or email. Invoking the *Pioneer* factors, Chan argues that his late claim should be accepted because no notice reached him, he showed diligence in submitting his claim, the "pro-rata fund can absorb one additional valid claim without impact," and exclusion "would undermine the settlement's compensatory

6

purpose and due process." Chan Motion at 3-4. Mr. Chan states in his Declaration that he first learned of the Settlement on August 11, 2025. *Id*. at 5.

### E.   Michael Syme's Late Claim

On March 28, 2025, A.B. Data caused the Email Notice to be emailed to Michael Syme using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 23. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On July 31, 2025, A.B. Data received a Claim Form submitted by Mr. Syme. *Id*. ¶ 24. Mr. Syme listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Syme. *Id*. ¶ 25. Mr. Syme responded to this Untimely Claim Notice on October 24, 2025. *Id*. A.B. Data has calculated Mr. Syme's individual recognized loss to be $55,277.44. *Id*. ¶ 26.

On October 24, 2025, Mr. Syme filed the Syme Motion stating he did not receive direct notice of the Settlement by mail or email. The Syme Motion is identical in its form and legal arguments to the Kipe Motion, Burbank Motion, and McKosky Motion. Mr. Syme states in his Declaration that he first learned of the Settlement on July 31, 2025, and immediately contacted Class Counsel and A.B. Data to submit his claim. Syme Motion at 3.

### F.   Jakub Kornafel's Late Claim

On March 29, 2025, A.B. Data caused the Email Notice to be emailed to Jakub Kornafel using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 27. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 13, 2025, A.B. Data received a Claim Form submitted by Mr. Kornafel. *Id*. ¶ 28. Mr. Kornafel listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Kornafel. *Id*. ¶ 29. Mr. Kornafel responded to this Untimely Claim Notice on October 15, 2025. *Id*. A.B. Data has calculated Mr. Kornafel's individual recognized loss to be $103,775.76. *Id*. ¶ 30.

On October 27, 2025, Mr. Kornafel filed the Kornafel Motion stating he first learned of the Settlement after the filing deadline and did not receive notice of the Settlement by mail or email. The Kornafel Motion is identical in its form and legal argument to the Chan Motion. Mr. Kornafel states in his Declaration that he first learned of the Settlement on August 13, 2025. Kornafel Motion at 5.

### G. Michael Camizzi's Late Claim

On March 28, 2025, A.B. Data caused the Email Notice to be emailed to Michael Camizzi using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 31. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On August 8, 2025, A.B. Data received a Claim Form submitted by Mr. Camizzi. *Id*. ¶ 32. Mr. Camizzi listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Camizzi. *Id*. ¶ 33. Mr. Camizzi responded to this Untimely Claim Notice on October 21, 2025. *Id*. A.B. Data has calculated Mr. Camizzi's individual recognized loss to be $133,142.38. *Id*. ¶ 34.

On October 27, 2025, Mr. Camizzi filed the Camizzi Motion. The Camizzi Motion is identical in its form and legal arguments to the Kipe Motion, Burbank Motion, McKosky Motion, and Syme Motion. Mr. Camizzi states in his Declaration that he first learned of the Settlement

8

from other claimants on August 8, 2025, and immediately submitted his late claim. Camizzi Motion at 3.

### H. Alex Lowen's Late Claim

On March 29, 2025, A.B. Data caused the Email Notice to be emailed to Alex Lowen using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Suppl. Late Claims Decl. ¶ 35. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id.*

On August 11, 2025, A.B. Data received a Claim Form submitted by Mr. Lowen. *Id.* ¶ 36. Mr. Lowen listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id.* On October 7, 2025, A.B. Data mailed an Untimely Claim Notice to Mr. Lowen. *Id.* ¶ 37. Mr. Lowen responded to this Untimely Claim Notice on October 15, 2025. *Id.* A.B. Data has calculated Mr. Lowen's individual recognized loss to be $285,469.69. *Id.* ¶ 38.

On October 28, 2025, Mr. Lowen filed the Lowen Motion stating he did not receive direct notice of the Settlement by mail or email. The Lowen Motion appears to be missing pages, but the pages provided match the form used in the Kipe Motion, Burbank Motion, McKosky Motion, Syme Motion, and Camizzi Motion. Mr. Lowen states in his Declaration that he first learned of the Settlement from another claimant on August 9, 2025. Lowen Motion at 2.

### III. CONCLUSION

For the reasons stated in the Kipe Response, Lead Plaintiff and Class Counsel take no position on whether the late claims submitted by Movants should be accepted. Additionally, Lead Plaintiff and Class Counsel respectfully submit that if the Court is inclined to accept late claims, the Court should set a deadline for late claims motions, to allow for the prompt resolution of the claims process.

Dated: November 6, 2025                                  Respectfully submitted,

**KIRBY McINERNEY LLP**

*/s/ Sarah E. Flohr*
Sarah E. Flohr (*pro hac vice*)
250 Park Avenue, Suite 820
New York, New York 10177
212.371.6600
sflohr@kmllp.com

Anthony F. Fata (*pro hac vice*)
Cormac H. Broeg (*pro hac vice*)
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606
312.767.5180
afata@kmllp.com
cbroeg@kmllp.com

*Lead Counsel for Lead Plaintiff Dufoe*

**BERMAN TABACCO**
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
1 Liberty Square
Boston, Massachusetts 02109
617.542.8300
pegan@bermantabacco.com
jsaif@bermantabacco.com

*Local Counsel for Lead Plaintiff Dufoe*

**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan (*pro hac vice*)
181 West Madison Street, Suite 4700
Chicago, Illinois 60602
312.527.0055
bth@hannafanlaw.com

*Additional Counsel for Lead Plaintiff Dufoe*

**G. DOWD LAW LLC**
George Dowd (*pro hac vice*)
181 West Madison Street, 47th Floor
Chicago, Illinois 60602
312.854.8300
george.dowd@gdowd.law

*Additional Counsel for Lead Plaintiff Dufoe*

## CERTIFICATE OF SERVICE

I, Sarah E. Flohr, hereby certify that on November 6, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF, served upon the *pro se* filers listed in the Certificate of Service for Lead Plaintiff's Response to Late Claimant David Kipe's *Pro Se* Motion for Equitable Tolling and Acceptance of Late Filed Claim (ECF No. 116), by mail and email, and will be uploaded to the Settlement website

Dated: November 6, 2025

*/s/ Sarah E. Flohr*
Sarah E. Flohr