UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DUFOE, et al., Plaintiffs

v.

DRAFTKINGS, INC., et al., Defendants

Case No. 1:23-cv-10524-DJC CLASS ACTION

REPLY IN FURTHER SUPPORT OF PRO SE MOTION FOR EQUITABLE TOLLING AND ACCEPTANCE OF LATE-FILED CLAIM

**Honorable Judge Casper:**

Late claimant **Jakub Kornafel** respectfully submits this reply in further support of his pro se Motion for Equitable Tolling and Acceptance of Late-Filed Claim.

**I. I Did Not Have Actual Notice of the Filing Deadline Prior to the Deadline**

While an Email Notice may have been transmitted on March 29, 2025, I never viewed, reviewed, or became aware of such notice. Auto-sorting, spam filtering, and promotional inbox routing can prevent visibility of notices even when technical delivery occurs. Courts routinely recognize that equitable tolling may be appropriate where no actual notice is received. I did not intentionally disregard the deadline, and any failure to respond earlier was due solely to my lack of actual awareness.

**II. I Acted Promptly Upon Learning of the Settlement**

I first learned of the settlement on August 13, 2025, through word of mouth. I immediately called the settlement helpline for guidance and submitted my claim form that same day. Upon receiving the October 7, 2025 Untimely Notice, I promptly conferred with Class Counsel and the Settlement Administrator on October 15, 2025, and filed my Motion on October 21, 2025—within fourteen (14) days.

### III. No Prejudice to the Settlement Class or Administration

The Net Settlement Fund has not yet been distributed, and my single claim represents a de minimis portion of the total. Acceptance of my claim would not materially dilute recoveries for timely claimants or delay administration. As acknowledged in Lead Plaintiff's Response, the Court retains discretion under the Settlement Agreement (§ 59) to accept late claims even after final approval.

### IV. My Delay Was Due to Excusable Neglect and Extraordinary Circumstances

Under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), the factors weigh in favor of relief: (1) minimal danger of prejudice; (2) negligible length of delay (claim submitted 23 days after deadline); (3) delay due to lack of notice, a circumstance beyond my control; and (4) good faith—no intentional delay for advantage or coordination with others.

### V. Equitable Considerations Favor Acceptance

Denying my claim would unjustly bar recovery despite my eligibility as a class member. Accordingly, I respectfully request that the Court exercise its equitable powers to toll the July 21, 2025, deadline and accept Claim #889682824 as timely filled.

Respectfully submitted,

/s/ *[signature]*

Jakub Kornafel, Pro Se

22 Miller Street

Wallington, NJ 07057

201-414-2695

jrake007@gmail.com

Dated: November 7, 2025

CERTIFICATE OF SERVICE

I certify that on November 7, 2025, I served the foregoing Reply and Supplemental Declaration via Certified Mail, Return Receipt Requested, and via email, to:

Class Counsel

Kirby McInerney LLP

Attn: Anthony F. Fata, Esq.

211 West Wacker Dr., Suite 550

Chicago, IL 60606

afata@kmllp.com

cbroeg@kmllp.com

Settlement Administrator

DraftKings NFT Settlement

c/o A.B. Data, Ltd.

P.O. Box 173039

Milwaukee, WI 53217

info@DraftKingsNFTSettlement.com

Defense Counsel: Brian T. Frawley, Esq.

frawleyb@sullcrom.com

Sullivan & Cromwell LLP

125 Broad Street

New York, NY 10004
Filed with

Clerk of Court

U.S. District Court — District of Massachusetts  1 Courthouse Way, Suite 2300

Boston, MA 02210

/s/ *[signature]*

Dated: November 7, 2025

Printed Name: Jakub Kornafel