

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DUFOE, et al., Plaintiffs

v.

DRAFTKINGS, INC., et al., Defendants

Case No. **1:23-cv-10524-DJC**    CLASS ACTION

REPLY IN FURTHER SUPPORT OF PRO SE MOTION FOR EQUITABLE

TOLLING AND ACCEPTANCE OF LATE-FILED CLAIM

Honorable Judge **Casper**:

Late claimant **Eric Chan** respectfully submits this Reply in further support of his pro se Motion for Equitable Tolling and Acceptance of Late-Filed Claim.

### I. I Did Not Have Actual Notice of the Filing Deadline Prior to the Deadline

While an Email Notice may have been transmitted on March 29, 2025, I never viewed,

reviewed, or became aware of such notice. Spam filtering, auto-sorting, and promotional inbox routing can prevent visibility of notices even when technical delivery occurs. Courts routinely

recognize that equitable tolling may be appropriate where no actual notice is received. I did not intentionally disregard the deadline.

### II. I Acted Promptly Upon Learning of the Settlement

I first learned of the settlement on August 11, 2025, via word of mouth, and submitted my

claim form the same day after calling the helpline for guidance. Upon receiving the October 7, 2025 Untimely Notice, I conferred with Class Counsel and the Settlement Administrator on October 14, 2025, and filed my Motion on October 20, 2025—within thirteen (13) days.

### III. No Prejudice to the Settlement Class or Administration

The Net Settlement Fund has not yet been distributed, and my single claim represents a de minimis portion of the total. Accepting it would not materially dilute recoveries for timely claimants or delay administration. As noted in Lead Plaintiff's Response, the Court has discretion under the Settlement Agreement (§ 59) to accept post-final-approval late claims.

### IV. My Delay Was Due to Excusable Neglect and Extraordinary Circumstances

Under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), the factors weigh in favor of relief: (1) minimal danger of prejudice; (2) negligible length of delay (claim submitted 21 days after deadline); (3) delay due to lack of notice, beyond my control; and (4) good faith—no intentional delay for advantage or coordination with others.

### V. Equitable Considerations Favor Acceptance

Denying my claim would unjustly bar recovery despite my eligibility as a class member. I request the Court exercise its equitable powers to toll the July 21, 2025, deadline and accept

Claim #889682821 as timely.

Respectfully submitted,

/s/ *Eric Chan*

Eric Chan, Pro Se

10159 Lodestone Way

Parker, CO 80134

303-522-3732

hommiechan@gmail.com

Dated: November 7, 2025