**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

DUFOE, et al., Plaintiffs

v.

DRAFTKINGS, INC., et al., Defendants

Case No. 1:23-cv-10524-DJC     CLASS ACTION

# REPLY IN FURTHER SUPPORT OF PRO SE MOTION FOR EQUITABLE TOLLING AND ACCEPTANCE OF LATE-FILED CLAIM

Honorable Judge Casper:

Late claimant **David Kipe** respectfully submits this Reply in further support of his pro se Motion for Equitable Tolling and Acceptance of Late-Filed Claim.

### I. I Did Not Have Actual Notice of the Filing Deadline

While an Email Notice may have been transmitted on March 29, 2025, I never viewed, reviewed, or became aware of such notice. Spam filtering, auto-sorting, and promotional inbox routing can prevent visibility of notices even when technical delivery occurs. Courts routinely recognize that equitable tolling may be appropriate where no actual notice is received. I did not intentionally disregard the deadline.

### II. I Acted Promptly Upon Receiving Actual Notice

The October 7, 2025 Untimely Notice was the first moment I understood that a claim deadline existed. Within six (6) days, I contacted the Settlement Administrator, submitted a written statement, and then filed my motion shortly thereafter. This reflects good-faith diligence, not neglect.

### III. I Did Not Delay for Strategic Advantage

Prior to October 7, I was not aware of the settlement, the recovery percentage, or any scheduling surrounding distribution. I could not have intentionally waited to assess payout value or dilute the class.

### IV. I Did Not Coordinate to Evade the Deadline

I did not coordinate with anyone to intentionally evade the filing deadline. Late filing offers no financial or strategic advantage. Any discussions I participated in occurred only after receiving my own Untimely Notice and were limited to sharing procedural information with others who also lacked actual notice. My claim is based on individual circumstances only.

### V. Acceptance Would Not Materially Prejudice the Class

Based on settlement allocation data provided by the Administrator, acceptance of my claim would result in a modest reduction to aggregate distributions (from approximately 65.4% to 64.7%). Courts applying equitable balancing consider such impact immaterial when weighed against good-faith equities.

### VI. My Delay Was Short and Reasonable

The length of my delay is modest relative to claims accepted under equitable principles in comparable matters. Courts consistently weigh short, good-faith delays favorably.

## VII. Conclusion

For these reasons, and those stated in my initial motion, I respectfully request that the Court accept my late-filed claim under the doctrine of equitable tolling, or otherwise deem the filing deadline equitably tolled as to me individually.

Respectfully submitted:

/s/ **David Kipe**

7 Hilton Avenue

Northport, NY 11768

Claim No. 889682815

Dated: November 10, 2025