UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



JUSTIN DUFOE, Individually and on Behalf of
All Others Similarly Situated,

Plaintiff,

v.

DRAFTKINGS INC., et al.,

Defendants.

Case No. 1:23-cv-10524-DJC

---

PRO SE MOTION FOR EQUITABLE TOLLING AND ACCEPTANCE OF LATE-FILED CLAIM
(Michael Camizzi – Claim Filed August 8, 2025 - Claim #889682816)

I, Michael Camizzi, a pro se Settlement Class Member, move this Court to accept my Proof of Claim filed August 8, 2025 — the same day I first learned of the settlement. This Motion responds to the Administrator's denial (modeled on the David Kipe response) and distinguishes my immediate, good-faith filing from any pre-deadline strategic delay alleged in ECF Nos. 116 & 117.

I. RELIEF REQUESTED
Accept my claim under the Court's retained jurisdiction (Stipulation ¶32), Preliminary Approval Order ¶15, FRCP 6(b)(1)(B), and inherent equity. My 18-day delay resulted solely from non-receipt of official email notice; I filed within hours of first learning via a single, casual online message — no pre-deadline knowledge, no gaming.

II. FACTUAL BACKGROUND
1. I purchased from the DraftKings Marketplace during the Class Period and am a confirmed Settlement Class Member.
2. Email Notice was reportedly sent successfully (~March/April 2025), but I never received it — not in inbox, spam, promotions, or any folder. I also never received a postcard.
3. On August 8, 2025, I saw one brief, casual online message — my first awareness of the settlement.
   - I had no prior knowledge from any source.
4. Within hours, I visited draftkingsnftsettlement.com and filed my claim the same day (August 8, 2025).

5. I received the October 7, 2025 Claim Status Letter. I requested reconsideration; the Administrator denied, citing the Kipe response.

III. LEGAL ARGUMENT
A. Pioneer Excusable Neglect –All Factors Met
*Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993)*

Factor : Camizzi's Case
Prejudice : None – Fund undistributed; my share de minimis. All late claims = ~9% dilution (Brauns Decl., ECF No. 117).
Length of Delay : 18 days – same-day filing upon discovery.
Reason for Delay : No official notice – email failed. Single online message = first effective notice.
Good Faith : Filed within hours – no delay, no strategy.

B. Due Process: Official Notice Failed
*Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)* – Notice must be reasonably calculated to apprise me. Email alone failed. August 8 online message was my first effective notice — and I acted immediately.

*Silber v. Mabon, 18 F.3d 1449 (9th Cir. 1994)* – Late relief granted when notice ineffective despite program validity.

C. No Evidence of Gaming Applies
- ECF No. 116 cites pre-deadline strategic posts.
- My message was post-deadline and non-strategic — no delay advice.
- I filed the same day — behavior of a diligent claimant, not a gamer.
- No evidence links me to any strategy — my sworn declaration is sufficient.

D. Settlement Allows This Relief
- ¶15 & ¶27 permit late claims that do not delay distribution — none has begun.
- ~~Class Counsel neutral, suggesting a motion cutoff — my case fits any fair standard.~~

IV. CONCLUSION
I acted as soon as I learned — same day. Denying me would punish diligence while rewarding only email recipients. Equity demands inclusion.

I request the Court:
1. GRANT this Motion
2. Accept my August 8 claim
3. Direct the Administrator to process it
4. Set a final late-claim deadline, if needed

Dated: November 7, 2025

Michael Camizzi
11807 Britain Way
Henrico, VA
(609)231-6422 - michael.camizzi@gmail.com - camizzimg@vcu.edu
Pro Se

---

UNSWORN DECLARATION UNDER PENALTY OF PERJURY
(28 U.S.C. § 1746 – NO NOTARY OR LOGS REQUIRED)

I, Michael Camizzi, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge:

1. I never received the email or postcard notice.
2. On August 8, 2025, I saw one brief, casual online message — my first awareness.
3. I filed my claim within hours — same day.
4. I had no prior knowledge. No strategic intent.

Executed on: November 7, 2025

_____
Michael Camizzi