Nyree Hinton
6230 Wilshire Blvd
Ste 1204
Los Angeles, CA, 90048

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, AND MATTHEW KALISH<br>Defendants, | Case No.: 1:23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

## PETITION OF SETTLEMENT CLASS MEMBER NYREE HINTON FOR ACCEPTANCE OF UNTIMELY CLAIM

Settlement Class Member Nyree Hinton ("Claimant"), representing himself pro se, respectfully submits this petition to the Court, requesting that the Court exercise its equitable powers to deem his claim timely filed or, in the alternative, to excuse the untimeliness of his claim and direct the Settlement Administrator, A.B. Data, Ltd., to accept his Proof of Claim and Release Form (Claim No. 940439468) for payment from the Net Settlement Fund.

In support of this petition, Claimant states as follows:

**INTRODUCTION**

1. This matter arises from the Court-approved settlement in the class action lawsuit Dufoe v. DraftKings Inc., et al. The deadline for Settlement Class Members to submit a claim was July 21, 2025.

2. Claimant is a bona fide member of the Settlement Class who, through no fault of his own, did not receive the initial court-approved notice. Upon learning of the settlement through independent means, Claimant acted with diligence and in good faith to submit his claim.

3. The untimeliness of the claim was caused by a failure of the notification process and was further compounded by technical barriers imposed by Defendant DraftKings that prevented Claimant from accessing his own account and transaction history.

4. For the reasons set forth below, Claimant's failure to meet the filing deadline constitutes excusable neglect. Denying his valid claim would be profoundly inequitable and would reward a flawed notice process and the Defendant's obstructive actions. Therefore, Claimant respectfully requests that the Court accept his claim.

**FACTUAL BACKGROUND**

1. The Court granted Final Approval of the Settlement on July 30, 2025. The deadline for submitting a Proof of Claim was July 21, 2025.

2. Claimant, Nyree Hinton, qualifies as a Settlement Class Member, having purchased numerous DraftKings NFTs during the Settlement Class Period.

3. Claimant was never properly served with the initial settlement notice. He did not receive an Email Notice or a Postcard Notice containing the Unique ID and PIN necessary to file a claim online. As a result, He was unaware of the filing procedure and the approaching deadline.

4. Upon learning of the settlement through independent means shortly after the deadline had passed, Claimant took immediate and proactive steps to participate. On or around August 4, 2025, he contacted the Settlement Administrator's office directly by email to inform them that he had not received a notice and to request the necessary information to file his claim.

5. In response, on August 4, 2025, the Settlement Administrator provided Claimant with a Unique ID (X6J36PC4) and PIN (FFHDDR) to file his claim.

6. On that same day, August 4, 2025, Claimant used the provided credentials to submit his Proof of Claim and Release Form online, receiving Confirmation Number 11392REF14392.

7. On October 7, 2025, the Settlement Administrator sent Claimant a "Notice of Untimely Claim" (Claim No. 940439468), stating that his claim was received after the July 30, 2025 final approval hearing and was therefore ineligible for payment unless accepted by the Court.

8. On October 24, 2025, well within the 21-day response deadline, Claimant submitted a signed written statement to the Settlement Administrator, contesting the determination of untimeliness and formally requesting that his claim be deemed timely or excused due to extenuating circumstances. Claimant specifically cited the failure of initial notification and the fact that Defendant DraftKings had blocked his account access due to geolocation restrictions (as he was temporarily residing in Los Angeles), which made it impossible for him to independently verify his transaction records.

**ARGUMENT**

## THE COURT SHOULD ACCEPT THE UNTIMELY CLAIM UNDER THE DOCTRINE OF EXCUSABLE NEGLECT

The Court has the equitable power to accept late-filed claims. The determination of whether to accept a late claim is governed by the standard of "excusable neglect." The key factors for the Court to consider are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether was within the reasonable control of the movant; and (4) whether movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). All four factors weigh heavily in favor of accepting Claimant's claim.

### 1. THERE IS NO PREDJUDICE TO THE PARTIES.

Accepting Claimant's claim will not cause prejudice to the Defendants or the Settlement Class. The $10 million Settlement Fund is a fixed amount. Defendants' obligation is fulfilled and will not be increased. While accepting another valid claim will infinitesimally dilute the recovery of other claimants, this is not prejudice; rather, it fulfills the fundamental purpose of the settlement, which is to compensate all eligible class members who suffered losses. The claim was submitted long before the distribution of the Net Settlement Fund, ensuring that its inclusion will not disrupt or delay the administration process.

### 2. THE LENGTH OF THE DELAY IS MINIMAL.

Claimant submitted his claim on August 4, 2025, a mere 14 days after the July 21, 2025 deadline. This brief delay has had no impact on the judicial proceedings or the administration of the settlement. The Final Approval Hearing had only just occurred, and the claims review process was in its initial stages.

## 3. THE REASON FOR THE DELAY WAS OUTSIDE OF CLAIMANT'S CONTROL.

Claimant's delay was caused by circumstances entirely beyond his reasonable control. First, he never received the initial notice required to participate. Without the Unique ID and PIN, it was impossible for him to file a claim. This failure in the notice procedure is the primary cause of the delay. Second, his ability to gather his necessary documentation was actively thwarted by Defendant DraftKings, which blocked his account access due to geolocation restrictions. A defendant should not be permitted to benefit from its own technical barriers that prevent a class member from participating in a remedy for that defendant's alleged misconduct.

## 4. CLAIMENT ACTED IN GOOD FAITH

Claimant's actions demonstrate a clear lack of willfulness or bad faith. The moment he became aware of the settlement, he diligently sought the information needed to file his claim and submitted it the very day he received his credentials. He has been proactive and responsive at every stage, including by promptly submitting a detailed written statement contesting the untimeliness determination.

## CONCLUSION

For the foregoing reasons, Nyree Hinton respectfully requests that this Court issue an Order:

1. Finding that his failure to timely file his claim was the result of excusable neglect; and

2. Directing the Settlement Administrator, A.B. Data, Ltd., to accept Claim Number 940439468 as a timely and validly filed claim for purposes of participating in the distribution of the Net Settlement Fund.

Respectfully submitted,

November 17, 2025

Nyree Hinton, Pro Se

(Mailing) 6230 Wilshire Blvd
Ste 1204
Los Angeles, CA, 90048

(Home) 4254 Church Road
Easton, PA 18045
(732) 979-6264
nyreehinton@gmail.com

**CERTIFICATE OF SERVICE**

I, Nyree Hinton, hereby certify that on this **17th day of November, 2025**, I caused a true and correct copy of the foregoing PETITION OF SETTLEMENT CLASS MEMBER NYREE HINTON FOR ACCEPTANCE OF UNTIMELY CLAIM to be served via U.S. Mail, first class, postage prepaid, upon the following counsel of record:

**Lead Counsel for Plaintiff**
Anthony F. Fata
Kirby McInerney LLP
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606

**Counsel for Defendants**
Brian T. Frawley
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Nyree Hinton