# UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DUFOE, et al., Plaintiffs,

v.

DRAFTKINGS INC., et al., Defendants.

Case No. 1:23-cv-10524-DJC

## PRO SE REPLY IN SUPPORT OF MOTION FOR EQUITABLE TOLLING AND ACCEPTANCE OF LATE-FILED CLAIM (ECF 109)

Claimant Steve Rodems, appearing pro se, respectfully submits this limited reply to clarify certain factual points raised in the Lead Plaintiff's Consolidated Response to Late Claimants' Pro Se Motions for Equitable Tolling (ECF 117) and to reaffirm why his claim should be accepted under the Pioneer factors.

### 1. Lack of Actual Notice

Claimant maintains two active and regularly monitored email accounts. He did not receive the settlement notice in either account prior to the July 21, 2025 filing deadline. Other class members later reported locating their settlement notifications in spam folders, suggesting that the same may have occurred here. Because claimant never received actual notice, the missed deadline was not within his reasonable control.

### 2. Diligence Upon Learning of the Settlement

Claimant first learned of the existence of the settlement after the July 21 deadline had passed and filed his claim within days of learning of it. He did not take part in any Discord or other online discussions concerning the settlement before August 8, 2025, because he was unaware of the settlement prior to that date. The short delay in filing was not purposeful and resulted in only a minimal administrative impact.

### 3. Clarification Regarding the Discord Discussion

The Discord screenshots referenced in the Response to Motion re 107 (ECF 116), and incorporated by reference in ECF 117, are dated October 11, 13, and 17, 2025—several days after all late claimants had received their "Untimely Claim" notices from the Settlement Administrator, and well after all late claimants filed their original claims. The discussions shown there concerned how individual filers could respond to their "Untimely Claim" notices with motions in the proper legal form and language. They are not evidence of any

prior coordination or plan to file late claims after waiting to learn the settlement percentage.

### 4. Equities Favor Acceptance Under *Pioneer*

Claimant lacked actual notice of the filing deadline, acted promptly once aware, and his inclusion would not materially prejudice timely claimants. Accepting his claim would serve fairness and due process while causing only minimal delay to the settlement distribution.

### 5. Conclusion

For the foregoing reasons and those stated in claimant's original motion (ECF 109), claimant respectfully requests that the Court grant his Motion for Equitable Tolling and Acceptance of Late-Filed Claim.

Date: November 10, 2025

Respectfully submitted,

Steve Rodems, Pro Se
Email: rodemss4@gmail.com

Address (on file)

### Declaration

I, Steve Rodems, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements made in the foregoing Reply are true and correct to the best of my knowledge.

Executed on November 10, 2025.

Steve Rodems, Pro Se

### Certificate of Service

I hereby certify that on November 10, 2025, I caused a true and correct copy of the foregoing Pro Se Reply in Support of Motion for Equitable Tolling and Acceptance of Late-Filed Claim (ECF 109) to be served by email upon Class Counsel at afata@kmllp.com and

cbroeg@kmllp.com, and by courtesy copy to the Settlement Administrator at info@DraftKingsNFTSettlement.com.

Steve Rodems, Pro Se