UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>      Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

**DECLARATION OF KATHLEEN M. BRAUNS REGARDING
DISTRIBUTION PLAN**

I, Kathleen M. Brauns, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Project Manager with A.B. Data, Ltd. ("A.B. Data"),[1] the Court appointed Settlement Administrator in the above-captioned matter. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. The Court appointed A.B. Data to serve as the Settlement Administrator for the class settlement in *Dufoe v. DraftKings Inc., et al.*, No. 23-cv-10524-DJC (D. Mass.). ECF No. 89 at 9. Pursuant to that role, A.B. Data designed and implemented the settlement notice program authorized by the Court (the "Notice Program") to inform Settlement Class Members about their rights and options under the Settlement. Details about the Notice Program and A.B. Data's experience were included in the Motion for Preliminary Approval. ECF No. 87-3, Ex. 2.

---

[1] Unless otherwise indicated, defined terms shall have the definitions set forth in the Stipulation of Settlement ("Settlement" or "Settlement Agreement"), which was filed on February 26, 2025 (ECF No. 87-2). Citations to the Settlement Agreement are abbreviated as "§ ___."

## NOTICE PROGRAM

3. In accordance with the Preliminary Approval Order, A.B. Data caused a copy of the Email Notice to be emailed to 1,554,528 potential Settlement Class Members based on the lists it received from Lead Counsel and DraftKings.

4. For the 12,284 potential Settlement Class Members whose email address was not provided or where the Email Notice was undeliverable, A.B. Data provided direct notice utilizing the Postcard Notice.

5. In accordance with Paragraph 10 of the Preliminary Approval Order, on April 4, 2025, A.B. Data caused the Publication Notice to be transmitted once over the *PR Newswire*.

6. The Email Notice, Postcard Notice, and Publication Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit Claim Forms by no later than July 21, 2025.

7. A.B. Data established and continues to maintain the Settlement Website (www.DraftKingsNFTSettlement.com) dedicated to this Action, and an email box (info@DraftKingsNFTSettlement.com), toll-free helpline (877-833-9186), and P.O. Box (DraftKings NFT Settlement, c/o A.B. Data, Ltd., P.O. Box. 173039, Milwaukee, WI 53217) to assist Settlement Class Members.

8. The Settlement Website informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit Claim Forms no later than July 21, 2025.

9. If a Settlement Class Member contacted A.B. Data via email, mail, or called the toll-free helpline, they were informed of the requirement to submit Claim Forms no later than July 21, 2025.

## CLAIMS ADMINSTRATION

10. As of January 23, 2026, A.B. Data has completed the processing of the 14,720 Claim Forms.

11. A.B. Data conducted an extensive review of all Claim Forms received.

12. Of the 14,720 claims received, A.B. Data determined that 106 were duplicates of other claims.

13. Next, A.B. Data determined that 249 were not Settlement Class Members because DraftKings had no record of their purchase or holding of a DraftKings NFT.

14. After removing duplicates and non-class members, A.B. Data calculated the claimants' recognized losses by applying the Court-approved Plan of Allocation.

15. Of the 14,365 claims from Settlement Class Members, A.B. Data determined that 10,779 had no recognized loss under the Plan of Allocation. This category includes 8,584 claims that were gifted DraftKings NFTs and had no primary or secondary purchases and 2,195 claims whose secondary receipts, prize receipts, and closure receipts cumulatively exceeded their primary and secondary purchases.

## NOTICES TO CLAIMANTS

16. On October 7, 2025, A.B. Data sent four different notices to claimants who submitted a Claim Form to inform them of the eligibility of their claims and of their individual recognized loss under the Plan of Allocation. Every claimant who submitted a Claim Form received one of these four notices.

17. These notices included: (1) a Claim Calculation Notice to all claimants with a recognized loss under the Court-approved Plan of Allocation who submitted claims on or before July 30, 2025, informing them of A.B. Data's determination of their recognized loss (in the form

3

attached as Ex. A-1 to this Declaration); (ii) an Untimely Claims Notice to all Claimants with a recognized loss under the Court-approved Plan of Allocation who submitted claims after July 30, 2025, informing them that their claim was untimely and could not be accepted under the terms of the Settlement and could only be accepted by the Court (in the form attached as Exhibit A-2 to this Declaration);[2] (iii) a Claim Rejection Notice to all Claimants with no recognized loss under the Court-approved Plan of Allocation informing them that they had no recognized loss and would not receive a distribution from the Settlement Fund (in the form attached as Ex. A-3 to this Declaration); and (iv) a Claim Rejection Notice in response to all duplicate claims informing the claimants that their duplicate claims would not be accepted (in the form attached as Ex. A-4 to this Declaration).

## ELIGIBLE CLAIMS

18. Of the 14,720 claims received and processed by A.B. Data through January 23, 2026, A.B. Data has determined that 3,544 are eligible to receive a distribution because they were submitted on or before the July 30, 2025 Settlement Hearing and have a recognized loss.

19. These 3,544 claims have a total recognized loss of $9,696,396.25.

20. If only timely claims and late claims received on or before the Settlement Hearing of July 30, 2025 are accepted, these Settlement Class Members would recover 67.52% of their individual recognized loss.[3]

---

[2] Late claimants who submitted Claim Forms after October 7, 2025, received the same Untimely Claim Notices after the submission of their claims.

[3] The individual recovery percentage is an estimate based on the current value of the Settlement Fund. The final recovery percentage will fluctuate with the final number of approved Claims, any additional interest earned, and withholdings made for future tax liability.

## DISPUTED LATE CLAIMS

21. The claims processed by A.B. Data include 93 claims that were postmarked or received after the Settlement Hearing on July 30, 2025, of which 42 had recognized losses.

22. All claimants who submitted late claims with recognized losses had been sent an Email Notice using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order and each of these emails were sent successfully without notification of a bounce.

23. Late claimants with a recognized loss were advised in the Untimely Claim Notice that if they believed the untimeliness should be excused, they must submit a written statement to A.B. Data within 21 days and that they had the right to petition the Court to accept their claim.

24. Of the 42 late claimants with a recognized loss, 27 responded to the Untimely Claim Notice requesting that the untimeliness of their claim be excused. The claimants who responded to the Untimely Claim Notices with a recognized loss are provided in Exhibit B-3.

25. The 15 late claimants with a recognized loss who failed to respond to the Untimely Claim Notice are listed in Exhibit B-5.

26. A.B. Data has calculated the aggregate recognized loss of the late claimants listed in Exhibit B-3 to be $1,459,687.82. If all the late claimants listed in Exhibit B-3 are accepted, the estimated recovery percentage for each Settlement Class Member would decrease from 67.52% to 58.68%.

27. A.B. Data has calculated the aggregate recognized loss of the late claimants listed in Exhibit B-5 to be $89,483.11. If all the late claimants listed in Exhibits B-3 and B-5 are accepted, the estimated recovery percentage for each Settlement Class Member would decrease from 67.52% to 58.22%.

28. To facilitate the efficient distribution of the Net Settlement Fund, there must be a final cut-off date after which no more claims will be accepted.

### REPORTS

29. A.B. Data has prepared and attached as exhibits to this Declaration detailed reports of Settlement Class Members who submitted: (1) timely and eligible claims with an individual recognized loss under the Plan of Allocation (Ex. B-1);[4] (2) eligible claims with an individual recognized loss under the Plan of Allocation after the July 21, 2025 claims deadline, but on or before the July 30, 2025 Settlement Hearing (Ex. B-2); (3) untimely claims with an individual recognized loss under the Plan of Allocation after the July 30, 2025 Settlement Hearing and subsequently requested that the untimeliness of their claims be excused (Ex. B-3); (4) timely or untimely claims with no individual recognized loss under the Plan of Allocation (Ex. B-4); (5) untimely claims with an individual recognized loss under the Plan of Allocation after the July 30, 2025 Settlement Hearing and did not request the untimeliness of their claims be excused (Ex. B-5); and (6) individuals who submitted claims but were not members of the Settlement Class (Ex. B-6). These reports are annexed as Exhibits B-1 through B-6 to the Brauns Distribution Declaration, respectively.

30. Based on these determinations, A.B. Data, in consultation with Class Counsel, recommends that a distribution to the claimants listed in Exhibits B-1 and B-2 be authorized, no distribution be made to the claimants listed in Exhibit B-4, and the claims listed in Exhibits B-5 and B-6 be rejected.

---

[4] Ten (10) of these Settlement Class Members with an individual recognized loss under the Plan of Allocation disputed A.B. Data's calculation of their recognized loss and are thus listed in both Exhibit B-1 and Exhibit C.

6

31. A.B. Data takes no position on whether the claimants listed in B-3 should be accepted.

## DISPUTED CLAIM CALCULATIONS OF RECOGNIZED LOSS

32. A.B. Data prepared reports of the claimants who disputed A.B. Data's calculation of their individual recognized loss under the Court-approved Plan of Allocation. These reports include (i) claimants who disputed the A.B. Data's determination that they had no loss under the Plan of Allocation; and (ii) claimants with a recognized loss under the Plan of Allocation who disputed the amount of their recognized loss. This report is annexed as Exhibit C to the Brauns Distribution Declaration. A.B. Data, in consultation with Class Counsel, recommends that the Court approve A.B. Data's calculation of individual recognized loss using the Court-approved Plan of Allocation in regards to the Claimants listed on Exhibit C.

33. A.B. Data received 18 challenges to its administrative determinations regarding the calculation of recognized loss.

34. Of these requests, five (5) were made by claimants who are not Settlement Class Members, also listed in Exhibit B-6.

35. Three (3) were made by Settlement Class Members with no documented primary or secondary purchases or with no recognized loss under the Plan of Allocation, also listed in Exhibit B-4.

36. Ten (10) requests were made by Settlement Class Members with a recognized loss under the Plan of Allocations, also listed in Exhibit B-1.

37. One (1) of these ten claimants did not dispute the data used in the calculations but exclusively objected to the Court-approved Plan of Allocation.

38. In an attempt to resolve the disputes without the Court's intervention, A.B. Data contacted each claimant requesting Court review to answer any questions and explain the Plan of Allocation and A.B. Data's determinations. As a result of these efforts, one (1) claim for which Court review was requested have been retracted.

39. The 17 claims that remain unresolved were advised in writing of their rights and the reasons why their claims were denied.

40. A.B. Data recommends that the Court reject these claimants' disputes of recognized loss calculations under the Court-approved Plan of Allocation.

## **DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND**

41. A.B. Data recommends the following plan for the distribution of the Net Settlement Fund:

   a. Pursuant to the proposed Distribution Plan, A.B. Data will distribute the Net Settlement Fund, after deducting all payments approved by the Court and Taxes, to Court-approved Authorized Claimants who would receive at least $5.00 based on their Recognized Loss, as calculated pursuant to the Court-approved Plan of Allocation (the "Initial Distribution"). § 28. Pursuant to the Settlement Agreement, A.B. Data will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to be less than $5.00.

   b. In order to encourage Authorized Claimants to promptly deposit their payments, Class Counsel and A.B. Data propose that the distribution checks bear the notation, "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Authorized Claimants who do not negotiate their checks within the time allotted or on the conditions set forth

    in this paragraph will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available to be re-distributed in any subsequent distribution as described below.

c. After A.B. Data has completed the Initial Distribution and made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution Checks, but no earlier than six (6) months after the Initial Distribution, A.B. Data shall pay from the remaining balance of the Net Settlement Fund any amounts mistakenly omitted from the Initial Distribution to Authorized Claimants who would receive at least a $5.00 payment.

d. If any funds remain in the Net Settlement Fund after the Initial Distribution and any amounts mistakenly omitted from the Initial Distribution have been paid, A.B. Data shall be authorized to pay itself for any Notice Costs and Administration Costs incurred in administering the Settlement in excess of the $180,000 authorized by the Final Approval Order. § 28.

e. If any funds remain in the Net Settlement Fund after the Initial Distribution, any amounts mistakenly omitted from the Initial Distribution, and any additional Notice and Administration Costs have been paid, A.B. Data shall, if it determines in consultation with Class Counsel that it would be economically feasible to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution").

f. In the Second Distribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution (*e.g.*, the funds for all void stale-dated checks), after deducting A.B. Data's fees and expenses incurred in connection with administering

      the Settlement for which it has not yet been paid (including the estimated costs of a Second Distribution), and after payment of any Taxes, will be distributed to all Authorized Claimants who cashed their Initial Distribution check and who would receive at least $5.00 from such distribution based on their *pro-rata* share of the remaining funds.

    g. Six months after the completion of the Second Distribution, or if A.B. Data in consultation with Class Counsel determines a Second Distribution will not be cost-effective, the residual balance shall be contributed to an appropriate cy pres recipient, as to be identified by Defendants and approved by Lead Plaintiff and the Court.

### FEES AND EXPENSES OF THE SETTLEMENT ADMINISTRATOR

42. On March 31, 2025, A.B. Data agreed to be the Settlement Administrator and to conduct the notice program and the claims administration process in exchange for payment of its fees and expenses.

43. As of January 23, 2026, A.B. Data has been paid $50,000 in Notice Costs and Administration Costs.

44. Pursuant to § 29 of the Settlement Agreement, the remaining $130,000 in Notice Costs and Administration Costs authorized by the Final Approval Order will be paid to A.B. Data prior to the Initial Distribution. As of January 23, 2026, A.B. Data has accrued $230,310.60 in Notice Costs and Administration Costs, $50,310.60 in excess of the $180,000 authorized by the Final Approval Order, which includes but is not limited to: print and postage expenses for additional notification to Settlement Class Members, professional fees related to project

management including non-standard declaration reporting, and the costs and fees associated with the continued administration and distribution of the net settlement fund.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2026 in Milwaukee, Wisconsin.

/s/ *Kathleen Brauns*
Kathleen M. Brauns