UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

**LEAD PLAINTIFF'S RESPONSE TO LATE CLAIMANT PATRICK WENDT'S *PRO SE* MOTION FOR ACCEPTANCE OF LATE CLAIM**

Court-appointed Lead Plaintiff[1] Justin Dufoe, individually and on behalf of the Settlement Class, hereby responds to Late Claimant Patrick Wendt's *Pro Se* Motion for Acceptance of Late Claim ("Wendt Motion," ECF No. 131) pursuant to Federal Rule of Civil Procedure 23(e) and § 59 of the Settlement Agreement.[2]

As stated in the Lead Plaintiff's Response to Late Claimant David Kipe's *Pro Se* Motion for Equitable Tolling and Acceptance of Late Filed Claim ("Kipe Response," ECF No. 116), the Consolidated Response to Late Claimants' *Pro Se* Motions for Equitable Tolling and to Accept Late Filed Claims ("Consolidated Response," ECF No. 117), and Lead Plaintiff's Motion for Authorization to Distribute Net Settlement Fund to Authorized Claimants and Supporting

---

[1] Unless otherwise indicated, defined terms shall have the definitions set forth in the Stipulation of Settlement ("Settlement" or "Settlement Agreement"), which was filed on February 26, 2025 (ECF No. 87-2). Citations to the Settlement Agreement are abbreviated as "§ ___."

[2] "The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for . . . the distribution of the Net Settlement Fund to Settlement Class Members."

1

Memorandum of Law ("Distribution Motion," ECF No. 130), under the Settlement Agreement neither Class Counsel nor the Settlement Administrator can accept late claims filed after the Settlement Hearing held on July 30, 2025, and such requests fall solely within the power and discretion of this Court. *See* § 32.[3] As reflected in the Kipe Response, Consolidated Response, and Distribution Motion, Lead Plaintiff and Class Counsel have taken no position as to whether previously submitted late claims should be accepted.

To facilitate the efficient distribution of the Net Settlement Fund, there must be a final cut-off date after which no more claims will be accepted. For this reason, Lead Plaintiff and Class Counsel requested in the Distribution Motion that the Court order that no new claims received or postmarked after January 26, 2026, the date of the Distribution Motion's filing, be eligible for payment.

After the filing of the Distribution Motion, potential class member Patrick Wendt contacted the Settlement Administrator and Class Counsel to seek acceptance of his late claim. Declaration of Kathleen M. Brauns Regarding Post Distribution Motion Late Claims Received, dated February 17, 2026 ("Brauns February Declaration"). If the Court determines that Mr. Wendt's and/or other late claims should be accepted, Lead Plaintiff and Class Counsel request that the Court impose a final cut-off date for late claims no later than two weeks after the Court's order authorizing payment to authorized claimants is granted.

Lead Plaintiff and Class Counsel take no position on the Wendt Motion. This Response incorporates by reference the Kipe Response, Consolidated Response, and Distribution Motion, and informs the Court of facts specific to Mr. Wendt's late claim.

---

[3] Pursuant to the Settlement Agreement, Defendants have no interest in the relief sought by this Motion. *See* § 27.

I.  **BACKGROUND**

As reported in the Declaration of Kathleen M. Brauns Regarding Distribution Plan ("Brauns Distribution Decl.," ECF No. 130-1), as of January 23, 2026, the Settlement Administrator had reviewed 93 claims that were postmarked or received after the Settlement Hearing on July 30, 2025, of which 42 had recognized losses. Brauns Distribution Decl. ¶ 21. All of these claimants who submitted late claims with recognized losses had been sent an Email Notice using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. *Id*. ¶ 22. If only timely claims and late claims received on or before the Settlement Hearing of July 30, 2025, are accepted, these Settlement Class Members would recover 67.52% of their individual recognized loss. *Id*. ¶ 20. If all 42 of the aforementioned claims with recognized losses submitted after July 30, 2025, are accepted, the estimated recovery percentage for each Settlement Class Member would decrease to 58.22%. *Id*. ¶ 27.

The Settlement Administrator received no additional late claims between January 23 and January 26, 2026. Brauns February Decl. ¶ 3. As of February 17, 2026, 21 potential class members, including Mr. Wendt, have contacted the Settlement Administrator (or contacted Class Counsel and been referred to the Settlement Administrator) to submit or request information about submitting late claims since January 26, 2026. *Id*. ¶ 4.

II.  **MR. WENDT'S LATE CLAIM**

On September 30, 2024, Mr. Wendt contacted Class Counsel via email to request information about the status of the litigation. ECF No. 131-2, at 1. Later that day, Class Counsel responded to Mr. Wendt's inquiry by informing him that "[i]f and when a class is certified, or a settlement is reached, all class members will be notified." *Id*.

On February 28, 2025, the Court granted Preliminary Approval of the Settlement. ECF No. 88. On February 28, 2025, Class Counsel provided the Settlement Administrator with a list of

3

email addresses from which potential class members contacted counsel during the course of the litigation. Brauns February Decl. ¶ 5. This list included the email address Mr. Wendt used in contacting Class Counsel. *Id*. Additionally, on March 18, 2025, A.B. Data received from DraftKings the Settlement Class Information which included an additional email address of Mr. Wendt. *Id*.

On March 31, 2025, A.B. Data caused the Email Notice to be emailed to Mr. Wendt at the email address at which he contacted Class Counsel. *Id*. ¶ 6. On April 1, 2025, A.B. Data caused the Email Notice to be emailed to Mr. Wendt at the additional email address provided by DraftKings. *Id*. A.B. Data has received a report from the email vendor confirming that both emails were sent successfully without a notification of a bounce. *Id*.

On February 4, 2026, Mr. Wendt filed the Wendt Motion stating he did not receive actual notice of the Settlement by mail or email and did not learn of the Settlement until after the July 22, 2025 deadline had passed.[4] Wendt Motion at 1-3.

Based on the information provided by DraftKings, A.B. Data has calculated Mr. Wendt's individual recognized loss to be $3,185.00. Brauns February Decl. ¶ 7. If Mr. Wendt's late claim and the 42 late claims with recognized losses submitted between July 30, 2025 and January 26, 2026, were accepted, the estimated recovery percentage for each Settlement Class Member would decrease from 67.52% to 58.67%. *Id*. ¶ 8.

## III.     CONCLUSION

For the reasons stated in the Kipe Response, Consolidated Response, and Distribution Motion, Lead Plaintiff and Class Counsel take no position on Wendt Motion and request that the Court impose a final cut-off date for late claims.

---

[4] As reflected in the Email Notice and on the Settlement Website, the deadline to submit a Claim Form passed on July 21, 2025.

Dated: February 18, 2026                    Respectfully submitted,

                                               **KIRBY McINERNEY LLP**
                                               */s/ Sarah E. Flohr*
                                               Sarah E. Flohr (*pro hac vice*)
                                               250 Park Avenue, Suite 820
                                               New York, New York 10177
                                               212.371.6600
                                               sflohr@kmllp.com

                                               Anthony F. Fata (*pro hac vice*)
                                               Cormac H. Broeg (*pro hac vice*)
                                               211 West Wacker Drive, Suite 550
                                               Chicago, Illinois 60606
                                               312.767.5180
                                               afata@kmllp.com
                                               cbroeg@kmllp.com

                                               *Lead Counsel for Lead Plaintiff Dufoe*

                                               **BERMAN TABACCO**
                                               Patrick T. Egan (BBO #637477)
                                               Justin N. Saif (BBO #660679)
                                               1 Liberty Square
                                               Boston, Massachusetts 02109
                                               617.542.8300
                                               pegan@bermantabacco.com
                                               jsaif@bermantabacco.com

                                               *Local Counsel for Lead Plaintiff Dufoe*

                                               **HANNAFAN & HANNAFAN, LTD.**
                                               Blake T. Hannafan (*pro hac vice*)
                                               181 West Madison Street, Suite 4700
                                               Chicago, Illinois 60602
                                               312.527.0055
                                               bth@hannafanlaw.com

                                               *Additional Counsel for Lead Plaintiff Dufoe*

        **G. DOWD LAW LLC**
        George Dowd (*pro hac vice*)
        181 West Madison Street, 47th Floor
        Chicago, Illinois 60602
        312.854.8300
        george.dowd@gdowd.law

        *Additional Counsel for Lead Plaintiff Dufoe*

**CERTIFICATE OF SERVICE**

  I, Sarah E. Flohr, hereby certify that on February 18, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF, served upon Patrick Wendt, by mail and email, and will be uploaded to the Settlement website.

 Dated: February 18, 2026

                   */s/ Sarah E. Flohr*
                   Sarah E. Flohr