UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: DraftKings Inc. Securities Litigation
Case No. 1:23-cv-10524-DJC

## MOTION FOR ACCEPTANCE OF LATE CLAIM
## AND FOR EQUITABLE RELIEF

Movant, Jason Minow, proceeding pro se, respectfully moves this Court for an order accepting Movant's late-filed claim in the above-captioned settlement and permitting participation in the distribution of the Net Settlement Fund. In support of this Motion, Movant states as follows:

## I. INTRODUCTION

Movant is a member of the Settlement Class who did not receive notice of the Settlement and therefore did not timely submit a claim. Upon learning of the Settlement on June 9, 2026, Movant promptly contacted the Settlement Administrator on June 10, 2026, and submitted a completed claim form on June 12, 2026.

Because settlement administration remains ongoing and no final distribution has occurred, equitable considerations favor inclusion of Movant's otherwise valid claim. Movant respectfully requests that the Court exercise its equitable authority to permit participation in the Settlement.

## II. PROCEDURAL POSTURE

The Court has not yet authorized final distribution of the Net Settlement Fund. Settlement administration remains ongoing.

## III. FACTUAL BACKGROUND

1. Movant is a member of the Settlement Class.

2. Although notice may have been transmitted pursuant to the Court-approved notice program, Movant did not actually receive notice of the Settlement and therefore had no knowledge of the claims deadline.

3. Movant first learned of the settlement on June 9, 2026. Movant acted promptly, contacting the settlement administrator the very next day, June 10, 2026, and submitting a completed claim form on June 12, 2026.

4. On June 16, 2026, The Claims Administrator informed Movant by email that his claim had been processed but was marked as late and will not be eligible for payment.

5. The Claims Administrator further indicated that, while no guarantee existed, Lead Counsel may seek Court approval for acceptance of additional late claims at a future date.

6. No final distribution of the Net Settlement Fund has yet occurred.

## IV. ARGUMENT

### A. The Court Has Authority to Permit Late Claims

Federal courts retain broad authority to supervise the administration of class action settlements and ensure that distribution is conducted consistent with Rule 23, due process, and principles of fairness. Fed. R. Civ. P. 23(e).

Where settlement administration remains ongoing and distribution has not been completed, courts retain discretion to permit late claims where equity so requires. See Zients v. LaMorte, 459 F.2d 628 (2d Cir. 1972); In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315 (3d Cir. 2001).

### B. Movant Acted Diligently and in Good Faith

Upon learning of the Settlement, Movant acted promptly by contacting the Settlement Administrator and submitting a completed claim within days. This demonstrates diligence and good faith and weighs in favor of acceptance of the claim.

### C. Movant Did Not Receive Notice of the Settlement

Movant did not receive notice of the Settlement and therefore lacked knowledge of the claims deadline. Upon discovering the existence of the Settlement, Movant acted without delay to preserve the claim.

### D. Acceptance of the Claim Would Not Prejudice Any Party

Acceptance of Movant's claim would not disturb any completed payments, require recovery of distributed funds, or prejudice any party. It would simply allow inclusion of an otherwise eligible class member prior to final distribution.

### E. Equity Favors Inclusion Before Final Distribution

Because the claims process remains ongoing and no final distribution has occurred, equitable considerations favor resolving claims on their merits prior to final distribution rather than excluding a class member who lacked actual notice and acted promptly upon discovery. The Court retains discretion to determine whether additional late claims may be accepted before final distribution, and acceptance of Movant's claim would promote fairness without prejudicing any party.

## V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court enter an order:

1. Accepting Movant's late-filed claim as timely for purposes of participation in the settlement;

2. Directing the Settlement Administrator to process Movant's claim in the same manner as timely claims; and

3. Granting such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: June 23, 2026

Jason Minow
Pro Se
PO BOX 51
Sterling, MA 01564-0051
Email: minowj.correspondence@gmail.com


EXHIBITS

EXHIBIT A – June 10, 2026 email from Movant to Settlement Administrator stating that Movant did not receive notice of the Settlement.

EXHIBIT B – June 12, 2026 email from Movant to Settlement Administrator transmitting completed claim form.

EXHIBIT C – June 16, 2026 email from Settlement Administrator regarding status of Movant's claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: DraftKings Inc. Securities Litigation
Case No. 1:23-cv-10524-DJC

## CERTIFICATE OF SERVICE

I, Jason Minow, certify that on June 23, 2026, I caused a true and correct copy of the foregoing Motion for Acceptance of Late Claim and for Equitable Relief, together with the accompanying Declaration and Exhibits, to be served as follows:

### Filed with the Court (Hand Delivery)

The original motion and accompanying papers were delivered by hand for filing with:

Clerk of Court
John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, MA 02210

### Served by United States Postal Service Certified Mail

Copies of the foregoing papers were mailed via United States Postal Service Certified Mail, postage prepaid, addressed to:

### Lead Class Counsel

Anthony F. Fata, Esq.
Sarah E. Flohr, Esq.
Kirby McInerney LLP
250 Park Avenue, Suite 820
New York, NY 10177

### Lead Defense Counsel

Michael G. Bongiorno, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007

DATED: June 23, 2026

Jason Minow
Pro Se
PO BOX 51
Sterling, MA 01564-0051