**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>      Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

**LEAD PLAINTIFF'S RESPONSE TO LATE CLAIMANT JASON MINOW'S *PRO SE*
MOTION FOR ACCEPTANCE OF LATE CLAIM**

Court-appointed Lead Plaintiff[1] Justin Dufoe, individually and on behalf of the Settlement

Class, hereby responds to Late Claimant Jason Minow's *Pro Se* Motion for Acceptance of Late

Claim ("Minow Motion," ECF No. 134) pursuant to Federal Rule of Civil Procedure 23(e) and

§ 59 of the Settlement Agreement.[2]

Lead Plaintiff takes no position on whether Mr. Minow's late claim should be accepted.

This Response updates the Court regarding the six months that have elapsed since the Distribution

Motion was filed, including hundreds of communications from class members requesting updates

on the state of the Settlement, and informs the Court of facts specific to Mr. Minow's late claim.

---

[1] Unless otherwise indicated, defined terms shall have the definitions set forth in the Stipulation of Settlement ("Settlement" or "Settlement Agreement"), which was filed on February 26, 2025 (ECF No. 87-2). Citations to the Settlement Agreement are abbreviated as "§ ___."

[2] "The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for . . . the distribution of the Net Settlement Fund to Settlement Class Members."

As stated in the Lead Plaintiff's Motion for Authorization to Distribute Net Settlement Fund to Authorized Claimants and Supporting Memorandum of Law ("Distribution Motion," ECF No. 130) and previous responses to late claimant motions, under the Settlement Agreement neither Class Counsel nor the Settlement Administrator can accept late claims filed after the Settlement Hearing held on July 30, 2025, and such requests fall solely within the power and discretion of this Court. § 32.[3]

Lead Plaintiff and Class Counsel respectfully request that the Court grant the Distribution Motion. If the Court determines that Mr. Minow's and/or other late claims should be accepted, Lead Plaintiff and Class Counsel request that the Court impose a final cut-off date for late claims no later than two weeks after the Court's order authorizing payment to Authorized Claimants is granted. Further, given the number of late claims motions currently pending, as well as the volume of outreach from class members, Class Counsel respectfully request that the Court convene a conference or hearing to discuss the pending motions.

## I.      STATUS OF THE SETTLEMENT

Under the terms of the Settlement Agreement, Settlement Class Members were required to submit their claims by July 21, 2025, after a 120-day claims period. § 15; ECF No. 89 at 8. The Court granted final approval of the Settlement on July 30, 2025. ECF No. 106. On January 26, 2026, the Lead Plaintiff and Class Counsel filed the Distribution Motion seeking the Court's approval of distribution to Settlement Class Members. ECF No. 130.

As of July 7, 2026, the Settlement Administrator has reviewed 108 claims that were postmarked or received after the Settlement Hearing on July 30, 2025, of which 52 had recognized losses. Third Declaration of Kathleen M. Brauns Regarding Post Distribution Motion Late Claims

---

[3] Pursuant to the Settlement Agreement, Defendants have no interest in the relief sought by this Motion. § 27.

Received ("Brauns July Decl.") ¶ 3. Every claimant who submitted a late claim with recognized losses was sent an Email Notice using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. *Id*. ¶ 4. If only timely claims and late claims received on or before the Settlement Hearing of July 30, 2025, are accepted, these Settlement Class Members would recover 67.52% of their individual recognized loss. *Id*. ¶ 5.

The frequency of late claim submissions has declined precipitously over the eleven months since the Settlement Hearing. *Id*. ¶ 6. Of the 108 total late claims submitted after July 30, 2025, 58 were submitted by the end of August 2025. *Id*. The vast majority, 89, were submitted in 2025. *Id*. In the first six months of 2026, the Settlement Administrator received 19 late claims. *Id*. The table below demonstrates the reduction in late claims received on a monthly basis following the Settlement Hearing. *Id*.

| Time Period | Number of Late Claims |
|---|---|
| July 31, 2025 | 9 |
| August 2025 | 49 |
| September 2025 | 7 |
| October 2025 | 15 |
| November 2025 | 5 |
| December 2025 | 4 |
| **Total 2025** | **89** |
| January 2026 | 4 |
| February 2026 | 8 |
| March 2026 | 2 |
| April 2026 | 2 |
| May 2026 | 0 |
| June 2026 | 3 |
| **Total 2026 (as of 6/30/2026)** | **19** |
| **Total Late Claims** | **108** |

As the Distribution Motion remains pending, no Settlement Class Members have received any distribution from the Settlement Fund. *Id*. ¶ 7. Since January 1, 2026, the Settlement Administrator has received 350 emails and 139 calls from class members. *Id*. ¶ 8. The vast majority

of these emails and calls sought updates on the status of submitted claims and when class members would receive distributions from the Settlement Fund. *Id*. Since March 1, 2026, the Settlement Administrator has received 191 emails and 78 calls from class members and only seven late claim submissions. *Id*.

## II.     MR. MINOW'S LATE CLAIM

On March 29, 2025, A.B. Data caused the Email Notice to be emailed to Mr. Minow using the information provided by DraftKings pursuant to the Court's Preliminary Approval Order. Brauns July Decl. ¶ 9. A.B. Data has received a report from the email vendor confirming that this email was sent successfully without a notification of a bounce. *Id*.

On June 11, 2026, A.B. Data received a Claim Form submitted by Mr. Minow. *Id*. ¶ 10. Mr. Minow listed his email address as the same email address used by A.B. Data to send the original Email Notice. *Id*. On June 23, 2026, Mr. Minow filed the Minow Motion stating he did not receive actual notice of the Settlement and did not learn of the Settlement until June 9, 2026. Minow Motion at 1–2.

Based on the information provided by DraftKings, A.B. Data has calculated Mr. Minow's individual recognized loss to be $61,998.26. Brauns July Decl. ¶ 11. If Mr. Minow's late claim and the 51 late claims with recognized losses submitted between July 30, 2025, and July 7, 2026, were accepted, the estimated recovery percentage for each Settlement Class Member would decrease from 67.52% to 57.06%. *Id*.

## III.    CONCLUSION

For the reasons stated in the Distribution Motion and other filings, Lead Plaintiff and Class Counsel take no position on the Minow Motion. Lead Plaintiff and Class Counsel respectfully request that the Distribution Motion be granted and a final cut-off date imposed for late claims. Given the number of motions currently pending, as well as the volume of outreach from class

members, Class Counsel also respectfully request that the Court convene a conference or hearing to discuss the pending motions.

Dated: July 7, 2026                                   Respectfully submitted,

                                                      **KIRBY McINERNEY LLP**
                                                      */s/ Sarah E. Flohr*
                                                      Sarah E. Flohr (*pro hac vice*)
                                                      250 Park Avenue, Suite 820
                                                      New York, New York 10177
                                                      212.371.6600
                                                      sflohr@kmllp.com

                                                      Anthony F. Fata (*pro hac vice*)
                                                      Cormac H. Broeg (*pro hac vice*)
                                                      211 West Wacker Drive, Suite 550
                                                      Chicago, Illinois 60606
                                                      312.767.5180
                                                      afata@kmllp.com
                                                      cbroeg@kmllp.com

                                                      *Lead Counsel for Lead Plaintiff Dufoe*

                                                      **BERMAN TABACCO**
                                                      Patrick T. Egan (BBO #637477)
                                                      Justin N. Saif (BBO #660679)
                                                      1 Liberty Square
                                                      Boston, Massachusetts 02109
                                                      617.542.8300
                                                      pegan@bermantabacco.com
                                                      jsaif@bermantabacco.com

                                                      *Local Counsel for Lead Plaintiff Dufoe*

                                                      **HANNAFAN & HANNAFAN, LTD.**
                                                      Blake T. Hannafan (*pro hac vice*)
                                                      181 West Madison Street, Suite 4700
                                                      Chicago, Illinois 60602
                                                      312.527.0055
                                                      bth@hannafanlaw.com

                                                      *Additional Counsel for Lead Plaintiff Dufoe*

5

**G. DOWD LAW LLC**
George Dowd (*pro hac vice*)
181 West Madison Street, 47th Floor
Chicago, Illinois 60602
312.854.8300
george.dowd@gdowd.law

*Additional Counsel for Lead Plaintiff Dufoe*

## **<u>CERTIFICATE OF SERVICE</u>**

I, Sarah E. Flohr, hereby certify that on July 7, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF, served upon Jason Minow, by mail and email, and will be uploaded to the Settlement website.

 Dated: July 7, 2026

*/s/ Sarah E. Flohr*
Sarah E. Flohr
