UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 SEP 24 P 12: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

JUSTIN DUFOE, on Behalf of Himself and All

Others Similarly Situated,

Plaintiff,

v. Case No. 23-cv-10524-DJC

DRAFTKINGS INC., JASON D. ROBINS,

JASON K. PARK, and MATTHEW KALISH,

Defendants.

CLASS ACTION

Honorable Judge Denise J. Casper

**MOTION OF SETTLEMENT CLASS MEMBER RYAN A. SPENCE FOR EQUITABLE RELIEF AND ACCEPTANCE OF LATE-FILED CLAIM**

Settlement Class Member Ryan A. Spence, appearing pro se, respectfully moves this Court for an order permitting the Settlement Administrator to accept and process his late-filed claim in the above-captioned action. Mr. Spence did not knowingly disregard the settlement notice or claim deadline. Rather, despite his repeated pre-settlement communications with Lead Counsel expressing his desire to participate in the litigation, he did not actually see or receive the settlement notices reportedly transmitted to his email address and remained unaware that a settlement had been reached or that submission of a claim was required until September 14, 2026. Upon learning of the settlement and missed deadline, Mr. Spence acted promptly to seek relief.

## I. BACKGROUND

**1.** On August 12, 2024, Mr. Spence contacted Lead Counsel regarding this litigation and expressly stated that he was interested in joining a class action against DraftKings. On August 13, 2024, Lead Counsel advised him that, if he had purchased DraftKings NFTs during the relevant period, he was within the proposed class definition and would receive notice if a class were certified. When Mr. Spence asked whether anything further was needed from him, Lead Counsel responded: "There is nothing else we need from you at this time."

**2.** Mr. Spence remained engaged. On December 17, 2024, he contacted Lead Counsel again and expressly restated his interest in participation. Lead Counsel responded that, "[i]f and when a class is certified or a settlement is reached, all class members will be notified." On January 29, 2025, Mr. Spence again wrote to Lead Counsel and stated: "Please let me know when a class is certified or a settlement is reached."

**3.** The Court preliminarily approved the settlement on February 28, 2025 and authorized a notice program administered by A.B. Data. Lead Counsel has since informed Mr. Spence that A.B. Data's records reflect that settlement notices were transmitted to his email address on March 21 and March 29, 2025 without a bounce-back or error message. Mr. Spence does not dispute that those transmissions were attempted or recorded as successful. He states, however, that he did not actually see or receive either notice and remained unaware that a settlement had been reached or that submission of a claim was required.

**4.** On September 14, 2026, Mr. Spence contacted Lead Counsel seeking an update and first learned that the settlement had been reached, that the claim process had concluded, and that the Court had established January 26, 2026 as the final cutoff for claims eligible for payment. He immediately sought relief from Lead Counsel and thereafter contacted the Settlement Administrator directly. Lead Counsel has advised Mr. Spence that it has previously taken no position on other late-claim requests and presently anticipates taking no position on any request he may file, subject to the contents of the filing.

**5.** On September 17, 2026, Mr. Spence contacted the Settlement Administrator and requested, among other things, any claimant or notice identification number associated with him, confirmation of whether the Initial Distribution had been issued, and whether any administrative mechanism remained through which he could submit or preserve a claim. The Settlement

Administrator acknowledged receipt of that request and stated that a response should be provided within five business days. As of September 22, 2026, Mr. Spence has received no substantive response or claimant identification number. The Court-approved Claim Form requires a claimant to provide the identification number assigned by the Settlement Administrator. Mr. Spence therefore cannot complete that form accurately without information presently in the Settlement Administrator's possession, and he requests authorization to submit the Claim Form promptly if relief is granted and the necessary identification information is provided.

## II. LEGAL STANDARD

**6.** The Settlement Agreement provides that, after the Settlement Hearing, neither Class Counsel nor the Settlement Administrator may independently accept late claims, and requests for acceptance of such claims fall within the authority and discretion of this Court. Lead Plaintiff and Class Counsel have previously acknowledged this procedure in responding to other pro se late-claim requests in this action.

**7.** In considering prior requests to accept late claims in this action, the Court has applied the equitable factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith.

## III. ARGUMENT

**8.** Mr. Spence recognizes that, on July 27, 2026, the Court ordered that "[n]o new Claim Forms received or postmarked after January 26, 2026, may be eligible for payment," and separately denied the post-January 26 late-claim requests of Patrick Wendt and Jason Minow. Mr. Spence does not seek to minimize or avoid that ruling. He respectfully requests a narrow exercise of the Court's retained authority over administration of the Settlement based upon his particular circumstances, his lack of actual notice, his documented efforts to participate before the Settlement was reached, and his immediate action after acquiring actual knowledge of the Settlement and claim requirement on September 14, 2026.

**A. The reason for the delay and Mr. Spence's good faith favor equitable relief.**

**9.** Mr. Spence's failure to file a timely claim was not the result of a conscious decision to ignore the Settlement or decline to participate. Before the Settlement was reached, he repeatedly contacted Lead Counsel concerning his participation. His initial August 2024 email was expressly titled "Inquiry to Join Class Action." After Lead Counsel confirmed that he fell within the proposed class definition, Mr. Spence asked whether anything further was required of him and was told that nothing further was needed at that time. He subsequently restated his interest in participation in December 2024 and, on January 29, 2025, specifically asked Lead Counsel to notify him when a class was certified or a settlement was reached.

**10.** Although the Settlement Administrator's records reflect that email notices were transmitted to Mr. Spence's email address without a bounce-back or error message, Mr. Spence did not actually see or receive those notices and remained unaware that a Settlement had been reached or that a Claim Form was required. This Court has previously recognized in this very Settlement that the absence of a bounce-back does not necessarily establish actual notice, noting class members' attestations concerning auto-sorting, spam filtering, and other email features. Once Mr. Spence actually learned of the Settlement and missed claim requirement on September 14, 2026, he acted that same day and has continuously pursued relief since.

**B.** The length of the delay and potential prejudice present substantial concerns, but should be considered in light of Mr. Spence's lack of actual knowledge and prompt action once he learned of the Settlement.

**11.** Mr. Spence recognizes that the chronological delay is substantial. The original claim deadline was July 21, 2025, the Court later established January 26, 2026 as the final cutoff for claims eligible for payment, and Mr. Spence did not seek relief until September 2026. He does not ask the Court to disregard that delay. He respectfully submits, however, that the delay did not result from a knowing decision to forego a claim. Until September 14, 2026, he was unaware that the Settlement had been reached or that a Claim Form was required, and he began seeking relief immediately upon learning those facts.

**12.** Mr. Spence also recognizes that accepting any additional claim at this stage could affect administration of the Settlement and the recoveries of existing Authorized Claimants. The Settlement Administrator's official website presently states that the Distribution Order became

final on August 27, 2026, that preparations for distribution are underway, and that checks are anticipated to be sent by the end of September 2026. Thus, Mr. Spence is seeking relief before the publicly announced distribution process has been completed, rather than after settlement payments have already been distributed.

**13.** Mr. Spence seeks consideration of only his individual claim. He does not ask the Court to assume that accepting his claim would cause no prejudice. Rather, he respectfully requests that any potential effect on the Settlement Fund be evaluated against the particular equitable circumstances described above and, if relief is granted, that the Settlement Administrator be permitted to calculate his recognized loss and implement whatever adjustment the Court deems appropriate before distribution is completed.

**C. Mr. Spence's circumstances are distinguishable from the Wendt and Minow requests denied by the Court.**

**14.** Mr. Spence acknowledges that Patrick Wendt's circumstances bear similarities to his own. Mr. Wendt contacted Class Counsel in September 2024, was advised that class members would be notified if a class were certified or a settlement were reached, and later asserted that he did not receive actual notice despite the Settlement Administrator's records reflecting successful email transmissions without a bounce. Mr. Wendt nevertheless did not seek Court relief until February 4, 2026, after the January 26, 2026 Distribution Motion had been filed. *See Lead Plaintiff's Response to Late Claimant Patrick Wendt's Pro Se Motion for Acceptance of Late Claim*, ECF No. 132, at 2–4.

**15.** Mr. Spence's record nevertheless contains additional evidence bearing on the reason for his delay and his good faith. His first communication was expressly an "Inquiry to Join Class Action"; Lead Counsel confirmed that he fell within the proposed class definition; he asked whether anything further was required and was told that nothing further was needed at that time; he again restated his interest in participation in December 2024; and, on January 29, 2025, he specifically requested that Lead Counsel notify him when a class was certified or a settlement was reached. These communications do not excuse the passage of time by themselves, but they demonstrate contemporaneously that Mr. Spence intended to participate rather than consciously abandoning or disregarding the litigation.

**16.** Jason Minow likewise asserted that he did not receive actual notice despite a successful email transmission. The record reflects that Mr. Minow first learned of the Settlement on June 9, 2026, submitted a Claim Form two days later, and filed his motion on June 23, 2026. *See Lead Plaintiff's Response to Late Claimant Jason Minow's Pro Se Motion for Acceptance of Late Claim*, ECF No. 135, at 4. Mr. Spence's request arises even later in the administration of the Settlement, a fact he does not minimize. His relevant point is narrower: like Mr. Minow, once Mr. Spence acquired actual knowledge, he acted immediately. He contacted Lead Counsel the same day he learned of the Settlement, followed up within days, contacted the Settlement Administrator directly, and began pursuing Court relief without further voluntary delay.

**D. The totality of the circumstances warrants narrowly tailored relief.**

**17.** The Court has already recognized that actual nonreceipt may occur even where electronic notice was successfully transmitted without a bounce. Mr. Spence respectfully submits that the equitable inquiry should therefore consider not merely whether notice was technically transmitted, but also his demonstrated intent before the Settlement, his lack of actual knowledge that a claim was required, his immediate action once he learned otherwise, and the fact that he seeks relief while the Settlement Administrator publicly reports that preparations for the Initial Distribution remain underway.

**18.** Mr. Spence does not ask the Court to reopen the claims process generally or disturb the January 26, 2026 cutoff for other potential claimants. He requests relief only as to his individual claim based on the documented circumstances presented here. The July 27 Distribution Order expressly provides that the Court "retains jurisdiction to hear further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate." ECF No. 139 ¶ 15.

**19.** Accordingly, Mr. Spence respectfully requests that the Court exercise that retained authority to direct the Settlement Administrator to provide or confirm any claimant identification number necessary for Mr. Spence to complete the Court-approved Claim Form; to accept and process a completed Claim Form submitted promptly thereafter notwithstanding the previously established claim deadlines; to determine his recognized loss under the Court-approved Plan of Allocation; and, if the claim is otherwise valid and eligible, to include it in the Settlement distribution in such manner as the Court deems equitable and administratively appropriate.

## IV. CONCLUSION

**20.** For the foregoing reasons, Mr. Spence respectfully requests that the Court grant his Motion and enter an order directing the Settlement Administrator to provide or confirm any claimant identification number necessary for Mr. Spence to complete the Court-approved Claim Form, accept and process a completed Claim Form submitted promptly thereafter notwithstanding the prior deadlines, determine his recognized loss under the Court-approved Plan of Allocation, and include the claim in the Settlement distribution in such manner as the Court deems equitable and administratively appropriate.

Respectfully submitted,

Ryan A. Spence, Pro Se

Ryan A. Spence

627 4th Street

Monongahela, PA 15063

Telephone: (412) 445-0323

Email: ryanspence83@gmail.com

Dated: September 22nd, 2026