UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 SEP 24 P 12: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

JUSTIN DUFOE, on Behalf of Himself and All

Others Similarly Situated,

Plaintiff,

v. Case No. 23-cv-10524-DJC

DRAFTKINGS INC., JASON D. ROBINS,

JASON K. PARK, and MATTHEW KALISH,

Defendants.

CLASS ACTION

Honorable Judge Denise J. Casper

**DECLARATION OF RYAN A. SPENCE**

I, Ryan A. Spence, declare as follows:

1. I am an individual who purchased DraftKings non-fungible tokens ("NFTs") during the period relevant to the Settlement Class in this action.

2. I submit this Declaration in support of my request that the Court permit the Settlement Administrator to accept and process my late-filed claim.

3. On August 12, 2024, I contacted attorneys Anthony F. Fata and Sarah E. Flohr by email regarding this litigation. My email was titled "Inquiry to Join Class Action," and I expressly stated that I was interested in joining a class action against DraftKings and wished to discuss what options might be available to me.

4. On August 13, 2024, Lead Counsel advised me by email that, if I had purchased DraftKings NFTs during the period beginning August 11, 2021, I was within the proposed class definition and that, if a class were certified, I would receive notice.

5. That same day, I confirmed that I had purchased DraftKings NFTs during the relevant period and asked Lead Counsel, "Is there anything else that you need from me right now?" Lead Counsel responded, "There is nothing else we need from you at this time."

6. On December 17, 2024, I again contacted Lead Counsel. In that email, I stated that I was following up on our prior communications and that I wished to "restate my interest in participation."

7. Lead Counsel responded that same day and advised me: "If and when a class is certified or a settlement is reached, all class members will be notified."

8. On January 28, 2025, I again contacted Lead Counsel after receiving tax information from DraftKings concerning payments related to the conclusion of its Reignmakers operation. I advised Lead Counsel that I believed the information might be relevant and offered to provide supporting documentation.

9. On January 29, 2025, I again wrote to Lead Counsel and expressly stated: "Please let me know when a class is certified or a settlement is reached."

10. I did not see or receive either of the settlement notice emails that Lead Counsel has since advised were transmitted to my email address on March 21, 2025 and March 29, 2025.

11. I did not intentionally ignore, disregard, or decline to respond to any settlement notice. I was unaware that a claim form was required of me or that a deadline for submitting a claim had passed.

12. Had I actually received and seen notice of the settlement and the requirement to submit a claim, I would have submitted a claim. My prior communications with Lead Counsel reflected

my continuing intention to participate in the litigation and any resulting class recovery for which I was eligible.

13. On September 14, 2026, I again contacted Lead Counsel and asked whether a class had been certified and whether I was confirmed as a participant in the class.

14. Later that day, Lead Counsel informed me that the Court had approved distribution of the settlement fund, that the Settlement Administrator's records reflected that notice had been sent to my email address, that no claim had been filed using my email address, and that the Court had determined that claims received or postmarked after January 26, 2026 could not be eligible for payment.

15. After receiving Lead Counsel's September 14, 2026 response, I searched my email account for the settlement notices that I had been told were sent to me. I was unable to locate either notice.

16. Later on September 14, 2026, I wrote to Lead Counsel requesting assistance in determining whether any mechanism remained to address my missed claim before distribution of the settlement fund. I explained that I had not received the settlement notice and described my prior communications with Lead Counsel and my repeated expressions of interest in participating in the litigation.

17. On September 17, 2026, after receiving no substantive response to that request, I followed up with Lead Counsel because I understood that settlement distributions were expected to occur shortly.

18. Also on September 17, 2026, I contacted the Settlement Administrator directly. I requested information concerning the notices reportedly transmitted to my email address, including available delivery records, and asked whether any administrative mechanism remained through which my claim could be submitted or preserved for consideration.

**19.** The Settlement Administrator immediately acknowledged receipt of my September 17, 2026 request and stated that I should receive a response within five business days. As of September 22, 2026, I have not received a substantive response or the identification number assigned to me. I understand that the Court-approved Claim Form requires the claimant to provide the

identification number assigned by the Settlement Administrator. I therefore cannot complete that form accurately without information in the Settlement Administrator's possession, and I am prepared to complete and submit it promptly if the Court grants relief and the necessary identification information is provided.

**20.** On September 18, 2026, Lead Counsel informed me that counsel had specifically provided my email address to the Settlement Administrator for purposes of notice. Lead Counsel further advised me that the Settlement Administrator's records reflected that notices were delivered to my email address on March 21, 2025 at 3:39 p.m. CDT and again on March 29, 2025 at 11:23 p.m. CDT, without a bounce-back or error message.

**21.** I do not contend that Lead Counsel or the Settlement Administrator intentionally failed to transmit notice to me. I can only state that I did not actually see or receive either notice, I was

**22.** After I asked Lead Counsel what position it would take if I sought relief directly from the Court, Lead Counsel advised me that it had previously taken no position on other late claimants' requests for relief and presently anticipated taking no position on any request I might make, subject to whatever was ultimately filed with the Court.

**23.** Since learning of the settlement and missed claim deadline on September 14, 2026, I have acted promptly and continuously to determine whether my claim can still be considered, including corresponding with Lead Counsel and contacting the Settlement Administrator directly.

**24.** I am not seeking preferential treatment or any recovery different from that available to other eligible Settlement Class Members. I am requesting only that I be permitted to submit a claim and have that claim evaluated under the same settlement criteria applicable to other claims.

**25.** My failure to submit a timely claim was not the result of a decision to abandon, decline, or ignore the settlement. Until September 14, 2026, I was unaware that the settlement had been reached and that submission of a claim was required.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 22nd, 2026

Ryan A. Spence