FILED
IN CLERKS OFFICE
2026 OCT -7 P 1:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,**
Plaintiff,

v. **Case No. 1:23-cv-10524-DJC**

**DRAFTKINGS INC., JASON D. ROBINS,**
**JASON K. PARK, and MATTHEW KALISH,**
Defendants.

**CLASS ACTION**
**Honorable Judge Denise J. Casper**

**MOTION OF SETTLEMENT CLASS MEMBER RYAN A. SPENCE FOR RECONSIDERATION OF DKT. 142**

Settlement Class Member Ryan A. Spence, appearing pro se, respectfully moves the Court to reconsider its October 2, 2026 Order denying his Motion for Equitable Relief and Acceptance of Late-Filed Claim (Dkt. 142).

Mr. Spence recognizes that motions for reconsideration are extraordinary relief and does not seek merely to repeat the arguments presented in Dkt. 140. Rather, he submits this motion promptly to place before the Court a material fact that was not quantified in his original motion: **the substantial economic magnitude of his potential settlement claim.**

Mr. Spence acknowledges that he should have provided this information with his original motion. He respectfully submits, however, that the omission may have caused the Court to evaluate the prejudice and equitable considerations without an important component of the circumstances surrounding his request.

**1. Mr. Spence's transaction records establish approximately $87,159.60 in Reignmakers purchases.**

Following the Court's October 2 Order, Mr. Spence undertook a detailed review of the DraftKings/Reignmakers transaction records in his possession.

Those records reflect:

- **2023 Reignmakers purchases:** $61,509.12
- **2024 Reignmakers purchases:** $25,650.48
- **Total documented purchases: $87,159.60**

The records encompass 3,790 transaction entries from March 7, 2023 through July 30, 2024. A summary of these records is attached as **Exhibit A**.

Mr. Spence's DraftKings records separately establish that he received **$18,096.61** in compensation associated with the conclusion of the Reignmakers program.

Mr. Spence understands that neither the $87,159.60 purchase total nor the difference between purchases and closure compensation constitutes his final Individual Recognized Loss under the Plan of Allocation. Additional components, including Secondary Market Receipts and Prize Receipts, must be considered by the Settlement Administrator.

Mr. Spence therefore does **not** ask the Court to treat $87,159.60, or any other presently estimated figure, as his final Individual Recognized Loss.

**2. Even a conservative calculation demonstrates that the potential claim is substantial.**

Based upon the records presently available to him, Mr. Spence's documented purchases less his documented $18,096.61 closure compensation equal **$69,062.99 before deduction of Secondary Market Receipts and Prize Receipts.**

Mr. Spence's transaction exports reflect no populated Secondary Sale Proceeds, and he recalls making few, if any, secondary-market sales.

The remaining material component that Mr. Spence has been unable to determine precisely is historical Reignmakers cash contest Prize Receipts. DraftKings' currently accessible account history does not permit Mr. Spence to reconstruct the entire relevant period, and his DraftKings account activity did not clearly segregate Reignmakers contest winnings from traditional DraftKings fantasy-sports activity.

Mr. Spence does not recall significant Reignmakers contest winnings. His recollection is that his largest individual Reignmakers contest win was approximately $2,000, with most winnings substantially below $100.

For illustration only, even if the Court were to assume **$20,000 in Prize Receipts**—an amount Mr. Spence believes substantially exceeds his actual Reignmakers cash contest winnings—the resulting figure before any other applicable adjustment would still be approximately **$49,063**.

Mr. Spence submits this deliberately conservative illustration not as a final claim calculation, but to demonstrate that his potential Individual Recognized Loss is not nominal and may be substantial.

**3. Mr. Spence has attempted to obtain the official calculation from the Settlement Administrator.**

Immediately after recognizing the significance of quantifying his potential claim, Mr. Spence contacted the Settlement Administrator, A.B. Data, by both email and telephone and requested:

1. his Individual Recognized Loss under the Plan of Allocation;
2. the estimated distribution associated with that Individual Recognized Loss; and
3. alternatively, the PP, SP, SR, CR and PR components necessary to calculate it.

As of the filing of this motion, the Settlement Administrator has not responded.

Mr. Spence respectfully requests that, if the Court does not grant his late-claim request based upon the present record, the Court alternatively direct the Settlement Administrator to calculate his Individual Recognized Loss from the DraftKings data in its possession so that the Court may consider the actual economic magnitude of his claim before distribution renders relief impracticable.

**4. The magnitude of the claim is relevant to the equitable balance.**

The Court's October 2 Order considered the factors governing equitable relief and concluded that they did not weigh in favor of allowing Mr. Spence's claim more than fourteen months after the original deadline. Dkt. 142.

Mr. Spence does not minimize the importance of finality or the potential administrative consequences of permitting an additional claim. He respectfully submits, however, that those considerations should be weighed against the actual economic interest that would be forfeited.

This is particularly relevant because Mr. Spence did not simply remain uninvolved in the litigation until after the deadline. As documented in Dkt. 140, he contacted Class Counsel beginning in August 2024 expressly seeking to participate; asked whether anything further was required of him and was told that nothing further was needed at that time; reiterated his interest in December 2024; and expressly requested in January 2025 that counsel notify him when a class was certified or a settlement reached.

Mr. Spence does not dispute the Settlement Administrator's records indicating that notice emails were transmitted without a bounce-back. He has consistently stated only that he did not actually receive or see those notices and remained unaware of the settlement and claim deadline until September 14, 2026. Upon learning of the settlement, he acted immediately.

The transaction evidence now presented to the court does not change those facts. It does, however, demonstrate that the consequence of denying relief may be substantially greater than was apparent from Dkt. 140.

**5. Requested Relief**

For these reasons, Mr. Spence respectfully requests that the Court reconsider Dkt. 142 and authorize the Settlement Administrator to accept and process his claim under the same Plan of Allocation and eligibility requirements applicable to other Settlement Class Members.

Alternatively, Mr. Spence respectfully requests that the Court direct the Settlement Administrator to calculate and report Mr. Spence's Individual Recognized Loss and estimated distribution before finally resolving his request for equitable relief.

Mr. Spence further respectfully requests that distribution of the portion of the Net Settlement Fund reasonably attributable to his potential claim be preserved pending resolution of this motion, without delaying distribution of amounts that are not reasonably implicated by his claim.

Respectfully submitted,

**Ryan A. Spence, Pro Se**

627 4th Street, Monongahela, PA 15063
(412) 445-0323
ryanspence83@gmail.com

Dated: October 5, 2026