**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN DUFOE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>DRAFTKINGS INC., JASON D. ROBINS, JASON K. PARK, and MATTHEW KALISH,<br><br>Defendants. | Case No. 23-cv-10524-DJC<br><br>CLASS ACTION<br><br>Honorable Judge Denise J. Casper |

**LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO LATE CLAIMANT RYAN A. SPENCE'S *PRO SE* MOTION FOR RECONSIDERATION**

Court-appointed Lead Plaintiff[1] Justin Dufoe, individually and on behalf of the Settlement Class, by and through Court-appointed Class Counsel, respectfully submits this response to Late Claimant Ryan A. Spence's *Pro Se* Motion to Reconsider the Denial of his Late Claim (ECF Nos. 142, 143) pursuant to Federal Rule of Civil Procedure 23(e), Federal Rule of Civil Procedure 60(c), and Section 59 of the Settlement Agreement.[2]

## I. INTRODUCTION

Mr. Spence seeks reconsideration of the Court's prior rejection of his late claim. On October 2, 2026, the Court found that Mr. Spence's late claim was brought to the Court's attention "more than 14 months after the original deadline" for claims and long after January 26, 2026, the

[1] Unless otherwise indicated, defined terms shall have the definitions set forth in the Stipulation of Settlement ("Settlement" or "Settlement Agreement"), which was filed on February 26, 2025 (ECF No. 87-2). Citations to the Settlement Agreement are abbreviated as "§ ___."

[2] "The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for . . . the distribution of the Net Settlement Fund to Settlement Class Members."

date "set by the Court as the final cutoff date for claims." ECF No. 142. The Court found that Mr. Spence "was sent class notice to the email with which he communicated with counsel on both February 28, 2025 and again on March 29, 2025," and that the factors considered did not weigh in favor of allowing his late claim. *Id*.

Because Class Counsel represents the Class as a whole and not individual Class members, and because the interest of late claimants conflict with the interests of timely claimants, Class Counsel took no position on prior late claim requests, including Mr. Spence's late claim request. ECF No. 141. Class Counsel and the Settlement Administrator also briefly paused final distribution so the Court could hear Mr. Spence's late claim motion for the first time. Mr. Spence's reconsideration motion, however, threatens prejudice to the Class as a whole and adversely impacts the orderly administration of the Settlement. Class Counsel respectfully submits that the reconsideration request impinges upon the Court's inherent authority to manage cases on its docket, which the Court observed as a basis to deny late claims in its July 27, 2026 Orders. ECF Nos. 136-139. There are several reasons why Mr. Spence's reconsideration motion should be denied.

***First***, the Court's July 27, 2026 Orders are final. To the extent Mr. Spence's reconsideration motion is interpreted as seeking a stay or modification of those Orders, the mere filing of the motion does not affect their "finality" or "suspend [their] operation." Fed. R. Civ. P. 60(c)(2). As a result, the Net Settlement Fund must be distributed pursuant to the Court's July 27, 2026 Orders, which as noted set a "final cut-off" of January 26, 2026 for all claims, and a Plan of Distribution in accordance with that cut-off. ECF No. 136. As a result, Class Counsel and the Settlement Administrator must proceed with the Distribution and cannot act as if the July 27, 2026 Orders have been suspended.

***Second***, the Court's prior Orders reflect the Court's concern for the efficient administration of the Net Settlement Fund, the Court's ability to manage cases on its docket, and the prejudice to the Class if additional late claims were allowed. On July 27, 2026, the Court entered an Order stating that January 26, 2026 "shall be the date, *nunc pro tunc*, after which no more claims will be accepted." ECF No. 136. The Court set this "final cut-off date" based on its "inherent authority to manage cases generally and to facilitate the efficient distribution of the Net Settlement Fund." *Id*. In a separate Order entered on July 27, 2026, the Court stated that if claims allowed after the cut-off were allowed, "there will be prejudice to the class and defendant." ECF No. 137. In a third Order entered on July 27, 2026, the Court ordered Class Counsel to commence distribution to Authorized Claimants in accordance with the Distribution Plan, which excludes claimants who filed claims after January 26, 2026. ECF No. 139.

***Third***, the Settlement Administrator is in the final stages of sending out the Distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court's July 27, 2026 Orders. The Distribution is scheduled to occur in the coming days. Halting this process at this late juncture to allow Mr. Spence's late claim, requiring new computations and processes, would cause prejudice to the Class.

***Finally***, authority in the First Circuit and the District of Massachusetts makes clear that a motion to reconsider a final order seeks "extraordinary" relief and is not a device to raise arguments or facts that could have been raised earlier. Mr. Spence predicated his original late claim on the argument that he did not receive "actual notice" of the Settlement, but the Court found that he had been sent the email notice on two occasions, and equitable factors did not weigh in favor of allowing his late claim. ECF Nos. 140, 142. Mr. Spence's reconsideration motion does not raise newly discovered, previously unavailable evidence concerning these findings. Instead, it appears

that, *after* the Court denied Mr. Spence's late claim, Mr. Spence decided to gather his DraftKings records to estimate the value of his late claim, which he believes is a basis for the Court to reconsider whether his late claim should be allowed. ECF No. 143. Mr. Spence acknowledges that he could have presented the estimated value of his late claim in his original late claim motion. *Id.* at 1. Reconsideration is not warranted under these circumstances where the facts and arguments could have been raised in the original motion. *Bricklayers & Trowel Trades Intern. Pension Fund v. Credit Suisse First Boston*, 853 F. Supp. 2d 181, 196 (D. Mass. 2012).

For these reasons, explained further below, Class Counsel respectfully requests that the Court deny Mr. Spence's motion for reconsideration.

## II. RELEVANT PROCEDURAL BACKGROUND

On February 28, 2025, the Court entered the Preliminary Approval Order authorizing Class Counsel and the Settlement Administrator to execute a specific Notice Plan. ECF No. 89.

On July 21, 2025, the original deadline to file claims occurred. *See* ECF No. 142. That deadline was more than 14 months ago. *See id.*

On July 30, 2025, the Court entered an Order and Final Judgment granting final approval to the Settlement. ECF No. 106. The Court found that "[t]he form, manner, and content of the Email Notice, Long-Form Notice, and Publication Notice were the best notice practicable under the circumstances" and that "the Notice Program in all respects satisfied due process . . . and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1), the United States Constitution (including the Due Process Clause) . . . and all other applicable law and rules." ECF No. 106 ¶ 7.

On January 26, 2026, Class Counsel filed the motion for distribution of the Net Settlement Fund. ECF No. 130. The Court subsequently set this date as the date "after which no more claims will be accepted," as explained immediately below. ECF No. 136.

In particular, on July 27, 2026, the Court entered an Order accepting slightly late claims and rejecting exceptionally late claims. ECF No. 136. The Order sets a hard cut-off date of January 26, 2026 for any claims. "Accordingly, the Court ORDERS that the date of **January 26, 2026**, the date on which the motion for distribution of the net settlement funds was filed . . . shall be the date, *nunc pro tunc*, after which no more claims will be accepted." *Id*. (emphasis added). The Court ordered that, "given the Court's inherent authority to manage cases generally and to facilitate the efficient distribution of the Net Settlement Fund, the Court agrees with Lead Plaintiff and Class Counsel that **there must be a final cut-off date after which no more claims will be accepted**." *Id*. (emphasis added).

On July 27, 2026, the Court entered a separate Order addressing other late claims and recognized the prejudice to the Class if further late claims were allowed. ECF No. 137. In particular, the Court stated, "although the Court enters the Order of distribution of settlement funds today, **there will be prejudice to the class and defendant if claims, such as these filed so far after the filing date, are permitted to go forward**." *Id.* (emphasis added).

On July 27, 2026, the Court entered a separate Order requiring Class Counsel and the Settlement Administrator to distribute the Net Settlement Fund. ECF No. 139. The Order states that "[t]he Initial Distribution of the Net Settlement Fund to Authorized Claimants … **shall** be conducted in accordance with the Settlement Agreement, the Court-approved Plan of Allocation, and the distribution plan for payment of the Net Settlement Fund ("Distribution Plan")." *Id.* ¶ 8.

(emphasis added). The Court also reiterated that: "**No new Claim Forms received or postmarked after January 26, 2026 may be eligible for payment**." *Id*. ¶ 9. (emphasis added).

On September 24, 2026, Mr. Spence filed a motion for acceptance of his late claim, which was not filed on or before January 26, 2026. ECF No. 140. Mr. Spence stated that he did not actually receive the email notice. *Id.* at 1.

On October 2, 2026, the Court found that Mr. Spence "was sent class notice to the email with which he communicated with counsel on both February 28, 2025 and again on March 29, 2025." ECF No. 142. The Court further found that Mr. Spence "did not file a claim before the July 21, 2025 deadline for doing so … or by the date of January 26, 2026, when the motion for distribution of the net settlement fund was filed and now set by the Court as the final cutoff date for claims." *Id*. The Court considered "the factors enumerated in *Pioneer v. Inv. Servs. Co. v. Brunswick Assocs. Ltd. Pship*, 507 U.S. 380, 395 (1993)" for extending the deadline for Mr. Spence and determined that they "**do not weigh in favor of allowing this claim now pursued more than 14 months after the original deadline**." *Id.* (emphasis added). Accordingly, the Court denied the motion. *Id*.

After Mr. Spence's motion was denied, Class Counsel and the Settlement Administrator immediately resumed the process of finalizing settlement checks that will be sent to Class members by mid-October 2026. During the pause, Class Counsel and the Settlement Administrator received a multitude of communications from Class members who expressed that they were counting on their settlement checks by the end of September and who were concerned that continued delays could interrupt their intended use of the settlement proceeds that they expected to receive.

On October 7, 2026, Mr. Spence filed a motion and supplemental declaration to reconsider the Court's denial of his late claim. ECF Nos. 143, 144. The gist of Mr. Spence's motion is that he

believes from his DraftKings records that his claim may be worth $49,063, and the Court may wish to consider the "substantial economic magnitude of his potential settlement claim." ECF No. 143 at 1-2. Mr. Spence "acknowledges that he should have provided this information with his original motion." *Id.* at 1. Mr. Spence also states that he asked the Settlement Administrator for an "official calculation" of his recognized loss from the Settlement Administrator. *Id.* at 2. He does not identify any basis for why the Settlement Administrator—at cost and delay to the Class—is required to calculate a claim that was rejected in principle by the Court in its July 27, 2026 Orders and specifically by the Court in its October 2, 2026 Order. In doing so, he implicitly assumes that the Settlement Administrator was obligated to calculate a claim that the Court had already determined would not be paid, while at the same time finalizing settlement checks for claims allowed and responding to approved claimants who want to know when their long overdue settlement checks would arrive. Mr. Spence then asks the Court, which has already rejected his claim as untimely, to order the Settlement Administrator to "calculate his individual Recognized Loss from the DraftKings data in its possession so that the Court may consider the actual economic magnitude of his claim." *Id.* at 3.

## III. ARGUMENT

Mr. Spence's reconsideration motion should be denied in its entirety.

### A. The Settlement Administrator Must Comply with the Final July 27, 2026 Orders Notwithstanding Mr. Spence's Reconsideration Motion.

The Court's July 27, 2026 Orders stated that January 26, 2026 is the "final cut-off date after which no more claims will be accepted." ECF No. 136. It held that, if claims were allowed after this date, "there will be prejudice to the class and defendant." ECF No. 137. The Court explicitly ordered the Settlement Administrator to commence distribution to Authorized Claimants in accordance with the Distribution Plan. ECF No. 139.

Mr. Spence's reconsideration motion asks: that his late claim be accepted even though it was tendered after January 26, 2026; that the Settlement Administrator provide him information concerning his late claim even though the Settlement Administrator was ordered to finalize distribution without claims tendered after January 26, 2026; and that the value of his late claim be set aside and then be distributed to the Class if it is ultimately rejected on reconsideration, even though this would cause additional expense and delay to the Class.

To the extent Mr. Spence's reconsideration motion is interpreted as seeking a stay or modification of those Orders, the mere filing of the motion does not affect their "finality" or "suspend [their] operation." Fed. R. Civ. P. 60(c)(2); *Banister v. Davis*, 590 U.S. 504, 520 (2020). The "obligation to comply [with a court order] is not excused by the filing of [a] motion[] for reconsideration." *Creative Sols. Grp., Inc. v. Pentzer Corp.*, 199 F.R.D. 443, 444 (D. Mass. 2001). A Court's order "must be obeyed." *In re Lernout & Hauspie Sec. Litig.*, 219 F.R.D. 28, 30 (D. Mass. 2003) (citations omitted).

Here, the Court ordered the Settlement Administrator to distribute the Net Settlement Fund pursuant to the Court's July 27, 2026 Orders, which set a "final cut-off" of January 26, 2026 for all claims, and a Plan of Distribution in accordance with that cutoff. ECF No. 136-139. Mr. Spence's motion does not stay or alter the July 27, 2026 Orders. The Settlement Administrator is bound to, and will, comply with the Orders.

**B. Grounds for Reconsideration Have Not Been Presented.**

Motions for reconsideration "are not vehicles for pressing arguments which could have been asserted earlier." *Bricklayers*, 853 F. Supp. 2d at 196. Nor are they "an opportunity for a party to improve upon his arguments or try out new arguments." *Davis v. Lehane*, 89 F. Supp. 2d 142,

149 (D. Mass. 2000). Here, Mr. Spence makes arguments that could have been asserted earlier by his own acknowledgment.

Mr. Spence's original late claim motion was predicated on his argument that he did not actually receive or see the settlement notice that was emailed to him. ECF No. 140 at 1. On October 2, 2026, the Court found that Mr. Spence "was sent class notice to the email with which he communicated with counsel on both February 28, 2025 and again on March 29, 2025." ECF No. 142. The Court further found that Mr. Spence "did not file a claim before the July 21, 2025 deadline for doing so … or by the date of January 26, 2026, when the motion for distribution of net settlement fund was filed and now set by the Court as the final cutoff date for claims." *Id*. The Court considered the *Pioneer* factors for extending the deadline for Mr. Spence and determined that they "do not weigh in favor of allowing this claim now pursued more than 14 months after the original deadline." *Id*. Accordingly, the Court denied the motion. *Id*. The Court's reasoning was similar to its reasoning in its Orders denying other late claims on July 27, 2026. ECF No. 136.

Mr. Spence seeks the Court's reconsideration based on his estimate of the value of his late claim. ECF Nos. 143. The motion for reconsideration does not alter the factors to be considered for a late claim. Mr. Spence also acknowledges that he could have—and, as he admits himself, "should have" — raised this fact in his original late claim motion. ECF No. 143 at 1. Because Mr. Spence is "pressing arguments which could have been asserted earlier," reconsideration is improper. *Bricklayers,* 853 F. Supp. 2d at 196.To the extent he is trying to "improve upon his arguments," reconsideration is improper. *Davis*, 89 F. Supp. 2d at 149. Accordingly, there is no basis for reconsideration.

### C. Prejudice to the Class.

As required by the Court's July 27, 2026 Orders, Class Counsel and the Settlement Administrator are pressing forward with the distribution of the Net Settlement Fund in the coming days. Although Class Counsel and the Settlement Administrator briefly paused this process to give the Court an opportunity to hear Mr. Spence's claim for the first time, they cannot and will not pause it any longer for Mr. Spence or any other late claimant.

Redoing the Plan of Allocation and July 27, 2026 Orders, as Mr. Spence requests, would require recalculation of each Authorized Claimant's share of the Net Settlement Fund. Those calculations are complete and checks will be issued in the coming days. Public policy reasons exist to prevent parties from holding up class action settlement distributions. *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007). Indeed, on July 27, 2026, the Court stated that if claims after the cut-off were allowed, "there will be prejudice to the class and defendant." ECF No. 137. Accordingly, Mr. Spence's requested relief should be denied, and Class Counsel and the Settlement Administrator are operating in a manner consistent with Rule 60(c) and will distribute of the Net Settlement Fund as ordered by the Court on July 27, 2026.

## IV. CONCLUSION

For the foregoing reasons, Class Counsel and the Settlement Administrator are completing distribution of the Net Settlement Fund as required by the Court's July 27, 2026 Orders. Any pause to that process at this late juncture would cause prejudice to the Class. On behalf of the Class as a whole, Class Counsel respectfully requests that Mr. Spence's reconsideration motion be denied in its entirety.

Dated: October 12, 2026

Respectfully submitted,

**KIRBY McINERNEY LLP**
*/s/ Sarah E. Flohr*
Sarah E. Flohr (*pro hac vice*)
250 Park Avenue, Suite 820
New York, New York 10177
212.371.6600
sflohr@kmllp.com

Anthony F. Fata (*pro hac vice*)
Cormac H. Broeg (*pro hac vice*)
211 West Wacker Drive, Suite 550
Chicago, Illinois 60606
312.767.5180
afata@kmllp.com
cbroeg@kmllp.com

*Lead Counsel for Lead Plaintiff Dufoe*

**BERMAN TABACCO**
Patrick T. Egan (BBO #637477)
Justin N. Saif (BBO #660679)
1 Liberty Square
Boston, Massachusetts 02109
617.542.8300
pegan@bermantabacco.com
jsaif@bermantabacco.com

*Local Counsel for Lead Plaintiff Dufoe*

**HANNAFAN & HANNAFAN, LTD.**
Blake T. Hannafan (*pro hac vice*)
181 West Madison Street, Suite 4700
Chicago, Illinois 60602
312.527.0055
bth@hannafanlaw.com

*Additional Counsel for Lead Plaintiff Dufoe*

**G. DOWD LAW LLC**
George Dowd (*pro hac vice*)
181 West Madison Street, 47th Floor
Chicago, Illinois 60602
312.854.8300
george.dowd@gdowd.law

*Additional Counsel for Lead Plaintiff Dufoe*

**CERTIFICATE OF SERVICE**

I, Sarah E. Flohr, hereby certify that on October 12, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF, served upon Ryan A. Spence, by mail and email, and will be uploaded to the Settlement website.

Dated: October 12, 2026

*/s/ Sarah E. Flohr*
Sarah E. Flohr